# Exhibit E

H77HPALC

1  UNITED STATES DISTRICT COURT
   SOUTHERN DISTRICT OF NEW YORK
2  ------------------------------x

3  SARAH PALIN,

4              Plaintiff,

5          v.                          17 Civ. 4853 (JSR)

6

   THE NEW YORK TIMES COMPANY, a
7  NEW YORK corporation,

                                       Conference
8
             Defendant.
9
   ------------------------------x
10                                     New York, N.Y.
                                       July 7, 2017
11                                     11:09 p.m.

12 Before:

13                 HON. JED S. RAKOFF,

14                                     District Judge

15                 APPEARANCES

16 GOLENBOCK EISEMAN ASSOR BELL & PESKOE LLP
        Attorneys for Plaintiff
17 BY:  SHAWN PRESTON RICARDO

18      - and -

19 BAJO CUVA COHEN TURKEL
   BY:  KENNETH G. TURKEL
20      SHANE B. VOGT

21 LEVINE, SULLIVAN, KOCH & SCHULZ, LLP
        Attorneys for Defendant
22 BY:  DAVID A. SCHULZ
        JEREMY A. KUTNER

23

24

25

H77HPALC

1   view, the statement was so out of whack with the facts

2   reported, as they report in their own news story, that no one

3   could make that kind of mistake by accident, something like

4   that?

5           MR. TURKEL:  Yes, Judge, I think that's one way of

6   putting it.

7           THE COURT:  Well, the reason I'm asking, I want to get

8   what you're -- it sounds like it's not a question of amending

9   the complaint.  You don't have any additional facts of malice.

10  It's the facts that you've alleged in the complaint.  Do I have

11  that right?

12          MR. TURKEL:  Judge, yes, and I would say on top of

13  that we've alleged the elements of the tort comporting with the

14  cases that match up with those facts.  So in that sense it's

15  not -- I don't think what they're saying is we haven't alleged

16  elements or we're missing the allegation.  They're saying that

17  in toto, within the four corners, what we've alleged doesn't

18  give us a basis to survive a 12(b) motion.

19          THE COURT:  Yes, that's what they're saying.

20          All right.  So let me go back to defense counsel.

21  Since it doesn't sound like we'll have a problem with amending,

22  I would be willing to consider staying discovery if you can do

23  a lot better than two weeks.  I'm not going to -- as you

24  already articulated, you know what you're arguments are.

25  You've got the whole weekend.  I don't see why you need two