Exhibit A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

SARAH PALIN, an individual,

      Plaintiff,

  – against –

THE NEW YORK TIMES COMPANY,
a New York corporation,

      Defendant.

Case No.:17cv4853 (JSR)(DCF)

## PLAINTIFF, SARAH PALIN'S NOTICE OF SERVING SUBPOENAS TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

PLEASE TAKE NOTICE that Plaintiff, Sarah Palin, by counsel and pursuant to Rule 45

of the Federal Rules of Civil Procedure, hereby serves a copy of the attached Subpoenas Duces

Tecum to produce documents, information or objects, or permit inspection of premises to:

1.    James Bennet
      The New York Times Company
      620 Eighth Avenue
      New York, NY  10018

2.    Robert B. Semple, Jr.
      The New York Times Company
      620 Eighth Avenue
      New York, NY  10018

3.    Linda Cohn
      The New York Times Company
      620 Eighth Avenue
      New York, NY  10018

4.    Nick Fox
      The New York Times Company
      620 Eighth Avenue
      New York, NY  10018

{BC00126082:1}

5.  Vikas Bajaj
    The New York Times Company
    620 Eighth Avenue
    New York, NY  10018

6.  Francis X. Clines
    The New York Times Company
    620 Eighth Avenue
    New York, NY  10018

7.  Lawrence Downes
    The New York Times Company
    620 Eighth Avenue
    New York, NY  10018

8.  Carol Giacomo
    The New York Times Company
    620 Eighth Avenue
    New York, NY  10018

9.  Mira Kamdar
    The New York Times Company
    620 Eighth Avenue
    New York, NY  10018

10. Serge Schmemann
    The New York Times Company
    620 Eighth Avenue
    New York, NY  10018

11. Brent Staples
    The New York Times Company
    620 Eighth Avenue
    New York, NY  10018

12. Teresa Tritch
    The New York Times Company
    620 Eighth Avenue
    New York, NY  10018

13. Jesse Wegman
    The New York Times Company
    620 Eighth Avenue
    New York, NY  10018

14.  Elizabeth Williamson
     The New York Times Company
     620 Eighth Avenue
     New York, NY  10018


DATED:  July 14, 2017.

Kenneth G. Turkel (admitted *pro hac vice*)
Email:  kturkel@bajocuva.com
Shane B. Vogt (admitted *pro hac vice*)
Email:  svogt@bajocuva.com
BAJO | CUVA | COHEN | TURKEL
100 North Tampa Street, Suite 1900
Tampa, Florida 33602
Telephone:  (813) 443-2199
Facsimile: (813) 443-2193

S. Preston Ricardo
E-mail:  pricardo@golenbock.com
GOLENBOCK EISEMAN ASSOR BELL
& PESKOE LLP
711 Third Avenue
New York, NY  10017
Telephone:  (212) 907-7300
Facsimile: (212) 754-0330

*Attorneys for Plaintiff Sarah Palin*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 14th day of July, 2017, I caused the foregoing PLAINTIFF'S NOTICE OF SERVING SUBPOENAS TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN CIVIL ACTION to be served via e-mail and First Class Mail to the following counsel of record:

David A. Schulz
E-mail: dschulz@lskslaw.com
Jay Ward Brown
E-mail: jbrown@lskslaw.com
Levine Sullivan Koch & Schulz, LLP
321 W. 44th Street, Suite 1000
New York, NY 10036
*Attorneys for The New York Times Company*

Lee Levine
E-mail: llevine@lskslaw.com
Levine Sullivan Koch & Schulz, LLP
1899 L Street, NW, Suite 200
Washington, DC 20036
*Attorneys for The New York Times Company*

Thomas S. Leatherbury
E-mail: tleatherbury@velaw.com
Vinson & Elkins L.L.P.
2001 Ross Avenue, Suite 3700
Dallas, TX 75201-2975
*Attorneys for The New York Times Company*

_____
Attorney

{BC00126082:1}

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SARAH PALIN, an individual,<br><br>    Plaintiff,<br><br>– against –<br><br>THE NEW YORK TIMES COMPANY,<br>a New York corporation,<br><br>    Defendant. | Case No.:17cv4853 (JSR)(DCF) |

**PLAINTIFF, SARAH PALIN'S NOTICE OF SERVING SUBPOENAS
TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR
<u>TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION</u>**

PLEASE TAKE NOTICE that Plaintiff, Sarah Palin, by counsel and pursuant to Rule 45

of the Federal Rules of Civil Procedure, hereby serves a copy of the attached Subpoenas Duces

Tecum to produce documents, information or objects, or permit inspection of premises to:

1.   Charles M. Blow
     The New York Times Company
     620 Eighth Avenue
     New York, NY  10018

2.   Bret Stephens
     The New York Times Company
     620 Eighth Avenue
     New York, NY  10018

3.   Alexander Burns
     The New York Times Company
     620 Eighth Avenue
     New York, NY  10018

4.   Jo Becker
     The New York Times Company
     620 Eighth Avenue
     New York, NY  10018

5.   Serge F. Kovaleski
     The New York Times Company
     620 Eighth Avenue
     New York, NY  10018

6.   Michael Luo
     The New York Times Company
     620 Eighth Avenue
     New York, NY  10018

7.   Dan Barry
     The New York Times Company
     620 Eighth Avenue
     New York, NY  10018

8.   Liz Spayd
     The New York Times Company
     620 Eighth Avenue
     New York, NY  10018

9.   Ross Douthat
     The New York Times Company
     620 Eighth Avenue
     New York, NY  10018

DATED: July __, 2017.

_____
Kenneth G. Turkel (admitted *pro hac vice*)
Email:  kturkel@bajocuva.com
Shane B. Vogt (admitted *pro hac vice*)
Email:  svogt@bajocuva.com
BAJO | CUVA | COHEN | TURKEL
100 North Tampa Street, Suite 1900
Tampa, Florida 33602
Telephone:  (813) 443-2199
Facsimile: (813) 443-2193

S. Preston Ricardo
E-mail:  pricardo@golenbock.com
GOLENBOCK EISEMAN ASSOR BELL
& PESKOE LLP
711 Third Avenue
New York, NY  10017
Telephone:  (212) 907-7300
Facsimile: (212) 754-0330

*Attorneys for Plaintiff Sarah Palin*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this ____ day of July, 2017, I caused the foregoing PLAINTIFF'S NOTICE OF SERVING SUBPOENAS TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN CIVIL ACTION to be served via e-mail and First Class Mail to the following counsel of record:

David A. Schulz
E-mail: dschulz@lskslaw.com
Jay Ward Brown
E-mail: jbrown@lskslaw.com
Levine Sullivan Koch & Schulz, LLP
321 W. 44th Street, Suite 1000
New York, NY 10036
*Attorneys for The New York Times Company*

Lee Levine
E-mail: llevine@lskslaw.com
Levine Sullivan Koch & Schulz, LLP
1899 L Street, NW, Suite 200
Washington, DC 20036
*Attorneys for The New York Times Company*

Thomas S. Leatherbury
E-mail: tleatherbury@velaw.com
Vinson & Elkins L.L.P.
2001 Ross Avenue, Suite 3700
Dallas, TX 75201-2975
*Attorneys for The New York Times Company*

_____
Attorney

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of New York

| | |
|---|---|
| SARAH PALIN, an individual, | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No.  17CV4853 (JSR) |
| THE NEW YORK TIMES COMPANY, | ) |
| a New York corporation, | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:      JESSE WEGMAN, The New York Times Company, 620 Eighth Avenue, New York, NY  10018

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

See Attachment "A"

| Place: Golenbock Eiseman Assor Bell & Peskoe<br>711 Third Avenue (44th + 45th)<br>New York, NY  10017 | Date and Time:<br><br>08/11/2017 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    07/14/2017

|  CLERK OF COURT | OR | |
|---|---|---|
| _____ | | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
SARAH PALIN _____ , who issues or requests this subpoena, are:

Kenneth G. Turkel & Shane Vogt, Bajo | Cuva | Cohen | Turkel, 100 N. Tampa St., Suite 1900, Tampa, FL  33602
(813) 868-6650

### Notice to the person who issues or requests this subpoena
A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  17CV4853 (JSR)

# PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❐ I returned the subpoena unexecuted because: _____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____          _____
                                              *Server's signature*

                                   _____
                                              *Printed name and title*

                                   _____
                                              *Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## ATTACHMENT "A" TO SUBPOENA DUCES TECUM
## ISSUED TO JESSE WEGMAN

### INSTRUCTIONS

The following instructions apply to each and every document request ("Requests") set forth below:

1.      These Requests apply to all documents and things, including without limitation emails, internal messages and text messages, in your possession, custody or control, regardless of whether such documents or things are held by you or your agents, representatives, attorneys or any other person, and whether such documents are in hardcopy or electronic form, and regardless of where such documents or things are located.

2.      Where any copy of any document, the production of which is requested, is not identical to any other copy thereof, by reason of any alterations, marginal notes, comments, or material contained therein or attached thereto, or otherwise, all such non-identical copies shall be produced separately.

3.      All documents that respond, in whole or in part, to any of these Requests shall be produced in their entirety, without abbreviation or redaction, including all attachments and enclosures.

4.      These Requests call for the production of all responsive documents whether maintained in paper form or on magnetic recording tape, microfilm, computer data base, camera, hard drive, mobile device, or other storage means, including, but not limited to, emails, internal messages and text messages, and whether or not responsive emails, internal messages and text messages are located in personal email accounts or business email accounts.

5.      Electronically stored information ("ESI") should be produced in the following format:

{BC00126055:1}

Single Page TIFFs
Document level text files (text-searchable)
Native Files
.DAT with standard Concordance delimiters (should contain the path to native
files and text files)
.OPT image load file (should contain the page count and volume path)

Such ESI includes, but is not limited to, electronic mail and messages, documents created

with word processing software such as Microsoft Word, pictures, audio and video recordings,

and documents in Portable Document Format ("PDF").

6.      Documents should be produced as they are kept in the usual course of business or

organized and labeled to correspond with the categories in these Requests.   In producing

documents, all documents that are physically attached to each other when located for production

shall be left so attached.   Documents that are segregated or separated from other documents,

whether by inclusion of binders, files, subfiles, or by use of dividers, tabs or any other method,

shall be left so segregated or separated.

7.      If no documents exist that are responsive to a particular request, please so state in

writing.   In the event such file(s) or document(s) has (have) been removed for the purpose of this

action or for some other purpose, please state the name and address of the person who removed

the file, the title of the file and each sub-file, if any, maintained within the file, and the present

location of the file.

8.      If any document or any portion of any document requested herein is withheld

from production, describe the factual basis for withholding the document or portion thereof.

Assertions of privilege (including work product) must comply with and provide the information

required under Local Civil Rule 26.2(a) and (b) and such other information as may be required to

permit the Court to adjudicate the validity of your withholding the document.

{BC00126055:1}

9.     If a portion of an otherwise responsive document contains information subject to a claim of privilege, those portions of the document subject to the claim of privilege shall be deleted or redacted from the document, the deleted or redacted portions shall be clearly marked as such, and the rest of the document shall be produced.

10.     More than one particular request may call for production of the same document. The presence of such duplication is not to be interpreted to narrow or limit, in any manner, the normal interpretation placed on each individual request.

11.     The use of the singular form of any word shall be construed to include the plural and vice versa.

12.     As used herein the singular shall include the plural, the plural shall include the singular, and masculine, feminine and neuter shall include each of the other genders.

13.     When producing the documents, please keep all documents segregated by the file in which the documents are contained and indicate the name of the file in which the documents are contained and the names of the documents being produced.

14.     If any document responsive to this Subpoena is no longer in your possession, please indicate: when you last possessed, examined, or saw such documents; where you last possessed, examined, or saw such documents; where to the best of your knowledge, such documents are currently located; and if any such documents were destroyed, when, where, by whom, in what manner, and the reason for their destruction.

## **DEFINITIONS**

The following terms, whether plural or singular, shall have the meanings set forth below wherever used in the following list of documents to be produced:

A.     "COMMUNICATION" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

B.     "DOCUMENT" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A). A draft or non-identical copy is a separate document within the meaning of this term.

C.     "IDENTIFY" (with respect to persons).  When referring to a person, "to identify" means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

D.     "IDENTIFY" (with respect to documents). When referring to documents, "to identify" means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s). In the alternative, the responding party may produce the documents, together with identifying information sufficient to satisfy Fed. R. Civ. P. 33(d).

E.     "PARTIES." The terms "plaintiff" and "defendant" as well as a party's full or abbreviated name or a pronoun referring to a party mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries or affiliates. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

F.     "PERSON" is defined as any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

G.     "CONCERNING" means relating to, referring to, describing, evidencing or constituting.

H.     "PLAINTIFF" means plaintiff Sarah Palin.

I.     "THE TIMES" means defendant The New York Times Company and its attorneys, agents, staff, writers, editors, columnists, representatives, directors, officers, employees, and any other person acting or purporting to act on its behalf.

J.     The "ARTICLE" means the June 14, 2017 online version and the June 15, 2017 print version of the column "*America's Lethal Politics*."

K.     "LOUGHNER'S SHOOTING" means Jared Loughner's January 8, 2011 shooting at a political event in Tucson, Arizona, in which United States Congresswoman Gabrielle Giffords was wounded and six people were killed.

L.     FIRST CORRECTION means THE TIMES' June 15, 2017 correction to the ARTICLE, including all edits and revisions thereto and the following statement:

*Correction: June 15, 2017*

*An earlier version of this editorial incorrectly stated that a link existed between political incitement and the 2011 shooting of Representative Gabby Giffords. In fact, no such link was established.*

M.    "SECOND CORRECTION" means THE TIMES' June 16, 2017 correction to the ARTICLE, including all edits and revisions thereto and the following statement:

*Correction: June 16, 2017*

*An editorial on Thursday about the shooting of Representative Steve Scalise incorrectly stated that a link existed between political rhetoric and the 2011 shooting of Representative Gabby Giffords. In fact, no such link was established. The editorial also incorrectly described a map distributed by a political action committee before that shooting. It depicted electoral districts, not individual Democratic lawmakers, beneath stylized cross hairs.*

N.    EDITORIAL BOARD means the Editorial Board of THE TIMES as of June 14, 2017.

O.    PERSONAL DEVICES means any of your personal computers, tablets, smart phones e-mail accounts, storage devices, flash drives, hard drives, cloud-based storage, servers or similar electronic media.

--------------------------------------------------------------------------------------------------------------

## DOCUMENTS TO BE PRODUCED

1.    All of your COMMUNICATIONS from January 8, 2011 to the present CONCERNING Sarah Palin, including but not limited to those stored on any of your PERSONAL DEVICES.

2.    All of your Tweets, posts, blogs, comments or similar statements on any of your social media accounts, social media platforms and/or PERSONAL DEVICES, from January 8, 2011 to the present, CONCERNING Sarah Palin.

3.    All research, investigative materials, articles, stories, blogs, posts or similar DOCUMENTS you compiled or saved CONCERNING LOUGHNER'S SHOOTING.

4.    All of your DOCUMENTS and COMMUNICATIONS, including without limitation, text messages, internal messages, instant messages and e-mails on your PERSONAL DEVICES, CONCERNING any animosity, hatred, ill-will, mockery, intent to harm,

hostility, dislike, malice or similar negative feelings or sentiments expressed by you or anyone on the EDITORIAL BOARD or in THE TIMES' Editorial Department CONCERNING Sarah Palin or her political activities.

5.    All articles, stories, columns, posts, blogs, postings, comments or similar on-line or printed publications which you authored between January 8, 2011 and the present CONCERNING Sarah Palin.

6.    All articles, stories, columns, posts, blogs, postings, comments or similar on-line or printed publications you authored CONCERNING any link or connection between Sarah Palin and LOUGHNER'S SHOOTING.

7.    All articles, stories, columns, posts, blogs, postings, comments or similar on-line or printed publications which you authored CONCERNING any link or connection between a targeted map of electoral districts circulated by Sarah Palin's political action committee and LOUGHNER'S SHOOTING.

8.    All of your DOCUMENTS and COMMUNICATIONS, including without limitation, Tweets, social media posts, instant or text messages, blogs, comments or similar statements on any of your social media accounts, social media platforms and/or PERSONAL DEVICES, CONCERNING the ARTICLE, FIRST CORRECTION and SECOND CORRECTION.

9.    All of your DOCUMENTS and COMMUNICATIONS, including without limitation, Tweets, social media posts, instant or text messages, blogs, comments or similar statements on any of your social media accounts, social media platforms and/or PERSONAL DEVICES, CONCERNING any link between Sarah Palin and LOUGHNER'S SHOOTING.

10.   All of your DOCUMENTS and COMMUNICATIONS, including without limitation, Tweets, social media posts, instant or text messages, blogs, comments or similar statements on any of your social media accounts, social media platforms and/or PERSONAL DEVICES, CONCERNING any link between a map of targeted electoral districts circulated by Sarah Palin's political action committee and LOUGHNER'S SHOOTING.

11.   All drafts of the ARTICLE, and any part of it.

12.   All handwritten, typed or electronic revisions, comments, edits, or questions made on, to or about any draft of the ARTICLE.

13.   All DOCUMENTS and COMMUNICATIONS CONCERNING your knowledge of the truth of any facts set forth in the ARTICLE.

14.   All DOCUMENTS and COMMUNICATIONS CONCERNING whether, prior to the publication of the ARTICLE, you or any other member of the EDITORIAL BOARD or THE TIMES' Editorial Department or any of THE TIMES' editors had knowledge about

the existence of any link between "Sarah Palin's political action committee circulat[ing] a map of targeted electoral districts" and LOUGHNER'S SHOOTING.

15. All DOCUMENTS and COMMUNICATIONS in which you or any other member of the EDITORIAL BOARD discuss or acknowledge that the ARTICLE, or any part of it, is about, refers to or concerns Sarah Palin.

16. All DOCUMENTS and COMMUNICATIONS CONCERNING any efforts you or anyone else employed by THE TIMES made to fact-check the ARTICLE prior to publication.

17. All DOCUMENTS and COMMUNICATIONS CONCERNING your personal practices, policies and procedures for writing, fact-checking, editing and publishing articles or columns, which you were following as of June 14, 2017.

18. All DOCUMENTS and COMMUNICATIONS CONCERNING the decision to post and publish the ARTICLE.

19. All DOCUMENTS and COMMUNICATIONS in which any member of the EDITORIAL BOARD, THE TIMES' Editorial Department or editors expressed any disapproval of or concern over publishing the ARTICLE, or any part of it.

20. All DOCUMENTS and COMMUNICATIONS between you and any other person (excluding your personal attorney or THE TIMES' attorneys) CONCERNING this lawsuit.

21. All stories, columns, editorials, blogs and posts you edited, reviewed or fact-checked CONCERNING Sarah Palin, between January 8, 2011 and the present.

22. All stories, columns, editorials, blogs and posts you have edited, reviewed or fact-checked CONCERNING LOUGHNER'S SHOOTING.

23. All stories, columns, editorials, blogs and posts you have edited, reviewed or fact-checked CONCERNING any link between political rhetoric and LOUGHNER'S SHOOTING.

24. Any DOCUMENTS and COMMUNICATIONS which define the word "clear" as it is used in the phrase "the link to political incitement was clear" in the ARTICLE.

25. Any DOCUMENTS and COMMUNICATIONS which define the word "direct" as it is used in the phrase "there's no sign of incitement as direct as in the Giffords attack" in the ARTICLE.

26. All of your DOCUMENTS and COMMUNICATIONS CONCERNING the truth or falsity of any fact set forth in the ARTICLE.

# RECORDS CUSTODIAN CERTIFICATION
## OF BUSINESS RECORDS

RECORDS PROVIDER:

**JESSE WEGMAN**
**The New York Times Company**
**620 Eighth Avenue**
**New York, New York   10018**


Date: _____, 2017

TO:    BAJO | CUVA | COHEN |TURKEL
       ATTN:  KENNETH G. TURKEL AND SHANE B. VOGT
       100 N. Tampa Street, Suite 1900
       Tampa, FL  33602

      **RE:  BUSINESS RECORDS OF JESSE WEGMAN**

     I, _____, as custodian of the business records of the above named institution, hereby certify that the enclosed records regarding the above named person, consisting of _____ photocopied pages, are correct copies of the records maintained in a designated record set that were made at or near the time of the occurrence by a person with knowledge of the matters therein, and that the records were kept in the course of regularly conducted business activity and made as a regular practice in the course of the regularly conducted business activity.


                _____
                **Signature of Records Custodian**


                _____
                **Company**

{BC00126055:1}