IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
:
SARAH PALIN,                                    :    No. 17 Civ. 4853
              Plaintiff,              :
                                                :    Hon. Jed S. Rakoff
        -against-                              :
                                                :    ECF Case
THE NEW YORK TIMES COMPANY,                     :
                                                :
              Defendant.              :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

# DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE IN FURTHER SUPPORT OF ITS MOTION TO DISMISS THE COMPLAINT

Thomas S. Leatherbury
(admitted pro hac vice)
VINSON & ELKINS L.L.P.
Trammell Crow Center
2001 Ross Avenue, Suite 3700
Dallas, TX 75201-2975
Tel: (214) 220-7700
Fax: (214) 220-7716
tleatherbury@velaw.com

*Co-Counsel for Defendant*

David A. Schulz
Jay Ward Brown
LEVINE SULLIVAN KOCH & SCHULZ, LLP
321 West 44th Street, Suite 1000
New York, NY 10036
Phone: (212) 850-6100
Fax: (212) 850-6299
dschulz@lskslaw.com
jbrown@lskslaw.com

*Co-Counsel for Defendant*

## **TABLE OF AUTHORITIES**

**Cases**                                                                                                                              **Page(s)**

*Garrison v. Louisiana*,
    379 U.S. 64, 74-75 (1964) ..............................................................................................1

*Kendall v. Daily News Publ'g Co.*,
    716 F.3d 82, 90-91 (3d Cir. 2013) .................................................................................2

*Masson v. New Yorker Magazine, Inc.*,
    832 F. Supp. 1350, 1363 (N.D. Cal. 1993) ....................................................................1

*Newton v. NBC*,
    930 F.2d 662, 681 (9th Cir. 1990) .................................................................................1

Mrs. Palin's latest submission ("Palin 8/22/17 Mem.") is based on a false premise. The legal principle she seeks to side step – "that knowledge of 'probable falsity' cannot exist 'if the author did not intend the alleged defamatory meaning and was not aware it would be conveyed by his statement at the time of publication,'" Palin 8/22/17 Mem. at 1 (citation omitted), is *not* limited – as she contends it is – to cases in which the complaint purports to state a claim for "defamation by implication." Indeed, the court in *Masson v. New Yorker Magazine, Inc.*, 832 F. Supp. 1350 (N.D. Cal. 1993), *aff'd*, 85 F.3d 1394 (9th Cir. 1996), one of the cases on which The Times relies for the proposition that Mrs. Palin now challenges, rejected that precise contention in a case that did *not* involve a claim of defamation by implication:

> Plaintiff argues that even if the awareness of defamatory meaning is an element of defamation cases, it is limited to those cases which involve innuendo or indirect defamation. . . . The purpose of the awareness element is to ensure that liability is not imposed upon a defendant who acted without fault. This must hold true regardless of whether the defendant's statement is directly or indirectly libelous.

*Id.* at 1363 (citing *Newton v. NBC*, 930 F.2d 662, 681 (9th Cir. 1990)).

The relevant distinction is not, as Mrs. Palin would have it, between statements that are defamatory by implication, on the one hand, and all other allegedly defamatory statements on the other. Rather, it is between those statements that are reasonably capable of a single defamatory meaning (*e.g.*, "John Jones committed adultery") and those in which the challenged statement is "ambiguous" and therefore susceptible to more than one reasonable construction (*e.g.*, "John Jones left his wife and is living with another woman"). *Masson*, 832 F. Supp. at 1363. In the latter circumstance, the defendant cannot reasonably be held to have disseminated a "calculated falsehood" – *i.e.,* a statement about which it subjectively harbored "a high degree of awareness of . . . probable falsity," *Garrison v. Louisiana*, 379 U.S. 64, 74-75 (1964) – if it did not understand or intend the challenged statement to bear the false, defamatory meaning the plaintiff

1

attributes to it.  That principle is equally applicable, as a matter of law and logic, whether the statement is "ambiguous" because the defamation is implied or because it is reasonably capable of multiple meanings.[1]

In that regard, Mrs. Palin places considerably more weight on the use by the Third Circuit in *Kendall v. Daily News Publ'g Co.*, 716 F.3d 82 (3d Cir. 2013), of the term "ordinary defamation" than it can reasonably bear.  As Mrs. Palin concedes, albeit a concession buried in a footnote, "[o]rdinary defamation involves statements in which the alleged defamatory statement has *only* a defamatory meaning." *See* Palin 8/22/17 Mem. at 1 n.3 (emphasis in original) (citing *Kendall*).  As the court explained in *Kendall*, there is no separate awareness/intent requirement in such circumstances because there is no alternative construction of the challenged statement that the defendant might have reasonably intended.  716 F.3d at 90.

In this case, in contrast, the challenged statements are decidedly ambigious and reasonably capable of more than one meaning, only one of which is even arguably false and defamatory.  The meaning that Mr. Bennet in fact intended – *i.e.,* that the Arizona shooting took place in a climate of heated political rhetoric (what he termed "political incitement") in which there was a more "direct" connection to one of its victims (Rep. Giffords) than there was in the Virginia attack, is neither false nor defamatory.  *See* 8/16/17 Tr. at 15:8-13 ("I wasn't trying to say that any particular piece of political incitement causes a maniac like Jared Lee Loughner to take up arms and shoot at elected representatives.").  In such circumstances, where the challenged statement has both "defamatory and nondefamatory meanings," the plaintiff must plausibly allege the defendant's "intent to communicate the defamatory meaning." *Kendall*, 716 F.3d at 90-91.  As the Rule 43(c) hearing reinforced, Mrs. Palin has not, and cannot, do so.

---

[1] Accordingly, Mrs. Palin's contention that The Times has waived this argument because it has not characterized her claim as one for "defamation by implication" is also a red herring.

2

| | |
|---|---|
| Dated:  New York, New York<br>            August 23, 2017 | Respectfully submitted, |
| VINSON & ELKINS L.L.P.<br>Thomas S. Leatherbury<br>(admitted pro hac vice)<br>Trammell Crow Center<br>2001 Ross Avenue, Suite 3700<br>Dallas, TX 75201-2975<br>Tel: (214) 220-7700<br>Fax: (214) 220-7716<br>tleatherbury@velaw.com<br><br>*Co-Counsel for Defendant* | LEVINE SULLIVAN KOCH & SCHULZ, LLP<br>By:  */s/ Jay Ward Brown*<br>     David A. Schulz<br>     Jay Ward Brown<br>321 W. 44th Street, Suite 1000<br>New York, NY 10036<br>Tel: (212) 850-6100<br>Fax: (212) 850-6299<br>dschulz@lskslaw.com<br>jbrown@lskslaw.com<br><br>*Co-Counsel for Defendant* |

## CERTIFICATE OF SERVICE

I hereby certify that on this 23rd day of August, 2017, a true and correct copy of the foregoing **DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE IN FURTHER SUPPORT OF ITS MOTION TO DISMISS THE COMPLAINT** was filed with the Court through the electronic filing system, which will automatically serve electronic notice of the same on all counsel of record.

>   */s/ Jay Ward Brown*
>   Jay Ward Brown