UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SARAH PALIN, an individual,

                Plaintiff,

  – against –

THE NEW YORK TIMES COMPANY,
A New York corporation

             Defendants.

No. 17 Civ. 4853

Hon. Jed S. Rakoff

ECF Case

**PLAINTIFF'S REPLY IN SUPPORT OF
HER MOTION FOR RECONSIDERATION AND
TO ALTER OR AMEND THE JUDGMENT**

BAJO | CUVA | COHEN | TURKEL
100 North Tampa Street, Suite 1900
Tampa, Florida 33602
Telephone:  (813) 443-2199
Facsimile:  (813) 443-2193

and

GOLENBOCK EISEMAN ASSOR BELL
& PESKOE LLP
711 Third Avenue
New York, NY  10017
Telephone:  (212) 907-7300
Facsimile:  (212) 754-0330

*Attorneys for Plaintiff Sarah Palin*

## TABLE OF CONTENTS

TABLE OF AUTHORITIES .............................................................................................. ii

INTRODUCTION .......................................................................................................... 1

ARGUMENT ................................................................................................................. 2

I.      Mrs. Palin's Proposed Amended Complaint Plausibly Alleges Actual Malice. ................. 2

II.     Mrs. Palin's Motion For Reconsideration Does Not Seek To Relitigate Issues Already
        Considered And Decided By The Court. .......................................................... 7

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Anderson News, LLC v. Am. Media, Inc.*,
   680 F.3d 162 (2d Cir. 2012)................................................................7

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009)................................................................5

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007)................................................................5

*Braden v. Wal-Mart Stores, Inc.*,
   588 F.3d 585 (8th Cir. 2009)................................................................7, 10

*Cabello-Ronon v. Dow Jones & Co.*,
   No. 16-cv-334, 2017 WL 3531551 (S.D.N.Y. Aug. 16, 2017)................................5

*Combier v. New York*,
   No. 09-cv-5314, 2010 WL 3785130 (S.D.N.Y. Aug. 25, 2010)................................5

*Egiazaryan v. Zalmayev*,
   No. 11-cv-2670, 2011 WL 6097136 (S.D.N.Y. Dec. 7, 2011)................................5

*Flores v. Roe*,
   228 F. App'x 690 (9th Cir. 2007)................................................................6

*Gallop v. Cheney*,
   642 F.3d 364 (2d Cir. 2011)................................................................5

*Homeward Residential, Inc. v. Sand Canyon Corp.*,
   No. 12-cv-7319, 2017 WL 3614442 (S.D.N.Y. Aug. 22, 2017)................................6

*Hopper v. Banana Republic, LLC*,
   No. 07-cv-8526, 2008 WL 490613 (S.D.N.Y. Feb. 25 2008)................................5

*IMG Fragrance Brands, LLC v. Houblgant, Inc.*,
   759 F. Supp. 2d 363 (S.D.N.Y. 2010)................................................................4

*In re Aluminum Warehousing Antitrust Litig.*,
   95 F. Supp. 3d 419 (S.D.N.Y. 2015)................................................................7

*In re Health Management, Inc.*,
   970 F. Supp. 192 (E.D.N.Y. 1997)................................................................4

*Kendall v. Cuomo*,
   No. 12-cv-3438, 2013 WL 5425780 (S.D.N.Y. Sept. 26, 2013) ............................................ 5

*Markovic v. N.Y. City Sch. Constr. Auth.*,
   No. 99-cv-10339, 2000 WL 1290604 (S.D.N.Y. Sept. 13, 2000) ..................................... 3, 4

*Odom v. Microsoft Corp.*,
   486 F.3d 541 (9th Cir. 2007) ................................................................................................ 4

*Pasqualini v. MortgageIT, Inc.*,
   498 F. Supp. 2d 659 (S.D.N.Y. 2007)................................................................................... 3

*Phoenix Light SF Ltd. v. Bank of N.Y. Mellon*,
   No. 14-cv-10104, 2015 WL 5710645 (S.D.N.Y. Sept. 29, 2015) ......................................... 4

*Royal Park Investments SA/NV v. HSBC Bank USA, Nat. Ass'n.*,
   109 F. Supp. 3d 587 (S.D.N.Y 2015)................................................................................... 4

*RSM Prod. Corp. v. Fridman*,
   643 F. Supp. 2d 382 (S.D.N.Y. 2009)................................................................................... 5

*SEC v. Egan*,
   994 F. Supp. 2d 558 (S.D.N.Y. Jan. 31, 2014) ................................................................... 4

*Shay v. Walters*,
   702 F.3d 76 (1st Cir. 2012) ................................................................................................... 5

*Smith v. Stevens*,
   957 F. Supp. 2d 466 (S.D.N.Y. 2013)................................................................................... 9

*SPV OSUS Ltd. v. AIA LLC*,
   No. 15-cv-619, 2016 WL 3039192 (S.D.N.Y. May 26, 2016) ............................................. 9

*Strickland v. Owens Corning*,
   142 F.3d 353 (6th Cir. 1998) ............................................................................................... 6

*Tabaei v. N.Y. City Health & Hosps. Corp.*,
   No. 11-cv-2013, 2011 WL 6778500 (S.D.N.Y. Dec. 21, 2011) ........................................... 9

*United States v. Huels*,
   31 F.3d 476 (7th Cir. 1994) ................................................................................................. 6

*Vincent v. City Colls. of Chi.*,
   485 F.3d 919 (7th Cir. 2007) ............................................................................................... 4

*Wilson v. Ark. Dep't of Human Servs.*,
   850 F.3d 368 (8th Cir. 2017) ......................................................................................... 6, 10

*Yi Xiang v. Inovalon Holdings, Inc.*,
  No. 16-cv-4923, 2017 WL 2537819 (S.D.N.Y. May 23, 2017) ............................................ 4

## INTRODUCTION

"Plausible" means "superficially fair [or] reasonable."[1]   Fairly read, Mrs. Palin's Proposed Amended Complaint sets forth a "superficially fair" or "reasonable" case of actual malice to a defamation claim against *The New York Time*s.  That alone is the inquiry.

Reconsideration is entirely appropriate where, as here, the Court dismissed a case with prejudice without seeing what new facts a defamation plaintiff could allege in an amended complaint after the author of a defamatory article was revealed.  Twelve pages of legal briefing after an evidentiary hearing at the pleadings stage of a case is not a fair substitute the opportunity to file an amended complaint, particularly when that proposed pleading synthesizes the new facts that arose from identifying Mr. Bennet, seeing his substantial re-write of the editorial so that it defamed Mrs. Palin, and uncovering some of the reasons why and how he did that.  The new allegations Mrs. Palin makes are not based on conjecture, speculation, or a "wholly fanciful" version of events.  Instead, read as a whole in the light most favorable to Mrs. Palin, the Proposed Amended Complaint more than plausibly alleges subjective knowledge of the falsity of the editorial and/or reckless disregard of its falsity.

*The New York Times* disagrees with Mrs. Palin's factual allegations and proposes its own plausible explanation for (some) of Mrs. Palin's new allegations.  Not surprising.  But *The New York Times*' entire argument boils down to the notion that only its version of the facts can be accepted as true.  This is not the appropriate time for fact-finding, and *The New York Times*' invitation to do so should be rejected.  Even though *The New York Times* believes that Mr. Bennet's truncated testimony, untested by deposition or document discovery, conclusively demonstrates that he did not have subjective awareness of the falsity of the editorial, that is a

---

[1] Merriam-Webster Dict. (Oct. 16, 2017).

clear fact issue that is not ripe.  Surely, the dismissal of a viable defamation claim based on the self-interested testimony of a publisher before discovery cannot be what the Supreme Court had in mind when it decided *Iqbal* and *Twombly*.  Instead, we must put aside Mr. Bennet's explanations for his actions and his professed lack of memory and ask the only salient question: if the facts alleged by Mrs. Palin are all accepted as true, does she state a claim.  The answer is clearly yes.

## ARGUMENT

**I.    Mrs. Palin's Proposed Amended Complaint Plausibly Alleges Actual Malice.**

Notably, *The New York Times* does not even attempt to engage the ***actual***, new factual allegations in Mrs. Palin's Proposed Amended Complaint nor the case law she cites that confirms that those facts support a finding of actual malice.  This is telling.  *The New York Times* cannot refute that courts have repeatedly held that the exact types of facts in the Proposed Amended Complaint are sufficient evidence—both direct and circumstantial—to plead and prove actual malice.  (*See* Mot. 10-20)  For example the Proposed Amended Complaint alleges:

- Mr. Bennet had *actual knowledge* that his defamatory statements were false based on his work reviewing, editing, and approving articles debunking any connection between Mrs. Palin and the Loughner Shooting while he was Editor-in-Chief of *The Atlantic* **_and_** he in fact remembered those articles at the time he published his defamatory statements, including because of his close personal connection to the Loughner Shooting and the fact that *The Atlantic's* articles debunking the connection included a significant year-end article and an article written by his close friend Andrew Sullivan (PAC ¶¶ 5, 54-74, 152-58; Mot. 10-11);

- Mr. Bennet had a preconceived storyline for the defamatory article—to use Mrs. Palin's supposed incitement of the Loughner Shooting to advocate for gun control—and avoid information that contradicted it, including by consciously avoiding Mrs. Williamson's research debunking a connection (*id.* ¶¶ 5, 80-111, 157, 162-64; Mot. 12-13);

- Mr. Bennet was biased against and harbored ill-will toward Mrs. Palin because of her gun-rights views, including because his brother was threatened with gun violence, his deep connections to Democratic politics, and Mrs. Palin's endorsement of a challenger to his brother's Senate seat (*id.* ¶¶ 41-53, 166-68; Mot. 14-15);

- Mr. Bennet and *The New York Times* refused to retract the defamatory article and instead made only insufficient "corrections" that did not even mention Mrs. Palin—as part of an effort to quell unexpected public backlash to the article (*id.* ¶¶ 133-44; Mot. 15-16);

- Mr. Bennet and *The New York Times* did not adhere to their own journalistic policies in publishing the defamatory article (*id.* ¶¶ 36-40, 177-85; Mot. 17-18);

- Mr. Bennet and *The New York Times* conducted a grossly inadequate investigation  for the defamatory article despite a lack of time pressure to publish the defamatory article, as confirmed by the fact that *The New York Times* had already published extensively on the Hodgkinson shooting that prompted the article (*id.* ¶¶ 104, 169-71; Mot. 18-19); and

- The publication of numerous articles debunking any connection between Mrs. Palin and the Loughner Shooting led to widespread knowledge that Mrs. Palin did not incite that shooting such that Mr. Bennet's defamatory statements about her were inherently improbable (*id.* ¶¶ 65, 174-76; Mot. 20).

*The New York Times* would have this Court ignore these facts or weigh them and their reasonable inferences in its favor because *The New York Times* thinks they are "unreasonable" and should be discarded in favor of its own theory of the case.  That would turn the controlling pleading standards on their head.

Also contrary to established law, *The New York Times* argues that Mrs. Palin's Proposed Amended Complaint is insufficiently pleaded because it does not allege "particularized facts" that "***prove*** [actual malice] by clear and convincing evidence."  (Opp'n 12.)  That argument also turns the applicable pleading standards on their head.  This District has repeatedly rejected the argument that defamation claims must be pleaded with any particularity beyond the "short and plain statement" required by Federal Rule of Civil Procedure 8(a).  *See, e.g.*, *Markovic v. N.Y. City Sch. Constr. Auth.*, No. 99-cv-10339, 2000 WL 1290604, at *3 (S.D.N.Y. Sept. 13, 2000) ("[T]he particularity requirement of Fed. R. Civ. P. 9(b) [for fraud] does not apply.  In fact, defamation claims ... have *expressly* been found to be subject to Fed. R. Civ. P. 8(a) and not a more heightened standard of pleading." (emphasis in original)); *Pasqualini v. MortgageIT, Inc.*, 498 F. Supp. 2d 659, 671-72 (S.D.N.Y. 2007) (similar).

However, consistent with its effort to have this Court try the merits of this case on the initial pleadings, *The New York Times* incorrectly suggests that actual malice must be alleged "by clear and convincing evidence" (rather than simply plausibly), thereby ***conflating Mrs. Palin's ultimate burden of proof at trial with the plausibility pleading standard***—a mistake this District also has expressly recognized. *See, e.g.*, *Phoenix Light SF Ltd. v. Bank of N.Y. Mellon*, No. 14-cv-10104, 2015 WL 5710645, at \*4 (S.D.N.Y. Sept. 29, 2015). Without question, even where a heightened pleading requirement applies (which is not the case here), "states of mind may be alleged generally." *E.g.*, *Vincent v. City Colls. of Chi.*, 485 F.3d 919, 925 (7th Cir. 2007); *Odom v. Microsoft Corp.*, 486 F.3d 541, 554 (9th Cir. 2007); *see also, e.g.*, *IMG Fragrance Brands, LLC v. Houblgant, Inc.*, 759 F. Supp. 2d 363, 383 (S.D.N.Y. 2010).[2]

After pushing for a "clear and convincing" pleadings standard, *The New York Times* argues that under that standard not all of the allegations in a complaint must be accepted as true—an argument that relies on highly fact-specific decisions regarding allegations that defy common sense, are contradictory, are wholly conclusory without any supporting factual allegations but instead rely only on inference-stacked-upon-inference, or that have an "obvious alternative explanation;" before concluding without explanation that Mrs. Palin's "new allegations ...consist of an admixture of implausible, inherently speculative, contradictory, and/or

---

[2] Courts analyzing actual knowledge and recklessness allegations under the heightened (Rule 9(b)) pleading standard for fraud have found allegations comparable to Mrs. Palin's legally sufficient to survive dismissal. *Royal Park Investments SA/NV v. HSBC Bank USA, Nat'l Ass'n*, 109 F. Supp. 3d 587, 601-03 (S.D.N.Y 2015) (at pleadings phase, question is not whether defendant "in fact" had actual knowledge—"that is a factual determination left for trial.... Instead, the question ... is whether plaintiffs have pled plausible facts supporting allegations of actual knowledge.") (citations omitted); *In re Health Management, Inc.*, 970 F. Supp. 192, 203 (E.D.N.Y. 1997); *IMG Fragrance Brands*, 759 F. Supp. 2d at 385-86; *Phoenix Light SF Ltd.*, 2015 WL 5710645, at \*4; *Yi Xiang v. Inovalon Holdings, Inc.*, No. 16-cv-4923, 2017 WL 2537819, at \*5 (S.D.N.Y. May 23, 2017); *SEC v. Egan*, 994 F. Supp. 2d 558, 565 (S.D.N.Y. Jan. 31, 2014).

conclusory assertions." (Opp'n 12-18.) Ultimately, this conclusory argument fails because it lacks any meaningful factual analysis and rests on completely incomparable pleadings involving government conspiracies and patently fictionalized theories. For example:

- Decisions refusing to credit allegations in a complaint because they defy common sense have involved extreme allegations of conspiracy theories without any basis in reality. (Opp'n 14 (citing *Cabello-Ronon v. Dow Jones & Co.*, No. 16-cv-3346, 2017 WL 3531551, at *8 (S.D.N.Y. Aug. 16, 2017) (bare allegations of conspiracy "spanning several years ... two separate police departments, dozens of police officers, and numerous underage children"); *Gallop v. Cheney*, 642 F.3d 364, 369-70 (2d Cir. 2011) ("frivolous," "fanciful," "fantastic," "delusional" allegations of vast conspiracy among governmental officials));

- Decisions refusing to credit allegations in a complaint because they are contradicted by documents of which the court could take judicial notice or other express allegations in complaint. (Opp'n 14-15 (citing *Combier v. New York*, No. 09-cv-5314, 2010 WL 3785130, at *2 (S.D.N.Y. Aug. 25, 2010) (allegations regarding substance of phone call directly contradicted by recording of that phone call); *Hopper v. Banana Republic, LLC*, No. 07-cv-8526, 2008 WL 490613, at *2 (S.D.N.Y. Feb. 25 2008) (complaint alleged that defendant failed to investigate employee's background before hiring him but also alleged that defendant knew all details of that employee's background at the time of hiring); *Kendall v. Cuomo*, No. 12-cv-3438, 2013 WL 5425780, at *6 (S.D.N.Y. Sept. 26, 2013) (allegation that court order did not exist contradicted by actual existence of that order));

- Decisions refusing to credit allegations in a complaint because they are wholly conclusory and/or rely only on inference stacked upon inference because the complaint pleaded no supporting factual allegations whatsoever. (Opp'n 15 & n.6 (citing *Shay v. Walters*, 702 F.3d 76, 82 (1st Cir. 2012) ("While the plaintiff's complaint contains conclusory allegations about 'ill-will' and 'actual malice,' it contains ***no factual assertions*** that in any way lend plausibility to these conclusions."); *Egiazaryan v. Zalmayev*, No. 11-cv-2670, 2011 WL 6097136, at *8 (S.D.N.Y. Dec. 7, 2011) (complaint pleaded only "a legal conclusion ... and ... no facts plausibly supporting that conclusion"); *RSM Prod. Corp. v. Fridman*, 643 F. Supp. 2d 382, 413 (S.D.N.Y. 2009) ("The claim against [defendant] is based entirely on Plaintiffs' inference that Fridman and Blavatnik were acting as [defendant's] agents, but Plaintiffs have not alleged any facts from which an agency relationship can be inferred[.]")); and

- Decisions refusing to credit an allegation in a complaint because there was an "obvious alternative explanation" involve allegations of governmental actions explainable by legitimate policies or a private party's legitimate actions in its economic self-interest. (Opp'n 16-17 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (alleged conspiracy of telecommunications companies not to compete held not plausible where "obvious alternative explanation" was that each defendant simply "liked the world the way it was" and was "sitting tight, expecting [its] neighbors to do the same thing" out of economic self-interest); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (discrimination was

5

not plausible explanation for plaintiffs' arrests as suspected terrorists where "obvious alternative explanation" was that post-9/11 "legitimate policy directing law enforcement to arrest and detain individuals because of their suspected link to the attacks would produce a disparate, incidental impact on Arab Muslims, even though the policy's purpose was to target neither Arabs nor Muslims")).[3]

Mrs. Palin's factual allegations are incomparable to these decisions, and *The New York Times* certainly has not offered any reasons to conclude otherwise.

Finally, *The New York Times* urges that any inferences of actual malice based on the well-pleaded facts in Mrs. Palin's Proposed Amended Complaint are implausible because other inferences, inconsistent with actual malice, can be drawn from those facts.[4]   Even if *The New York Times* were correct in that slanted assessment, it invites yet another erroneous pleading standard.   As courts have recognized and common sense dictates, the mere fact that one may be able to "arrive[] at two entirely different inferences from the same fact, ... does not establish either inference as necessarily unreasonable."  *Flores v. Roe*, 228 F. App'x 690, 692 (9th Cir. 2007); *see also, e.g.*, *Strickland v. Owens Corning*, 142 F.3d 353, 357 (6th Cir. 1998); *United States v. Huels*, 31 F.3d 476, 478 (7th Cir. 1994).  As one court cogently observed, "[r]equiring a plaintiff to rule out every possible lawful explanation for the conduct he challenges ... would impose the sort of probability requirement at the pleading stage which *Iqbal* and *Twombly*

---

[3] Courts have emphasized that this "obvious alternative explanation" exception is very narrow. *Homeward Residential, Inc. v. Sand Canyon Corp.*, No. 12-cv-7319, 2017 WL 3614442, at *9 (S.D.N.Y. Aug. 22, 2017) ("[T]he existence of other, competing inferences does not prevent the plaintiff's desired inference from qualifying as reasonable unless at least one of those competing inferences rises to the level of an 'obvious alternative explanation.'"); *Wilson v. Ark. Dep't of Human Servs.*, 850 F.3d 368, 373 (8th Cir. 2017) ("Not every potential lawful explanation for the defendant's conduct renders the plaintiff's theory implausible. ... [A] defendant is not entitled to dismissal if the facts are merely consistent with lawful conduct." (citation omitted)).

[4] For example, *The New York Times* has repeatedly urged that the fact that it purportedly "corrected" the defamatory article shortly after it was published gives rise to the inference that it did not intentionally publish false statements about Mrs. Palin.   However, as pleaded in Mrs. Palin's Proposed Amended Complaint, the article gave rise to substantial, unexpected public backlash that could have plausibly prompted the half-hearted "correction" (which did not even mention "Mrs. Palin") to quell that backlash.  (PAC ¶ 12.)

6

explicitly reject." *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 597 (8th Cir. 2009).  Thus, the mere fact that *The New York Times* can posit potential inferences from Mrs. Palin's well-pleaded facts that differ from Mrs. Palin's inferences does not automatically render Mrs. Palin's inferences unreasonable or implausible.  *See, e.g.*, *In re Aluminum Warehousing Antitrust Litig.*, 95 F. Supp. 3d 419, 437 (S.D.N.Y. 2015).  At the pleadings phase, courts cannot choose one plausible alternative over another: "fact-specific question[s] cannot be resolved on the pleadings." *Anderson News, LLC v. Am. Media, Inc.*, 680 F.3d 162, 184 (2d Cir. 2012).

## II.   Mrs. Palin's Motion For Reconsideration Does Not Seek To Relitigate Issues Already Considered And Decided By The Court.

*The New York Times* contends that in light of the hearing held by the Court and the supplemental briefing relating to it, "all of the factual allegations that were—or reasonably could be—made in support of [Mrs. Palin's] contention that the challenged statements were published with actual malice have already been fully considered by the Court."  (Opp'n 8.)  More specifically, it contends that the testimony at that hearing "inform[ed] the Court of what inferences are reasonable or unreasonable" and that Mrs. Palin's "supplemental briefs [regarding the testimony during the hearing] afforded her a full and fair opportunity to identify for the Court facts plausibly establishing her claim prior to any decision that it should be dismissed with prejudice."  (Opp'n 3, 10.)  *The New York Times* is wrong about the scope of the Court's hearing.

That hearing and the twelve pages of post-hearing supplemental briefing Mrs. Palin was permitted did ***not*** give (and could not have given) Mrs. Palin an opportunity to present all of the new factual allegations that plausibly demonstrate that *The New York Times* published its defamatory statements with actual malice.  The hearing was convened to assess the plausibility of inferences arising from the facts pleaded in Mrs. Palin's original complaint.  The Court's order setting the hearing makes this clear:

> One close question presented by [*The New York Times*'] motion [to dismiss] is whether the Complaint contains sufficient allegations of actual malice, an essential element of the claim.  To a large extent, determination of that issue may turn on what inferences favorable to the plaintiff are reasonable given the circumstances alleged in the Complaint.

(Aug. 8, 2017 Order at 1 [Dkt. No. 35].[5])  The Court similarly emphasized during the hearing:

> the purpose of th[e] hearing was to give the Court an idea of what inferences reasonably can be drawn and what is a plausible allegation given this [original] Complaint.

(Aug. 16, 2017 Hr'g Tr. 77:20-23; *see also id.* at 76:2-6 ("[O]ne of the questions that I thought I needed to know the answer to in order to assess this complaint....").)  Consistent with the Court's stated purpose, Mrs. Palin's supplemental briefing focused on the plausibility of inferences that could be drawn from the factual allegations in her ***original*** Complaint.  Those briefs did not (and could not have, due to space limitations) set forth all of the new factual allegations Mrs. Palin could allege and has now proffered in her Proposed Amended Complaint.  (*See, e.g.*, Pl. Mem. of Law on Context, Inferences, & Plausibility at 3 [Dkt. No. 40] (citing Mrs. Palin's original Complaint and arguing that "Mrs. Palin's allegations plausibly establish actual malice").[6]

   In fact, that is why Mrs. Palin expressly requested an opportunity to amend her Complaint if the Court found her original actual malice allegations were insufficient.[7]  The Court declined her that opportunity; and although it may have had a general understanding of what it believed Mrs. Palin might allege, it could not possibly have considered all of the new factual allegations in her Proposed Amended Complaint.  The cases cited by *The New York Times* as

---

[5] Emphasis added unless otherwise indicated.

[6] Indeed, the Court noted during the hearing that "the question of whether you can amend or not is ... not before me."  (Aug. 16, 2017 Hr'g Tr. 77:15-19.)  And the Court confirmed in its Dismissal Order that it *only* considered inferences arising from the factual allegations in Mrs. Palin's original complaint, rejecting Mrs. Palin's assertions of additional facts as "***lawyer's arguments*** [that] do not substitute for the requisite factual showing."  (Dismissal Order at 22 [Dkt. No. 45].)

[7] *See* Pl.'s Mem. of Law on Context, Inferences & Plausibility at 4 & n.17.

supposedly confirming that Mrs. Palin is not entitled the opportunity to proffer a proposed Amended Complaint actually compel the opposite result.[8]

Additionally, *The New York Times*' contention that Mrs. Palin's "proposed Amended Complaint ... substantively tracks the same allegations made in the [original] Complaint and in Mrs. Palin's supplemental briefs" (Opp'n 7), grossly mischaracterizes the Proposed Amended Complaint.  Any fair comparison of the two documents confirms that the Proposed Amended Complaint contains ***many*** new factual allegations supporting the conclusion that *The New York Times **and*** Mr. Bennet published their defamatory article with actual malice.  Although *The New York Times* is correct that both of Mrs. Palin's complaints allege facts supporting some of the same ***categories*** of circumstantial evidence of actual malice—such as failure to actually retract the article, bias and ill-will,[9] and failure to comply with their own policies and procedures in publishing the article—the Proposed Amended Complaint makes far more ***factual allegations*** supporting those—and even new—categories of circumstantial evidence of actual malice.

Indeed, Mrs. Palin's Motion for Reconsideration highlights in eight separate bulleted lists the ***new factual allegations*** in her Proposed Amended Complaint that were not included in the original Complaint.  (*See* Mot. 10-20.)  Those factual allegations plausibly demonstrate that *The New York Times* and Mr. Bennet had actual knowledge that their defamatory statements about

---

[8] *See* Opp'n 10-11 (citing *SPV OSUS Ltd. v. AIA LLC*, No. 15-cv-619, 2016 WL 3039192, at *8 (S.D.N.Y. May 26, 2016) (unlike here, plaintiff was allowed to file a letter identifying what supplemental allegations it would include in an amended complaint if allowed to re-plead); *Smith v. Stevens*, 957 F. Supp. 2d 466, 470 (S.D.N.Y. 2013) (court dismissed complaint where prejudice only *after* allowing submission of additional factual allegations because additional proffered allegations did not provide plausible support for claim); *Tabaei v. N.Y. City Health & Hosps. Corp.*, No. 11-cv-2013, 2011 WL 6778500, at *4 (S.D.N.Y. Dec. 21, 2011) (same).

[9] Although *The New York Times* righteously asserts that allegations of its political bias are completely implausible, even publicly available sources reveal *The New York Times*' strong biases against Mrs. Palin's political positions.  *See, e.g.*, Project Veritas, "American Pravda, NYT Part I," https://www.youtube.com/watch?v=D5854-qAqkM (Oct. 10, 2017).

Mrs. Palin were false **and** support her contentions that there is significant circumstantial evidence of *The New York Times*' and Mr. Bennet's recklessness:  factual allegations supporting the conclusions that *The New York Times* and Mr. Bennet had a preconceived storyline for their defamatory article and consciously avoided information that would contradict or undermine it, that they were biased against Mrs. Palin and harbored ill-will toward her, that they disregarded their own journalistic policies and procedures in publishing the article, that they conducted a grossly inadequate investigation despite a lack of time pressure to publish, that they published their defamatory statements despite their inherent improbability.  (*See id.* (citing specific new allegations in Mrs. Palin's Proposed Amended Complaint).)   These allegations must be read as a whole, "not parsed piece by piece to determine whether each allegation, in isolation, is plausible." *Wilson v. Arkansas Dept. of Human Services*, 850 F.3d at 371-72 (quoting *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009).

*The New York Times*' claim that Mrs. Palin's Proposed Amended Complaint merely recites the same factual allegations as her original Complaint simply does not withstand scrutiny. The Court has not already considered entirety of the factual predicates for actual malice alleged in the Proposed Amended Complaint.

Dated: October 16, 2017

*/s/ Shane B. Vogt*
Kenneth G. Turkel (admitted *pro hac vice*)
Email:  kturkel@bajocuva.com
Shane B. Vogt (admitted *pro hac vice*)
Email:  svogt@bajocuva.com
BAJO | CUVA | COHEN | TURKEL
100 North Tampa Street, Suite 1900
Tampa, Florida 33602
Telephone:  (813) 443-2199
Facsimile:  (813) 443-2193

- and -

S. Preston Ricardo
E-mail:  pricardo@golenbock.com
GOLENBOCK EISEMAN ASSOR BELL
& PESKOE LLP
711 Third Avenue
New York, NY  10017
Telephone:  (212) 907-7300
Facsimile:  (212) 754-0330

*Attorneys for Plaintiff Sarah Palin*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing Plaintiff's Reply in Support of Her Motion for Reconsideration and to Alter or Amend the Judgment was filed electronically on the 16th day of October, 2017.  Notice of this filing will be sent by operation of the Court's electronic filing system to counsel of record for all parties as indicated on the electronic filing receipt.  Parties and their counsel may access this filing through the Court's system.

*/s/ Shane B. Vogt*
Attorney