```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- x
SARAH PALIN,                          :
                                      :
                    Plaintiff,        :      17-cv-4853(JSR)
                                      :
            -v-                       :      MEMORANDUM ORDER
                                      :
THE NEW YORK TIMES COMPANY,           :
                                      :
                    Defendant.        :
------------------------------------- x
```

JED S. RAKOFF, U.S.D.J.

On August 29, 2017, the Court dismissed with prejudice plaintiff Sarah Palin's complaint for one count of defamation, after having convened an evidentiary hearing to provide context for assessing the plausibility of the complaint's allegations and after having provided both parties with an opportunity to submit briefing on the facts developed during such hearing. Opinion and Order ("Op."), Dkt. No. 45. On September 25, 2017, plaintiff moved for reconsideration and to alter or amend the "with prejudice" aspect of the Court's dismissal, pursuant to Federal Rule of Civil Procedure 59(e) and S.D.N.Y. Local Rule 6.3. See Plaintiff's Memorandum of Law in Support of Motion for Reconsideration and to Alter or Amend the Judgment ("Pl. Mem."), Dkt. No. 52. Defendant The New York Times (the "Times") opposed the motion. See Defendant's Memorandum in Opposition to Plaintiff's Motion for Reconsideration and to Alter or Amend the Judgment ("Def. Mem."), Dkt. No. 59. Having carefully considered the parties' submissions, the Court hereby denies plaintiff's motion.

Familiarity with all prior proceedings in this matter is here assumed. "The standard for granting such a motion [for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked." Shrader v. CSX Transp., Inc., 70 F.3d 255, 256-257 (2d Cir. 1995); see also S.D.N.Y. Local Civ. R. 6.3 (requiring that a motion for reconsideration "set[] forth concisely the matters or controlling decisions which counsel believes the Court has overlooked"). Reconsideration "should not be granted where the moving party seeks solely to relitigate an issue already decided." Shrader, 70 F.3d at 257. Further, Local Rule 6.3 should be "strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the Court." Dellefave v. Access Temporaries, Inc., No. 99-6098, 2001 WL 286771, at *1 (S.D.N.Y. Mar. 22, 2001). Here, plaintiff's motion raises only matters that this Court already clearly considered in dismissing the complaint with prejudice.

Plaintiff does not identify any controlling decisions that the Court overlooked. Plaintiff suggests that the Court should not have dismissed the complaint with prejudice without first allowing her to file a proposed amended complaint. See Pl. Mem. at 3 (arguing that the futility exception to the Second Circuit's "liberal policy favoring leave to amend complaints . . . is properly considered after a plaintiff has an opportunity to proffer an amended complaint"). But plaintiff has not identified any case holding that a court must

2

permit a plaintiff to file a proposed amended complaint before denying leave to amend. Nor could she, since the "trial judge's discretion is broad," Local 802, Associated Musicians of Greater N.Y. v. Parker Meridien Hotel, 145 F.3d 85, 89 (2d Cir. 1998), and "[a] district court may properly deny a motion to amend when it finds that amendment would be futile," Patane v. Clark, 508 F.3d 106, 113 n.6 (2d Cir. 2007). Thus, for example, in one of the cases cited by plaintiff, the court denied leave to amend after permitting the plaintiff to file, not a proposed pleading, but a "letter identifying the supplemental allegations it would make . . . if it were granted leave to replead." SPV OSUS Ltd. v. AIA LLC, No. 15-619, 2016 WL 3039192, at *8 (S.D.N.Y. May 26, 2016).

Here, even though plaintiff's complaint suffered from serious facial defects, see Op. at 3, the Court, before ruling on the motion to dismiss plaintiff's complaint, effectively provided plaintiff with an unusual opportunity to develop and brief supplemental facts in support of her claim. Specifically, after plaintiff advised the Court at an initial status conference that she did not then possess "any additional facts of malice," transcript of July 7, 2017 hearing at 7:7-16, the Court, by convening an evidentiary hearing on plausibility, see Op. at 2, effectively provided plaintiff with pre-discovery evidence she would not otherwise be entitled to at that stage, and allowed plaintiff to provide a memorandum of law and reply memorandum explaining why, in her view, such facts, together with the

3

allegations of the original complaint, gave rise to a plausible inference of actual malice. Plaintiff therefore had more than sufficient opportunity to demonstrate that she could cure the defects of her original complaint. In effect, she has already had the proverbial second bite at the apple.

Indeed, plaintiff's instant motion is, as she concedes, based solely on allegations in the proposed amended complaint that are "grounded in evidence . . . that only became available to her through the very few limited documents and truncated testimony adduced through the Court's plausibility hearing." Pl.'s Mem. at 1-2; see also id. at 20. But in its Opinion dismissing the complaint with prejudice, the Court emphasized that it "evaluated the plausibility of the complaint in light of . . . background facts developed during the evidentiary hearing," Op. at 3, i.e., in light of the same documents and testimony that now serve as the foundation of plaintiff's motion for reconsideration. In so doing, the Court expressly considered all the testimony and exhibits submitted at the evidentiary hearing, taking all disputed facts most favorably to plaintiff. Id. Then, after thoroughly considering "all the various additions that plaintiff [] even remotely suggested" she might include in her amended complaint, the Court expressly concluded that any amendment would be futile. Id. at 25.

While this alone suffices to deny plaintiff's motion, the Court also concludes, independently, that the amended complaint that

4

plaintiff now proffers does not repair the fatal flaws that led to the dismissal of the original complaint. By far the large majority of the supposedly "new" allegations in plaintiff's proposed pleading are merely embellished versions of the same allegations that plaintiff previously made and that the Court found insufficient, viz.: allegations that Bennet knew the statements in the editorial were false because of articles published in the Atlantic while Bennet was editor-in chief and articles published by the Times that concluded there was no link between political rhetoric and Loughner's shooting; allegations that Bennet had a preconceived storyline and avoided contradictory information; allegations that Bennet acted from bias and ill will that stemmed from personal political opposition; allegations that the Times did not adequately retract the editorial; allegations that Bennet and/or the Times failed to adhere to the Times' own journalistic policies; and allegations that the supposedly defamatory statements were inherently improbable. These allegations (some of which were wholly conclusory) were all presented to the Court in plaintiff's briefing on the original motion to dismiss, and were all considered in the Court's Opinion dismissing the complaint. See Plaintiff's Memorandum of Law in Opposition to Defendant's Motion to Dismiss at 14-21, Dkt. No. 29; Plaintiff's Memorandum of Law on

Context, Inferences and Plausibility at 3-10, Dkt. No. 40; Op. at 18-25. Their mere repetition here has not given them any greater force.[1]

Plaintiff responds that the Court did not consider the supposed "synthesi[s]" of the "detail[s]" set forth in the proposed amended complaint. Pl. Mem. at 6; Plaintiff's Reply in Support of Her Motion For Reconsideration and To Alter or Amend the Judgment at 1, Dkt. No. 60. But these "details" and "synthesis" actually amount only to "recycled versions of claims which ha[ve] already fallen victim to a motion to dismiss," Bellikoff v. Eaton Vance Corp., 481 F.3d 110, 118 (2d Cir. 2007), and "legal conclusion[s] couched as . . . factual allegation[s]," Ashcroft v. Iqbal, 556 U.S. 662, 677-678 (2009), neither of which warrant reconsideration. Id.; see also Mercer v. Gupta, 712 F.3d 756, 758-759 (2d Cir. 2013) (on a motion to dismiss, a court "'accept[s] all factual allegations as true, but giv[es] no effect to legal conclusions couched as factual allegations.'"

---

[1] The proposed amended complaint does include a few news articles not previously put before the Court. E.g. Decl. of Shane B. Vogt, Ex. A Ex. 3, Dkt. No. 53 (April 29, 2017 article, "The NY Times promised to fact check their new climate denier columnist - they lied"); id. Ex. 4 (May 2017 article "The New York Times corrected Bret Stephen's climate column, but not nearly enough of it"); id. Ex. 5 (February 23, 2017 article, "'The Truth is Hard,' Says The New York Times' First-Ever Oscars Ad"). But these articles, which were available at the time plaintiff filed her complaint, are not an appropriate basis for reconsideration of the Court's dismissal with prejudice. See Priestley v. American Airlines, Inc., 89-8265, 1991 WL 64459, at *1 (S.D.N.Y. Apr. 12, 1991) ("[L]eave to amend may be denied where the moving party knows or should have known of the facts upon which the proposed amendment is based, but failed to include them in the original pleading.").

(quoting Starr v. Sony BMG Music Entm't, 592 F.3d 314, 321 (2d Cir. 2010))). Neither added "detail" nor artful "synthesis" is any substitute for substance, and on careful inspection, it is plain that the proposed complaint is simply an extended rehash of the same implausible accusations of actual malice that the Court previously considered and dismissed as insufficient.

Accordingly, for the foregoing reasons, plaintiff's motion for reconsideration is hereby denied. The Clerk of the Court is directed to close the case.

SO ORDERED.

Dated:   New York, NY
         October 23, 2017

                                         _____
                                         JED S. RAKOFF, U.S.D.J.