**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -   X
                                                                         :
SARAH PALIN,                                                             :       No. 17 Civ. 4853 (JSR)
                                         Plaintiff,                      :
                                                                         :
                                                                         :
                     -against-                                          :       ECF Case
                                                                         :
                                                                         :
THE NEW YORK TIMES COMPANY and                                          :       **ANSWER TO COMPLAINT**
JAMES BENNET,                                                            :
                                         Defendants.                     :
                                                                         :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -   X

Defendants The New York Times Company ("The Times") and James Bennet ("Bennet")

(together, "Defendants"), for and as their Answer to the First Amended Complaint filed by

Plaintiff Sarah Palin ("Plaintiff") (Dkt. 70), answer and allege as follows:

## NATURE OF THE ACTION

1.       Defendants admit that this purports to be an action for defamation, and

Defendants additionally admit that there are attached to the First Amended Complaint an Exhibit

1 and an Exhibit 2 and that these are copies of an editorial published by The Times on line and in

print on June 14 and June 15, 2017, respectively (together, the "Editorial"), and Defendants

respectfully refer the Court to those Exhibits, the contents of which speak for themselves.

Defendants deny the remaining allegations set forth in Paragraph 1.

2.       Defendants admit that Bennet was the primary author of the passages of the

Editorial at issue in this action, but deny that those passages, or any other part of the Editorial,

are defamatory of Plaintiff.  Defendants further admit that Bennet is an experienced journalist

who served as editor-in-chief of *The Atlantic* at the time the Loughner Shooting occurred. Defendants deny the remaining allegations set forth Paragraph 2.

3.      Denied.

4.      Defendants admit that the phrase "Bernie Sanders supporter and campaign volunteer virulently opposed to President Trump" appears in the Editorial.  Defendants deny the remaining allegations set forth in Paragraph 4.

5.      Denied.

6.      Denied.

7.      Denied.

8.      Denied.

9.      Denied.

10.      Denied.

11.      Denied.

12.      Denied.

13.      Denied.

## PARTIES, JURISDICTION AND VENUE

14.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 14, and on that basis deny them.

15.      Admitted.

16.      Admitted.

17.      Paragraph 17 asserts a legal conclusion to which no response is required. To the extent a response may be required, Defendants do not contest that this Court has personal jurisdiction over them.

18.     Paragraph 18 asserts a legal conclusion to which no response is required.  To the extent a response may be required, Defendants do not contest the jurisdiction of this Court.

19.     Paragraph 19 asserts a legal conclusion to which no response is required. To the extent a response may be required, Defendants do not contest venue in this Court.

## THE FACTS

20.     Admitted.

21.     Defendants admit that Plaintiff resigned as Governor of Alaska in July 2009. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 21, and on that basis deny them.

22.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 22, and on that basis deny them.

23.     Admitted

24.     Admitted.

25.     Admitted.

26.     Admitted.

27.     Defendants admit that The Times' digital advertising revenue rose approximately 19% in the first quarter of 2017.  Defendants deny the remaining allegations set forth Paragraph 27.

28.     Defendants admit that The Times and its Editorial department maintain Twitter and Facebook accounts and that these accounts are used to share links to articles of interest, including to the Editorial.  Defendants deny the remaining allegations set forth Paragraph 28.

29.     Denied.

30.     Defendants admit that Bennet hired Bret Stephens as a columnist and that an April 2017 column by Stephens on the subject of climate change faced some criticism by staff members of The Times.  Defendants additionally admit that the First Amended Complaint contains an Exhibit 3 and an Exhibit 4, and Defendants respectfully refer the Court to those exhibits, the contents of which speak for themselves.   Defendants deny the remaining allegations set forth in Paragraph 30.

31.     Defendants admit that, following the 2016 election, it published a letter to readers from The Times's publisher and executive editor saying that The Times was "aim[ing] to rededicate ourselves to the fundamental mission of Times journalism.  That is to report America and the world honestly, without fear or favor, striving always to understand and reflect all political perspectives and life experiences in the stories that we bring to you.  It is also to hold power to account, impartially and unflinchingly."  The Times further admits that it believes its duty is to "tell [its] readers the complete, unvarnished truth as best [it] can learn it."  To the extent Paragraph 31 is intended to allege or imply that The Times's reporting prior to the 2016 election was inaccurate or that it did not publish the complete, unvarnished truth to the best of its ability, Defendants deny such allegation or implication.

32.     Defendants admit that The Times conducted an advertising campaign in 2017 titled *The Truth is Hard*.  Defendants additionally admit that the First Amended Complaint contains an Exhibit 5 and an Exhibit 6, and Defendants respectfully refer the Court to those exhibits, the contents of which speak for themselves.   To the extent Paragraph 32 is intended to allege or imply that The Times was not previously dedicated to accuracy in its reporting, Defendants deny such allegation or implication.

33.     Defendants deny that there currently are 16 members of the Editorial Board but admit the remaining allegations set forth in Paragraph 33.

34.     Denied.

35.     Defendants deny that all editorials are edited by either a deputy editor or Bennet. To the extent Paragraph 35 is intended to allege or imply that editorials are always edited by a single person, Defendants deny such allegation or implication.  Defendants admit the remaining allegations set forth in Paragraph 35.

36.     Admitted.

37.     Admitted.

38.     Admitted.

39.     Defendants deny that Stephens was summarizing the policy of The Times or Bennet in the quoted passage.  Defendants admit the remaining allegations set forth in Paragraph 39.

40.     Defendants admit that Bennet is responsible for the content and accuracy of the editorials he personally authors.  Defendants deny the remaining allegations set forth in Paragraph 40.

41.     Admitted.

42.     Defendants admit that Bennet served as editor-in-chief of *The Atlantic* from 2006 to 2016, but Defendants deny the remaining allegations set forth in Paragraph 42.

43.     Admitted.

44.     Defendants admit that Bennet hired Bret Stephens and that Stephens' column regarding climate change was controversial.  Defendants deny the remaining allegations set forth in Paragraph 44.

45.     Defendants admit that Bennet's father, Douglas J. Bennet, Jr. served as the administrator for the United States Agency for International Development under President Carter and as Assistant Secretary of State for International Organization Affairs under President Clinton, that Bennet's grandfather Douglas Bennett was an economic adviser in the administration of President Franklin Delano Roosevelt, and that Bennet's brother Michael F. Bennet served as Counsel to the Deputy Attorney General in the Clinton Administration and was appointed a U.S. Senator for Colorado in 2009.  Defendants deny the remaining allegations set forth in Paragraph 45.

46.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 46, and on that basis deny them.

47.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 47, and on that basis deny them.

48.     Defendants admit that Bennet was aware of threats made against his brother. Defendants also admit that the First Amended Complaint contains an Exhibit 7, and respectfully refer the Court to that exhibit, the contents of which speak for themselves.  Defendants deny the remaining allegations set forth in Paragraph 48.

49.     Defendants deny that Bennet is an "outspoken advocate for gun control." Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 49, and on that basis deny them.

50.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 50, and on that basis deny them.

51.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 51, and on that basis deny them.

52.     Denied.

53.     Denied.

54.     Denied.

55.     Defendants admit that Bennet hired Andrew Sullivan to write for The Atlantic and that they are friends.  Defendants deny the remaining allegations set forth in Paragraph 55.

56.     Denied.

57.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 57, and on that basis deny them.

58.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 58, and on that basis deny them.

59.     Denied.

60.     Denied.

61.     Defendants deny that the article "What We Know About Jared Lee Loughner" was published in *The Atlantic*.  Defendants admit that the First Amended Complaint contains an Exhibit 8, and respectfully refer the Court to that exhibit, the contents of which speak for themselves.

62.     Defendants deny that Bennet or *The Atlantic* were "keeping tabs on what other media outlets, including The Times, were reporting about the Loughner Shooting."  Defendants admit that the First Amended Complaint contains an Exhibit 9, and respectfully refer the Court to that exhibit, the contents of which speak for themselves.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 62, and on that basis deny them.

63.     Defendants deny that the article "The More We Know" was published in *The Atlantic*.  Defendants admit that the First Amended Complaint contains an Exhibit 10, and respectfully refer the Court to to that exhibit, the contents of which speak for themselves.

64.     Defendants deny that the article "The More We Know" was published in *The Atlantic*.  Defendants admit that the First Amended Complaint contains an Exhibit 11 and an Exhibit 12, and respectfully refer the Court to those exhibits, the contents of which speak for themselves.

65.     Denied.

66.     Defendants deny that the column "Caldwell's Unfairness" was published in *The Atlantic*.  Defendants admit that the First Amended Complaint contains an Exhibit 13, and respectfully refer the Court to that exhibit, the contents of which speak for themselves.

67.     Denied.

68.     Defendants deny that the article "Ten Days That Defined 2011" was published in *The Atlantic* or under "Bennet's supervision, approval and stewardship."  Defendants admit that the First Amended Complaint contains an Exhibit 14, and respectfully refer the Court to that exhibit, the contents of which speak for themselves.

69.     Denied.

70.     Denied.

71.     Denied.

72.     Denied.

73.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 73, and on that basis deny them.

74.     Denied.

75.     Denied.

76.     Defendants admit that The Times published a column by Charles Blow titled "She Who Must Not Be Named" on December 3, 2010, but deny that this represents the view of The Times or Bennet.  Defendants further admit that the First Amended Complaint contains an Exhibit 15, and respectfully refer the Court to that exhibit, the contents of which speak for themselves.

77.     Denied.

78.     Denied.

79.     Denied.

80.     Admitted.

81.     Defendants deny that communications were "exchanged and discussions had about the truth of any claim that former Gov. Palin incited Loughner's Shooting."  Defendants admit the remaining allegations set forth in Paragraph 81.

82.     Defendants admit that Bennet asked Williamson to draft the editorial and that he asked her to look at editorials published by The Times in the wake of the Loughner Shooting because he assumed the board "had talked about the political climate" and "wanted to harmonize whatever [it was saying now] with the position the board had taken."  Defendants deny the remaining allegations set forth in Paragraph 82.

83.     Admitted.

84.     Denied.

85.     Denied.

86.     Denied.

87.     Denied.

88.     Admitted.

89.     Admitted.

90.     Admitted

91.     Admitted.

92.     Denied.

93.     Denied.

94.     Defendants admit that the First Amended Complaint contains an Exhibit 17, and respectfully refer to the Court to that exhibit, the contents of which speak for themselves.

95.     Defendants admit that the word "circulated" in the draft was a hyperlink to the ABC Article.  Defendants additionally admit that the First Amended Complaint contains an Exhibit 18, and respectfully refer the Court to that exhibit, the contents of which speak for themselves.

96.     Denied.

97.     Defendants admit that the First Amended Complaint contains an Exhibit 17, and respectfully refer the Court to that exhibit, the contents of which speak for themselves. Defendants deny the allegations of Paragraph 97 interpreting the use of the word "pretense" in the cited passage.

98.     Denied.

99.     Denied.

100.    Denied.

101.    Admitted.

102.    Defendants deny that the editorial was not time-sensitive.  Defendants admit the remaining allegations set forth in Paragraph 102.

103.    Defendants admit that Bennett decided to substantially re-write the editorial himself.  Defendants deny the remaining allegations set forth in Paragraph 103.

104.    Denied.

105.    Denied.

106.    Denied.

107.    Defendants admit that the First Amended Complaint contains an Exhibit 19, and respectfully refer the Court to that exhibit, the contents of which speak for themselves. Defendants deny the remaining allegations set forth in Paragraph 107.

108.    Admitted.

109.    Denied.

110.    Denied

111.    Denied.

112.    Defendants admit that the Editorial was published on June 14, 2017 and that a link to the Editorial was circulated on Twitter.  Defendants further admit that the First Amended Complaint contains an Exhibit 20 and respectfully refer the Court to that exhibit, the contents of which speak for themselves.   Defendants deny the remaining allegations set forth in Paragraph 112.

113.    Admitted.

114.    Denied.

115.    Denied.

116.    Denied.

117.    Defendants admit that the quoted passage appears in the Editorial, except that the word "for" that appears in the last sentence of the quotation as set forth in Paragraph 117 does not appear in the Editorial.  Defendants deny the remaining allegations set forth Paragraph 117.

118.    Denied.

119.    Denied.

120.    The Times admits that it generates revenue from various forms of advertising. Defendants admit that the First Amended Complaint contains an Exhibit 21 and respectfully refer the Court to that exhibit, the contents of which speak for themselves.

121.    Denied.

122.    Denied.

123.    Defendants admit that The Times published an article titled "Shooting Is Latest Eruption in a Grim Ritual of Rage and Blame" and that the First Amended Complaint contains an Exhibit 22, but Defendants respectfully refer the Court to that exhibit, the contents of which speak for themselves.

124.    Defendants admit that The Times published a column by Stephens titled "The Indigenous American Berserk Strikes Again" and that the First Amended Complaint contains an Exhibit 23, but Defendants respectfully refer the Court to that exhibit, the contents of which speak for themselves.  Defendants deny the remaining allegations set forth in Paragraph 124.

125.    Defendants admit that The Times published a column by Blow titled "Rhetoric and Bullets" and that the First Amended Complaint contains an Exhibit 24, but Defendants respectfully refer the Court to that exhibit, the contents of which speak for themselves. Defendants deny the remaining allegations set forth in Paragraph 125.

126.    Defendants admit that The Times published a column by Blow titled "The Tucson Witch Hunt" and that the First Amended Complaint contains an Exhibit 25, but Defendants respectfully refer the Court to that exhibit, the contents of which speak for themselves. Defendants deny the remaining allegations set forth in Paragraph 126.

127.    Defendants admit that The Times published an article on January 15, 2011 titled "Looking Behind the Mug-Shot Grin" and that that article contained the quoted language, except that the word "slammed" that appears in the last paragraph of the quotation as set forth in Paragraph 127 does not appear in the article; the word in the article is "shunned."  Defendants admit that the First Amended Complaint contains an Exhibit 12 and respectfully refer the Court to that exhibit, the contents of which speak for themselves.  Defendants deny the remaining allegations set forth in Paragraph 127.

128.    Denied.

129.    Denied.

130.    Denied.

131.    Defendants admit that some of its readers and others criticized the Editorial. Defendants deny that the Editorial stated that Plaintiff incited Loughner to commit murder.

132.    Defendants admit that Bennett was surprised by the criticism of the Editorial because he did not understand at the time of publication that the Editorial would be understood by some as an assertion that former Gov. Palin personally incited Loughner's attack on Giffords. Defendants deny the remaining allegations set forth in Paragraph 132.

133.    Denied.

134.    Defendants admit that the Editorial was edited and that The Times published corrections to it.  Defendants deny the remaining allegations set forth in Paragraph 134.

135.     Defendants admit that the first edit deleted the phrase "the link to political incitement was clear" and added the words "But no connection to that crime was ever established."  Defendants also admit that the phrase "[t]hough there's no sign of incitement as direct as in the Giffords attack" was not removed at that time.  Defendants deny the remaining allegations set forth in Paragraph 135.

136.     Defendants admit that a second edit deleted the phrase "[t]hough there's no sign of incitement as direct as in the Giffords attack" and added a correction, quoted in the First Amended Complaint.  Defendants deny the remaining allegations set forth in Paragraph 136.

137.     Defendants admit that the first correction did not mention Plaintiff.  Defendants deny the remaining allegations set forth in Paragraph 137.

138.     Denied.

139.     Defendants admit that The Times published a second correction, quoted in the First Amended Complaint.  Defendants deny the remaining allegations set forth in Paragraph 139.

140.     Denied.

141.     Denied.

142.     Defendants admit that the NYT Opinion twitter account tweeted "We're sorry about this and we appreciate that our readers called us on the mistake." Defendants deny the remaining allegations set forth in Paragraph 142.

143.     Denied.

144.     Denied.

145.     Denied.

146.     Denied.

147.    Defendants admit that the first and second corrections were printed in the print edition of The Times on June 16, 2017.  Defendants deny the remaining allegations set forth in Paragraph 147.

148.    Defendants admit that the quoted statement was provided to CNN.  Defendants deny the remaining allegations set forth in Paragraph 148.

149.    Denied.

150.    Defendants admit that the First Amended Complaint contains an Exhibit 26, and respectfully refer the Court to that exhibit, the contents of which speak for themselves. Defendants deny the remaining allegations set forth in Paragraph 150.

151.    Denied.

152.    Denied.

153.    Denied.

154.    Denied.

155.    Denied.

156.    Denied.

157.    Denied.

158.    Denied.

159.    Denied.

160.    Denied.

161.    Denied.

162.    Denied.

163.    Denied.

164.    Denied.

165.    Denied.

166.    Denied.

167.    Denied.

168.    Denied.

169.    Denied.

170.    Denied.

171.    Denied

172.    Denied.

173.    Denied.

174.    Denied.

175.    Denied.

176.    Denied.

177.    Denied.

178.    Defendants admit that Bennet is responsible for the content and accuracy of editorial he writes and that Bennet has said that his department at The Times adheres to the same standards for fairness and accuracy as the news department at The Times.  Defendants deny the remaining allegations set forth in Paragraph 178.

179.    Denied.

180.    Defendants admit that the First Amended Complaint contains an Exhibit 27, and respectfully refer the Court to that exhibit, the contents of which speak for themselves.

181.    Defendants admit that The Times's Standards and Ethics policy is posted on line. Defendants admit that the First Amended Complaint contains an Exhibit 28, and respectfully

refer the Court to that exhibit, the contents of which speak for themselves.  Defendants deny the remaining allegations set forth in Paragraph 181.

182.     Defendants admit that the Society of Professional Journalists' Code of Ethics is posted on The Times's website.  Defendants admit that the First Amended Complaint contains an Exhibit 29, and respectfully refer the Court to that exhibit, the contents of which speak for themselves.  Defendants deny the remaining allegations set forth in Paragraph 182.

183.     Denied.

184.     Denied.

185.     Denied.

186.     Denied.

187.     Denied.

188.     Denied.

189.     Denied.

190.     Denied.

191.     Denied.

192.     Denied.

193.     Denied.

194.     Denied.

195.     Defendants admit that links to the Editorial were sent out through its social media accounts.  Defendants deny the remaining allegations set forth in Paragraph 195.

196.     Denied.

197.     Denied.

198.    Defendants admit that ethical journalists treat news subjects as human beings deserving of respect.  The Defendants deny the remaining allegations set forth in Paragraph 198.

199.    Defendants admit that Plaintiff is a human being.  Defendants deny the remaining allegations set forth in Paragraph 199.

200.    Denied.

201.    Denied.

202.    Denied.

203.    Denied.

204.    Denied.

205.    Denied.

**Cause of Action**
**(Defamation)**

206.    Defendants incorporate their responses to the allegations in Paragraphs 1 through 205 above as if set forth fully herein.

207.    Denied.

208.    Denied.

209.    Denied.

210.    Denied.

211.    Denied.

212.    Denied.

213.    Denied.

214.    Denied.

215.    Denied.

216.    Denied.

217.   Denied.

218.   Denied.

219.   Denied.

220.   Denied.

221.   Denied.

## **PRAYER FOR RELIEF**

Defendants deny that Plaintiff is entitled to any of the relief claimed in this unnumbered paragraph of her First Amended Complaint.

## **GENERAL DENIAL**

Each numbered paragraph in this Answer responds to the identically numbered paragraph in the First Amended Complaint.  Defendants deny all allegations, declarations, claims or assertions in the First Amended Complaint that are not specifically admitted in this Answer.

## **DEFENSES**

By alleging the separate and additional defenses set forth below, Defendants are not in any way agreeing or conceding that they have the burden of proof or the burden of persuasion on any of these issues.

## **FIRST DEFENSE**

The First Amended Complaint fails to state a claim upon which relief may be granted.

## **SECOND DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the First and Fourteenth Amendments to the Constitution of the United States, Article I, Section 8 to the New York State Constitution, and/or Article I, Section 5 of the Alaska State Constitution.

## THIRD DEFENSE

Any allegedly defamatory statement of and concerning Plaintiff is true or substantially true, and Plaintiff cannot carry her burden of proving that they are materially false.

## FOURTH DEFENSE

Some or all of the statements at issue are not reasonably capable of the defamatory meaning attributed to them by Plaintiff.

## FIFTH DEFENSE

Some or all of the statements at issue are not "of and concerning" the Plaintiff.

## SIXTH DEFENSE

Some or all of the statements at issue are not actionable because they constitute statements of opinion, or statements of opinion based on disclosed facts.

## SEVENTH DEFENSE

At all relevant times, Plaintiff was a public figure for purposes of the law of defamation as relevant to her claims in this action.

## EIGHTH DEFENSE

Defendants acted without malice, in both the constitutional sense and the common law sense, and without the requisite scienter, in both the constitutional sense and the common law sense, in all of their conduct relating to the statements at issue.

## NINTH DEFENSE

Defendants acted without fault, as required by the United States Constitution, in all of their conduct relating to the statements at issue.

## TENTH DEFENSE

The statements in question all related to matters of substantial public interest and legitimate public concern.

## ELEVENTH DEFENSE

Defendants did not proximately cause any injury that Plaintiff allegedly suffered.

## TWELFTH DEFENSE

Plaintiff's alleged damages, if any, are the result of her own conduct or the conduct of others beyond Defendants' control and for whom Defendants are not legally responsible.

## THIRTEENTH DEFENSE

Plaintiff has failed to mitigate her damages as required by law.

## FOURTEENTH DEFENSE

By reason of the First and Fourteenth Amendments to the Constitution of the United States, Defendants are immune from liability for punitive or exemplary damages under the circumstances alleged in the First Amended Complaint.

## FIFTEENTH DEFENSE

By reason of the First and Fourteenth Amendments to the Constitution of the United States, the common law, and the law of the states of New York and Alaska, Plaintiff may not recover disgorgement damages.

## SIXTEENTH DEFENSE

Plaintiff is barred from recovery, in whole or in part, by the doctrine of incremental harm.

## ADDITIONAL DEFENSES

Defendants hereby give notice that, due to their incomplete knowledge as to the matters set forth in the First Amended Complaint, they are unable to determine whether they have additional defenses not expressly enumerated in the preceding paragraphs or elsewhere in this Answer.  Defendants thus reserve their right to amend their Answer, to assert additional defenses and to rely upon those additional defenses to the extent they become available or apparent during discovery or further proceedings in this action.

## JURY DEMAND

Defendants demand a trial by jury of all issues triable by jury.

**WHEREFORE**, Defendants respectfully request that:

    a.      Plaintiff's First Amended Complaint be dismissed in its entirety with prejudice;

    b.      Defendants be awarded their costs, including reasonable attorneys' fees; and

    c.      Such other relief as the Court deems just and proper.

Dated:  January 2, 2020
     New York, New York                   Respectfully submitted,

                                      **BALLARD SPAHR LLP**

                                    */s/ Jay Ward Brown*
                                    Jay Ward Brown
                                    Thomas B. Sullivan
                                    1675 Broadway, 19th Floor
                                    New York, NY 10019
                                    Telephone:  (212) 223-0200
                                    Facsimile:  (212) 223-1942
                                    brownjay@ballardspahr.com
                                    sullivant@ballardspahr.com
                                    *Counsel for Defendants*