UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -   X
                                                                           :
                                                                           :
SARAH PALIN                                                                :   No. 17 Civ. 4853 (JSR)
                                                                           :
                Plaintiff,                                                 :
                                                                           :   ECF Case
                                                                           :
        -against-                                                          :
                                                                           :
                                                                           :
THE NEW YORK TIMES COMPANY and JAMES                                       :
BENNET,                                                                    :
                                                                           :
                Defendants.                                                :
                                                                           :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -   X

### DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF
### THEIR MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS

Jay Ward Brown
Thomas B. Sullivan
BALLARD SPAHR LLP
1675 Broadway, 19th Floor
New York, NY 10019-5820
Phone: (212) 223-0200
Fax: (212) 223-1942
brownjay@ballardspahr.com
sullivant@ballardspahr.com

*Counsel for Defendants*

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................. ii

UPDATED FACTUAL BACKGROUND ........................................................................... 1

ARGUMENT ....................................................................................................................... 2

I.  AS PREVIOUSLY DEMONSTRATED BY THE TIMES, MRS. PALIN MAY NOT SEEK DISGORGEMENT DAMAGES ON A CLAIM FOR DEFAMATION ........................................................................................... 3

II. DEVELOPMENTS SUBSEQUENT TO THE ORIGINAL MOTION ON THIS ISSUE FURTHER DEMONSTRATE THAT MRS. PALIN MAY NOT SEEK DISGORGEMENT DAMAGES ............................................... 7

CONCLUSION .................................................................................................................... 8

# **TABLE OF AUTHORITIES**

**Cases** Page(s)

*Alharbi v. TheBlaze, Inc.*,
   199 F. Supp. 3d 334 (D. Mass. 2016) ................................................................................5

*Bailey v. Pataki*,
   Nos. 08 Civ. 8563 (JSR) *et al.*, 2010 U.S. Dist. LEXIS 3690 (S.D.N.Y. Jan.
   18, 2010) .........................................................................................................................2, 3

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) ............................................................................................................3

*City of Fairbanks v. Rice*,
   20 P.3d 1097 (Alaska 2000) ................................................................................................4

*Cortes v. City of N.Y.*,
   700 F. Supp. 2d 474 (S.D.N.Y. 2010) .................................................................................3

*Dolmetta v. Uintah Nat'l Corp.*,
   712 F.2d 15 (2d Cir. 1983) ..................................................................................................3

*Gertz v. Robert Welch, Inc.*,
   418 U.S. 333 (1974) ........................................................................................................5, 6

*Harp v. Glock*,
   No. 18-C-1039, 2019 U.S. Dist. LEXIS 71149 (E.D. Wis. Apr. 25, 2019) ....................7, 8

*Hart v. E.P. Dutton & Co.*,
   197 Misc. 274 (Sup. Ct. Oneida Cnty. 1949) ......................................................................5

*Juster Assocs. v. Rutland*,
   901 F.2d 266 (2d Cir. 1990) ................................................................................................3

*Knaebel v. Heiner*,
   663 P.2d 551 (Alaska 1983) ................................................................................................5

*Lan Sang v. Ming Hai*,
   951 F. Supp. 2d 504 (S.D.N.Y. 2013) .................................................................................4

*Martinez v. Ketchum Advert. Co.*,
   865 F. Supp. 166 (S.D.N.Y. 1994) ......................................................................................3

*Metro. Opera Ass'n, Inc. v. Local 100, Hotel Emps. & Rest. Emps. Int'l Union*,
   239 F.3d 172 (2d Cir. 2001) ................................................................................................5

*Milkovich v. Lorain Journal Co.*,
   497 U.S. 1 (1990)..................................................................................................3, 4

*Alaska ex rel. P.M. v. Mitchell*,
   930 P.2d 1284 (Alaska 1997)......................................................................................7

*Peschmann v. Quayle*,
   No. 1:17-cv-00259 (Erie), 2019 U.S. Dist. LEXIS 137468 (W.D. Pa. Aug. 13, 2019) ..........................................................................................................................8

*Rosenblatt v. Baer*,
   383 U.S. 75 (1966)......................................................................................................4

*SEG Sport Corp. v. State Athletic Comm'n*,
   952 F. Supp. 202 (S.D.N.Y. 1997) .............................................................................5

*Silvercorp Metals Inc. v. Anthion Mgmt. LLC*,
   36 Misc. 3d 1231(A), 2012 N.Y. Misc. LEXIS 3964 (Sup. Ct. N.Y. Cnty. Aug. 12, 2012) ...........................................................................................................4

*Trans World Metals, Inc. v. Southwire Co.*,
   769 F.2d 902 (2d Cir. 1985)........................................................................................6

*In re UBS AG Sec. Litig.*,
   No. 07 Civ. 11225 (RJS), 2012 U.S. Dist. LEXIS 141449 (S.D.N.Y. Sept. 28, 2012) ......................................................................................................................6, 7

*Vega v. Hempstead Union Free Sch. Dist.*,
   801 F.3d 72 (2d Cir. 2015)..........................................................................................3

*Ventura v. Kyle*,
   825 F.3d 876 (8th Cir. 2016) ..................................................................................5, 7

*Wachs v. Winter*,
   569 F. Supp. 1438 (E.D.N.Y. 1983) ...........................................................................4

*Wiener v. Lazard Freres & Co.*,
   241 A.D.2d 114 (1st Dep't 1998) ...............................................................................7

**Other Authorities**

Fed R. Civ. P. 12..................................................................................................1, 2, 3

Restatement (Second) of Torts § 621........................................................................4

U.S. Const, amend. I...........................................................................................3, 5, 6

As the Court is aware, in this action Sarah Palin asserts a single defamation claim against The New York Times Company ("The Times") and James Bennet arising from statements in an editorial about gun control The Times published on June 14, 2017 (the "Editorial"). In its prior motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, The Times moved both to dismiss Mrs. Palin's Complaint in its entirety and, separately, to dismiss Mrs. Palins' claim for relief in the form of disgorgement. Because this Court dismissed this action in its entirety on other grounds, it did not reach the disgorgement issue. As discussed at the Scheduling Conference held on December 16, 2019, Defendants hereby renew their prior motion with respect to the claim for disgorgement. For the convenience of the Court, rather than incorporating by reference their prior briefs, Defendants have reproduced in Section I of the Argument below their prior briefing on this issue, *verbatim*, except that they have updated the prior citations to the original Complaint to reflect citations to the newly operative Amended Complaint.

## UPDATED FACTUAL BACKGROUND[1]

Mrs. Palin bases her defamation action on an Editorial published by The Times on June 14, 2017, following James Hodgkinson's shooting of several Republican members of Congress and others during a baseball practice in Virginia that day. Amended Complaint ("Am. Compl.), Dkt. 70 ¶¶ 1, 117. In addition to monetary and punitive damages, Mrs. Palin asks the Court to apply the equitable remedy for unjust enrichment, to allow her to recover "the advertising revenues attributable" to the Editorial. *Id.* ¶¶ 218-19. Specifically, she alleges that Defendants published the Editorial knowing "that stories attacking Mrs. Palin inflame passions, which drives viewership and Web Clicks" and, therefore, Defendants "knowingly and voluntarily exploited

---

[1] For this motion only, Defendants accept as true the well-pleaded allegations of the Amended Complaint.

and retained a benefit conferred by Mrs. Palin" by writing what she claims are defamatory passages about her. *Id.* ¶ 214.

On August 29, 2017, following oral argument on The Times's motion to dismiss the Complaint pursuant to Rule 12(b)(6), this Court dismissed this action in its entirety, finding that Mrs. Palin had not adequately pleaded actual malice. Dkt. 45 at 1. The Court did not reach the separate ground on which The Times had moved in the alternative to dismiss the claim for disgorgement. *See* Dkt. 25 at 22-25. On September 25, 2017, Mrs. Palin moved for reconsideration of the dismissal order, including in her moving papers a proposed amended complaint, Dkt. 54-1. This Court subsequently denied the motion for reconsideration, Dkt. 61, and Mrs. Palin appealed. The Court of Appeals reversed and remanded for further proceedings. This Court held a Scheduling Conference on December 16, 2019. Mrs. Palin filed her Amended Complaint on December 30, 2019. At the Scheduling Conference, the Court directed the Defendants to file any responsive pleading, including the present Motion for Partial Judgment on the Pleadings, not later than three days after the Amended Complaint was filed.

## ARGUMENT

Mrs. Palin's Amended Complaint purports to allege a single cause of action, for defamation. Am. Compl. ¶¶ 206-21. Specifically, based on a two-paragraph passage from the Editorial, *id.* ¶ 117, she alleges that Defendants "falsely assert[ed] that . . . Mrs. Palin was clearly and directly responsible for inciting a mass shooting at a political event in January 2011." *Id.* ¶ 1. In addition to other damages, Mrs. Palin seeks "restitution in the form of *The Times'* advertising revenues attributable to" the Editorial, *id.* ¶ 219.

A "party is entitled to judgment on the pleadings" if it establishes "that no material issue of fact remains to be resolved and that [it] is entitled to judgment as a matter of law.'" *Bailey v.*

*Pataki*, Nos. 08 Civ. 8563 (JSR) *et al.*, 2010 U.S. Dist. LEXIS 3690, at *4 (S.D.N.Y. Jan. 18, 2010) (quoting *Juster Assocs. v. Rutland*, 901 F.2d 266, 269 (2d Cir. 1990) (citation omitted)). In deciding a motion for judgment on the pleadings brought under Rule 12(c), a court "employ[s] the same standard applicable to Rule 12(b)(6) motions to dismiss." *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 78 (2d Cir. 2015). Therefore, the "complaint must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Cortes v. City of N.Y.*, 700 F. Supp. 2d 474, 482 (S.D.N.Y. 2010) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

**I.   AS PREVIOUSLY DEMONSTRATED BY THE TIMES, MRS. PALIN MAY NOT SEEK DISGORGEMENT DAMAGES ON A CLAIM FOR DEFAMATION**

Defendants reproduce here, *verbatim*, The Times's prior briefing on this issue, with citations to the newly operative Amended Complaint. In its opening Memorandum, Dkt. 25 at 22-25, The Times argued:

Mrs. Palin's request for the disgorgement of The Times's purported "ill-gotten gains" in the form of online advertising revenues derived from the Editorial, *see* Am. Compl. ¶¶ 189-204, 214-19, should be dismissed or stricken because the relief sought is not available in a defamation action under either New York or Alaska law. Moreover, even if state law purported to permit such an award, it would violate the First Amendment.[2]

"Imperfect though it is, an action for damages is the only hope for vindication or redress the law gives to a man [or woman] whose reputation has been falsely dishonored." *Milkovich v.*

---

[2] Although Mrs. Palin's Amended Complaint does not expressly denominate her request for such relief as a separate cause of action, she appears to be asserting a claim for the equitable remedy of disgorgement. *See* Am. Compl. ¶ 215-19. Accordingly, this motion for judgment on the pleadings related to it pursuant to Fed. R. Civ. P. 12(c) is appropriate. *See Dolmetta v. Uintah Nat'l Corp.*, 712 F.2d 15, 19 (2d Cir. 1983) ("courts look at the essence of the stated claim and not the label by which a plaintiff chooses to identify it"). In the alternative, the relevant paragraphs of the Amended Complaint may and should be stricken under Fed. R. Civ. P. 12(f). *See, e.g., Martinez v. Ketchum Advert. Co.*, 865 F. Supp. 166, 167-68 (S.D.N.Y. 1994).

3

*Lorain Journal Co.*, 497 U.S. 1, 23 (1990) (quoting *Rosenblatt v. Baer*, 383 U.S. 75, 93 (1966) (Stewart, J., concurring)); *accord Lan Sang v. Ming Hai*, 951 F. Supp. 2d 504, 531 (S.D.N.Y. 2013) ("[t]he usual rule is that . . . . the only remedy for defamation is an action for damages" (citations omitted)). At common law, defamation damages take a very specific, and limited form – the "actual harm caused to the reputation of the person defamed." Restatement (Second) of Torts § 621. Thus, a "defamed party may recover damages for harm to reputation, wounded feelings and humiliation, resulting physical ailments, and estimated future damages of the same kind." *City of Fairbanks v. Rice*, 20 P.3d 1097, 1107-08 (Alaska 2000); *see Wachs v. Winter*, 569 F. Supp. 1438, 1443 (E.D.N.Y. 1983) (describing recovery as "damages that are commensurate with the harm suffered").

In seeking disgorgement of The Times's advertising revenue, Mrs. Palin is attempting to obtain an additional remedy that bears no relation to the injury she allegedly sustained. Mrs. Palin cannot and does not claim that she would have been entitled to receive a portion of The Times's advertising revenues if she had not been defamed, or that she was forced to pay for advertisements in The Times to combat the Editorial's sting. Moreover, advertising revenue The Times received, even if it could somehow be attributed to the Editorial, did not come from Mrs. Palin. Under such circumstances, there is simply no precedent for the proposition asserted in the Amended Complaint that Mrs. Palin is entitled to disgorgement of The Times's advertising revenue as an element of her damages in this defamation action. *See Silvercorp Metals Inc. v. Anthion Mgmt. LLC*, 36 Misc. 3d 1231(A), 2012 N.Y. Misc. LEXIS 3964, at *35-36 (Sup. Ct. N.Y. Cnty. Aug. 12, 2012) (rejecting plaintiff's attempt to obtain profits defendant received from short sale position after it published defamatory information as part of scheme to drive down plaintiff's stock price).

Indeed, such a proposition has been soundly rejected each time it has previously been asserted. As recently as the year before this case was filed, the Eighth Circuit conducted a survey of American jurisprudence, searching for any case "awarding profits in a defamation case under an unjust-enrichment theory, or even suggesting money damages are an inadequate remedy in a public-figure defamation case." *Ventura v. Kyle*, 825 F.3d 876, 887 (8th Cir. 2016), *cert. denied*, 137 S. Ct. 667 (2017). Not surprisingly, it found "none." *Id.; accord Alharbi v. TheBlaze, Inc.*, 199 F. Supp. 3d 334, 361-62 (D. Mass. 2016); *Hart v. E.P. Dutton & Co.*, 197 Misc. 274, 275, 283 (Sup. Ct. Oneida Cnty. 1949) (where plaintiff sought recovery of defendant's profits from a book he claimed falsely portrayed him as a "traitor[] to America in time of war," court held damages sought were not available as matter of law and observed that "an innovation such as the plaintiff seeks in this action would impose new and unnecessary hazards upon publishers and would be contrary to the policy of our law"), *aff'd*, 277 A.D. 935 (4th Dep't 1950).[3]

Even if there were precedent under state law for the recovery of disgorgement damages in these circumstances, such an award would be precluded by the First Amendment. The Supreme Court has left no doubt that the *only* constitutionally sufficient basis on which a state may award damages arising from defamatory speech about a matter of public concern is the compelling governmental interest in compensating plaintiffs for "actual injury" to their reputations. *Gertz v. Robert Welch, Inc.*, 418 U.S. 333, 348-49 (1974) ("we endorse this approach in recognition of

---

[3] As the Eighth Circuit further recognized in *Ventura*, 825 F.3d at 887-88, a claim for disgorgement damages in a defamation action constitutes an improper attempt to secure an equitable remedy. "Equitable relief requires a showing that there is no adequate remedy at law." *SEG Sport Corp. v. State Athletic Comm'n*, 952 F. Supp. 202, 204 (S.D.N.Y. 1997); *accord Knaebel v. Heiner*, 663 P.2d 551, 553 (Alaska 1983). It is well settled that money damages provide an adequate remedy at law in defamation cases. *E.g., Metro. Opera Ass'n, Inc. v. Local 100, Hotel Emps. & Rest. Emps. Int'l Union*, 239 F.3d 172, 177 (2d Cir. 2001).

5

the strong and legitimate state interest in compensating private individuals for injury to reputation."). More importantly, the Court has emphasized that a state's interest in affording its citizens a cause of action for defamation extends "*no further*" than compensating them for "actual injury" they have sustained as a result of the defamation. *Id.* at 349 (emphasis added). As the Court explained, "actual injury" is therefore limited to harm actually sustained by the plaintiff as a result of "impairment of reputation and standing in the community, personal humiliation, and mental anguish and suffering." *Id.* at 350.

By definition, the "actual injury" limitation imposed on defamation damages by the First Amendment does not extend to the disgorgement of "benefits" allegedly received by the defendant. Such an award would constitute precisely the kind of "gratuitous" recovery that the Supreme Court held in *Gertz* "the States have no substantial interest in securing for plaintiffs." *Id.* at 349. For this reason, even if state law otherwise allowed such an award, it would violate the First Amendment.

In its reply Memorandum on the original motion, Dkt. 31 at 10, The Times further argued:

Ms. Palin fails to cite a single case authorizing a defamation plaintiff to recover a defendant's "ill-gotten gains" as an element of damages. The conceded lack of precedent supporting such a claim under state law, whether denominated as "disgorgement," "restitution" or "unjust enrichment," should be the end of the matter: A federal court sitting in diversity may neither create nor expand state-law causes of action. *E.g.*, *Trans World Metals, Inc. v. Southwire Co.*, 769 F.2d 902, 908 (2d Cir. 1985). Moreover, Ms. Palin offers no rejoinder to The Times's showing that, even if such a remedy were afforded by state law, it would violate the First Amendment. *See* supra at 5-6. She has, therefore, conceded the point. *See, e.g., In re UBS AG*

6

*Sec. Litig.*, No. 07 Civ. 11225 (RJS), 2012 U.S. Dist. LEXIS 141449, at *58 & n. 18 (S.D.N.Y. Sept. 28, 2012). Finally, she cannot recover for "unjust enrichment" in any event because she cannot allege the requisite "benefit" conferred "by the plaintiff." *Alaska ex rel. P.M. v. Mitchell*, 930 P.2d 1284, 1289 (Alaska 1997); *accord Wiener v. Lazard Freres & Co.*, 241 A.D.2d 114, 119-20 (1st Dep't 1998). As the Eighth Circuit explained in *Ventura,* a person does not confer a benefit by merely existing such that people may be "inspire[d] to make up stories" about her, 825 F.3d at 887.

## II.  DEVELOPMENTS SUBSEQUENT TO THE ORIGINAL MOTION ON THIS ISSUE FURTHER DEMONSTRATE THAT MRS. PALIN MAY NOT SEEK DISGORGEMENT DAMAGES

While this Court ultimately did not reach the issue of disgorgement in its decision, at oral argument on this issue on The Times's prior motion, the Court observed that Mrs. Palin's theory has "no support in any case" that had been called to the Court's attention, "is contrary to at least the statements of the New York State Courts that govern this issue," and "appears to be an invitation to the Court to make up new law for the State of New York." July 31, 2017 Tr. (Dkt. 47) at 40:20-25; *accord id.* at 41:11-13 ("I don't know where that gives me the power to create an entire new form of damages that has never been applied to this kind of case."). These observations remain equally true today.

In the two years that have passed since this issue was originally briefed, other courts have continued to reject plaintiffs' attempts to obtain the defendant's profits in defamation actions. For example, in *Harp v. Glock*, No. 18-C-1039, 2019 U.S. Dist. LEXIS 71149 (E.D. Wis. Apr. 25, 2019), the court granted a motion to dismiss the plaintiff's claim for unjust enrichment, which was based on allegations that the defendant had "unjustly profit[ed] from the sale of the allegedly defamatory [television] episode on Amazon.com," *id.* at *24. The court explained that

7

the plaintiff

> misunderstands the nature of a claim for unjust enrichment. A defendant is not liable for unjust enrichment whenever he or she profits from something that harms the plaintiff. Instead, a claim for unjust enrichment may be brought only when the plaintiff confers a benefit on the defendant under circumstances making it inequitable for the defendant to retain the benefit without payment of its value.

*Id.* at *24-25. Because the plaintiff "conferred no benefit" on the defendant, the claim was dismissed. *Id.* at *25; *see also Peschmann v. Quayle*, No. 1:17-cv-00259 (Erie), 2019 U.S. Dist. LEXIS 137468, at *49-50 (W.D. Pa. Aug. 13, 2019) (report and recommendation) (dismissing unjust enrichment claim based on alleged defamation because the alleged damages suffered by plaintiff "are not the equivalent of a 'benefit conferred' for purposes of unjust enrichment"), *adopted by*, 2019 U.S. Dist. LEXIS 169837, at *4 (W.D. Pa. Sept. 30, 2019).

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant their motion for partial judgment on the pleadings and dismiss Mrs. Palin's claim for disgorgement.

Dated:  New York, New York  
        January 2, 2020

Respectfully submitted,

BALLARD SPAHR LLP

By: /s/ *Jay Ward Brown*  
    Jay Ward Brown  
    Thomas B. Sullivan  
1675 Broadway, 19th Floor  
New York, NY 10019-5820  
Phone: (212) 223-0200  
Fax: (212) 223-1942  
brownjay@ballardspahr.com  
sullivant@ballardspahr.com

*Counsel for Defendants*