UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
:
:
SARAH PALIN : No. 17 Civ. 4853 (JSR)
:
               Plaintiff, :
: ECF Case
:
         -against- :
:
:
THE NEW YORK TIMES COMPANY and JAMES :
BENNET, :
:
               Defendants. :
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

**DEFENDANTS' REPLY MEMORANDUM OF LAW IN SUPPORT OF
THEIR MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS**

Jay Ward Brown
Thomas B. Sullivan
BALLARD SPAHR LLP
1675 Broadway, 19th Floor
New York, NY 10019-5820
Phone: (212) 223-0200
Fax: (212) 223-1942
brownjay@ballardspahr.com
sullivant@ballardspahr.com

*Counsel for Defendants*

## TABLE OF CONTENTS

TABLE OF AUTHORITIES .................................................................................................. ii

ARGUMENT ........................................................................................................................1

CONCLUSION ....................................................................................................................5

# **TABLE OF AUTHORITIES**

**Cases**                                                                                     **Page(s)**

*Alharbi v. TheBlaze, Inc.*,
   199 F. Supp. 3d 334 (D. Mass. 2016) ...................................................................................4

*Anunziatta v. Orkin Exterminating Co.*,
   2003 U.S. Dist. LEXIS 28337 (N.D.N.Y. Mar. 31, 2003) .......................................................2

*Firth v. State*,
   98 N.Y.2d 365 (2002) ...............................................................................................................3

*Harp v. Glock*,
   2019 U.S. Dist. LEXIS 71149 (E.D. Wisc. Apr. 25, 2019) .....................................................3

*Hart v. E.P. Dutton & Co.*,
   197 Misc. 274 (Sup. Ct. Oneida Cnty. 1949) ......................................................................1, 2

*Hart v. E.P. Dutton & Co.*,
   277 A.D. 935 (4th Dep't 1950) ............................................................................................1, 2

*Michalski v. Home Depot, Inc.*,
   225 F.3d 113 (2d Cir. 2000) .....................................................................................................2

*Morsette v. "The Final Call"*,
   309 A.D.2d 249 (1st Dep't 2003) .............................................................................................5

*Nungesser v. Columbia Univ.*,
   169 F. Supp. 3d 353 (S.D.N.Y. 2016) .....................................................................................2

*Organovo Holdings, Inc. v. Dimitrov*,
   162 A.3d 102 (Del. Ch. 2017) ..................................................................................................4

*Robertson v. Doe*,
   2010 U.S. Dist. LEXIS 151305 (S.D.N.Y. May 11, 2010) ......................................................5

*Silvercorp Metals Inc. v. Anthion Mgmt. LLC*,
   36 Misc. 3d 1231(A), 2012 N.Y. Misc. LEXIS 3964 (Sup. Ct. N.Y. Cnty.
   Aug. 16, 2012) .....................................................................................................................1, 4

*Trans World Metals, Inc. v. Southwire Co.*,
   769 F.2d 902 (2d Cir. 1985) .....................................................................................................2

*Ventura v. Kyle*,
   12-cv-472-RHK-JJK (D. Minn. Aug. 7, 2014), Dkt. 391 .........................................................3

*Ventura v. Kyle*,
    825 F.3d 876 (8th Cir. 2016) ..........................................................................................1, 3, 4

*Wells Fargo Bank, N.A. v. HoldCo Asset Mgmt., L.P.*,
    2017 U.S. Dist. LEXIS 106969 (S.D.N.Y. July 11, 2017) ........................................................2

Put simply, there is absolutely no legal support whatsoever – under the law of New York or the United States more broadly – for Plaintiff Sarah Palin's request for disgorgement damages in this defamation action. Mrs. Palin does not argue otherwise in her opposition brief. Instead, she contends that "special circumstances" exist that should compel this Court to ignore long-standing precedent, though she points to no facts that distinguish this action from any other libel or slander case involving a public figure plaintiff. This Court should grant Defendants' motion for partial judgment on the pleadings and dismiss this claim for damages with prejudice.

## ARGUMENT

As Defendants demonstrated in their opening brief, under New York law, a plaintiff in a defamation case is limited to obtaining his or her damages, and cannot recover the profits the defendant allegedly obtained through publication. *See* Defendants Memorandum of Law in Support of Their Motion for Partial Judgment on the Pleadings ("Mem."), Dkt. 77, at 5, 7-8 (discussing *Hart v. E.P. Dutton & Co.*, 277 A.D. 935 (4th Dep't 1950), *affirming* 197 Misc. 274 (Sup. Ct. Oneida Cnty. 1949); *Silvercorp Metals Inc. v. Anthion Mgmt. LLC*, 36 Misc. 3d 1231(A), 2012 N.Y. Misc. LEXIS 3964 (Sup. Ct. N.Y. Cnty. Aug. 16, 2012)). Indeed, such disgorgement damages are without precedent in American defamation law more broadly. *See Ventura v. Kyle*, 825 F.3d 876, 887 (8th Cir. 2016) ("Neither the district court nor Ventura cited any case awarding profits in a defamation case under an unjust-enrichment theory, or even suggesting money damages are an inadequate remedy in a public-figure defamation case. We find none."). Mrs. Palin admits as much. *See* Plaintiff's Memorandum of Law in Opposition to Defendants' Motion for Partial Judgment on the Pleadings ("Opp."), Dkt. 80, at 3 ("this case presents a unique situation").

New York's rejection of unjust enrichment-type damages in defamation actions should be

the end of this Court's inquiry.  Mrs. Palin does not dispute that a federal court in a diversity action may not expand the scope of state law.  *See* Mem. at 6 (citing *Trans World Metals, Inc. v. Southwire Co.*, 769 F.2d 902, 908 (2d Cir. 1985)); *accord Wells Fargo Bank, N.A. v. HoldCo Asset Mgmt., L.P.*, 2017 U.S. Dist. LEXIS 106969, at *63 (S.D.N.Y. July 11, 2017); *Nungesser v. Columbia Univ.*, 169 F. Supp. 3d 353, 374 (S.D.N.Y. 2016); *Anunziatta v. Orkin Exterminating Co.*, 2003 U.S. Dist. LEXIS 28337, at *17 n.3 (N.D.N.Y. Mar. 31, 2003).[1]  Because New York has specifically rejected such damages in the defamation context, the various cases Mrs. Palin cites about restitution more broadly in other contexts, such as privacy-based claims, are irrelevant.[2]  Here, Mrs. Palin is not just asking this Court to extend New York law, but to directly overrule it.  This Court should decline her invitation.

Mrs. Palin argues that "special circumstances" justify a departure from this unbroken line of cases, *see* Opp. at 2, 3, but there is no "special circumstances exception" to the general rule that a district court is required to apply state law as it currently exists.  Moreover, the claimed special circumstances appear simply to be allegations that (1) the online version of the Editorial contained advertisements and (2) Defendants knew that Mrs. Palin is a "lightning rod" for controversy and used her status as such to obtain page views.  *See id.* at 2-4.  Similar arguments could be made in virtually any public-figure defamation case.

---

[1] While New York's highest court has not addressed the question, where that is so, this Court properly consults the next highest appellate authority in the state, the Appellate Division's decision on this subject in *Hart*, and the "relevant case law from other jurisdictions on the same or analogous issues."  *See Michalski v. Home Depot, Inc.*, 225 F.3d 113, 116 (2d Cir. 2000).  As set forth more fully in Defendants' opening brief, the caselaw unanimously rejects restitution-type damages in defamation cases.

[2] While Mrs. Palin quotes the court's observation in *Hart* that "[a]n action based upon invasion of one's right of privacy may be said to resemble, in many respects, an action based upon libel," the court did so in the context of noting that a plaintiff could *not* recover the defendant's profits in an invasion of privacy case, and therefore should not be able to do so through a libel claim either.  197 Misc. at 279-80.

2

In fact, these arguments were made in *Ventura*, itself a case also featuring a well-known former governor as plaintiff. In its order affirming the jury's verdict in favor of plaintiff, which was later reversed by the Eighth Circuit, the district court in that case noted evidence that, after the defendant initially recounted his story about the plaintiff on a radio broadcast, he was invited on other shows to tell the same story, which his publisher considered "hot hot hot." *See* Order at 2-4, *Ventura v. Kyle*, 12-cv-472-RHK-JJK (D. Minn. Aug. 7, 2014), Dkt. 391. The district court found that the jury's verdict was justified by "how much media attention the Ventura story garnered" and by purported evidence that "book sales sky-rocketed after select media appearances in which [the defendant] recounted and discussed the Ventura story." *Id.* at 4. The Eighth Circuit, fully informed of these circumstances, nevertheless unanimously reversed the district court's decision because the unjust enrichment theory "enjoy[ed] no legal support under Minnesota law." *See Ventura*, 825 F.3d at 879, 887-88.

Mrs. Palin's efforts in her opposition to distinguish the various cases cited in Defendants' opening brief are equally unavailing. With respect to *Hart*, the foundational New York case on this issue, Mrs. Palin offers only the *ipse dixit* that the "profits attributable to an entire book are distinguishable from advertising profits arising from one on-line defamatory article about a person *The Times* fabricated a story about because they knew she drives traffic," *see* Opp. at 5, with no additional elaboration. To the extent Mrs. Palin is arguing that this case is somehow different because it involves speech partially made online, the New York Court of Appeals has expressly rejected the suggestion that it should reconsider its defamation jurisprudence to fit the internet age. *See generally Firth v. State*, 98 N.Y.2d 365 (2002).[3]

---

[3] Notably, Mrs. Palin ignores the case cited by Defendants in their opening memorandum that *does* involve an allegedly defamatory statement distributed online. *See* Mem. at 7-8. In *Harp v. Glock*, 2019 U.S. Dist. LEXIS 71149, at *24-25 (E.D. Wisc. Apr. 25, 2019), the court granted a

Mrs. Palin attempts to sidestep *Silvercorp Metals* by contending that, unlike the plaintiff in that case, she conferred a "benefit" upon the Defendants. *See* Opp. at 4. This ignores the reasoning of the court in that case, which found there was no unjust enrichment because the plaintiff "did not make any payments or financially contribute to the profits defendants received," noting that the profits instead came from other persons who had purchased or sold stock on the exchange. *Silvercorp Metals*, 2012 N.Y. Misc. LEXIS 3964, at *36. Here, too, Mrs. Palin did not pay anything to the Defendants and she does not claim that their advertising revenue otherwise would rightfully be hers. Mrs. Palin's contention is instead essentially the same as that rejected in *Ventura*: that her "mere existence as a colorful figure who might inspire people to make up stories about [her]," *see* 825 F.3d at 887, somehow confers a benefit. This argument should be rejected here just as it was in *Ventura*.

She dismisses the other cases cited by Defendants as involving the law of states other than New York, *see* Opp. at 5, but in both *Ventura* and *Alharbi v. TheBlaze, Inc.*, 199 F. Supp. 3d 334 (D. Mass. 2016), the courts conducted a broad search for any caselaw supporting the plaintiff's theory and came up lacking. *See Ventura*, 825 F.3d at 887; *Alharbi*, 199 F. Supp. 3d at 361. And, while she is correct that the court in *Organovo Holdings, Inc. v. Dimitrov*, 162 A.3d 102 (Del. Ch. 2017), did cite a legal treatise for the proposition that disgorgement damages were "theoretically" possible, the same treatise went on to note, as quoted by the court in that case, that "the handful of cases to consider the issue have rejected these requests" *id.* at 126.

Finally, Mrs. Palin cannot save her claim by arguing that The Times's advertising profits may be considered as part of a request for punitive damages. A plaintiff seeking punitive damages in a defamation action must show both actual malice and common law malice.

---

motion to dismiss an unjust enrichment clam based on the sale of an allegedly defamatory episode on Amazon.com.

*Morsette v. "The Final Call"*, 309 A.D.2d 249, 254 (1st Dep't 2003).  To prove common law malice, the plaintiff must show that "the speaker was *solely* motivated by a desire to injure plaintiff" by offering evidence that "the animus was the *one and only* cause for the publication." *Id.* at 255 (internal marks and citation omitted); *see Robertson v. Doe*, 2010 U.S. Dist. LEXIS 151305, at *17 (S.D.N.Y. May 11, 2010) ("Under New York law, only a finding that [defendant] was *solely* motivated by a desire to injure plaintiff can establish common-law malice." (internal quotation marks omitted)).  Mrs. Palin's express argument that The Times was instead motivated by its desire to obtain advertising revenue in fact *precludes* the award of punitive damages in this case.  *See* Opp. at 1 ("In part, this calculated decision was driven by the desire to benefit (*i.e.*, profit) from Palin's name." (citing FAC ¶¶ 75-79)).

## CONCLUSION

For the foregoing reasons, as well as those set forth in their opening memorandum, Defendants respectfully request that the Court grant their motion for partial judgment on the pleadings and dismiss Mrs. Palin's claim for disgorgement.

Dated:  New York, New York
          January 16, 2020

Respectfully submitted,

BALLARD SPAHR LLP

By: /s/ Jay Ward Brown
    Jay Ward Brown
    Thomas B. Sullivan
1675 Broadway, 19th Floor
New York, NY 10019-5820
Phone: (212) 223-0200
Fax: (212) 223-1942
brownjay@ballardspahr.com
sullivant@ballardspahr.com

*Counsel for Defendants*

5