```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- x
SARAH PALIN,                          :
                                      :
                Plaintiff,            :
                                      :         17-cv-4853 (JSR)
          -v-                         :
                                      :         MEMORANDUM ORDER
THE NEW YORK TIMES COMPANY and JAMES  :
BENNET,                               :
                                      :
                Defendants.           :
------------------------------------- x
```

DOC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE F__D: 1/21/20

JED S. RAKOFF, U.S.D.J.

Familiarity with all prior proceedings in this matter is here assumed. As relevant here, on June 27, 2017, plaintiff Sarah Palin brought a single defamation claim against The New York Times Company ("The Times") and James Bennet, arising from The Times' editorial on June 14, 2017 titled America's Lethal Politics (the "Editorial"). When the Court dismissed the action on August 29, 2017 based on the finding that Palin had not adequately pleaded actual malice, ECF No. 45, at 1, it did not reach the alternative ground on which the defendants had moved to dismiss the portion of the claim seeking disgorgement, ECF No. 25, at 22-25. The Court of Appeals for the Second Circuit reversed this Court's dismissal and remanded the case for further proceedings. ECF Nos. 64, 65. Subsequently, Palin filed an amended complaint on December 30, 2019. First Amended Complaint, ECF No. 70 ("FAC").

Now before the Court is the defendants' renewed motion for partial judgment on the pleadings regarding Palin's claim for disgorgement damages under Fed. R. Civ. P. 12(c). ECF No. 76; Defendants' Memorandum of Law in Support of Their Motion for Partial Judgment on the Pleadings, ECF No. 77 ("Defs. Mem."). Palin opposes. Plaintiff's Memorandum of Law in Opposition to Defendants' Motion for Partial Judgment on the Pleadings, ECF No. 80 ("Palin Opp."). For the reasons set forth below, the Court grants the defendants' motion.

## Allegations in the First Amended Complaint

The following relevant allegations are taken from the FAC and are assumed true for the purposes of assessing the defendants' motion for partial judgment on the pleadings.

Palin alleges that the defendants, in the Editorial, "falsely assert[ed] that . . . Mrs. Palin was clearly and directly responsible for inciting a mass shooting at a political event in January 2011." FAC ¶ 1. This, Palin alleges, was driven in part by the defendants' perception of Palin as "a convenient target for attacks against conservative politics and a subject likely to spark readership interest" and their desire to increase traffic to media websites, thereby bringing economic benefit to their business. Id. ¶¶ 75-79. The online version of the Editorial included several advertisements, which generated

revenue for The Times. Id. ¶ 120. Palin further alleges that The Times actively promoted the Editorial on social media, including on its Twitter feed that had over 38 million followers, as did The Times' Editorial Board, whose Twitter account had nearly 600,000 followers. Id. ¶ 195.

Accordingly, in addition to monetary and punitive damages, Palin seeks "restitution in the form of The Times' advertising revenues attributable to" the Editorial. Id. ¶¶ 218-19.[1] Specifically, Palin alleges that the defendants published in the Editorial knowing "that stories attacking Mrs. Palin inflame passions, which drives viewership and Web Clicks" and therefore the defendants "knowingly and voluntarily exploited and retained a benefit conferred by Mrs. Palin" by writing the Editorial. Id. ¶ 214.

## Analysis

---

[1] Although the FAC uses the term "restitution" rather than "disgorgement," FAC ¶ 219, Palin is actually asserting a claim for the equitable remedy of disgorgement. See Dolmetta v. Uintah Nat'l Corp., 712 F.2d 15, 19 (2d Cir. 1983) ("[C]ourts look at the essence of the state claim and not the label by which a plaintiff chooses to identify it."). Disgorgement focuses on how much the alleged wrongdoer gained as a result of unlawful conduct, whereas restitution focuses on restoring the victim to the position she would have been in absent the conduct, by compensating her. In any event, as per Ventura discussed below, the Court's ruling on the instant motion does not depend on whether Palin's claim at issue is labeled as restitution or disgorgement.

3

"The standard for addressing a Rule 12(c) motion for judgment on the pleadings is the same as that for a Rule 12(b)(6) motion to dismiss for failure to state a claim." Hogan v. Fischer, 738 F.3d 509, 514-15 (2d Cir. 2013).[2] "To survive a Rule 12(c) motion, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Johnson v. Rowley, 569 F.3d 40, 44 (2d Cir. 2009) (per curiam).

A recent Eighth Circuit case, which reversed an unjust-enrichment judgment in a defamation action and vacated the accompanying damages award, supports the defendants' position. See Ventura v. Kyle, 825 F.3d 876 (8th Cir. 2016), cert. denied, 137 S. Ct. 667 (2017). The Ventura court explained that, even if plaintiff had proven the elements of unjust enrichment, the equitable remedy would still not be available because, as a matter of law, money damages for defamation is an adequate remedy at law. Id. at 887; see also SEG Sport Corp. v. State Athletic Comm'n, 952 F. Supp. 202, 204 (S.D.N.Y. 1997) ("Equitable relief requires a showing that there is no adequate remedy at law"). The Eighth Circuit further noted that

---

[2] Unless otherwise indicated, in quoting cases all internal quotation marks, alterations, emphases, footnotes, and citations are omitted.

4

"[n]either the district court nor [plaintiff] cited any case awarding profits in a defamation case under an unjust-enrichment theory, or even suggesting money damages are an inadequate remedy in a public-figure defamation case." Id. at 887. And the Ventura court itself found no such case. Id. at 887-88; see also Organovo Holdings, Inc. v. Dimitrov, 2017 WL 2417917 at *20 (Del. Ch. Ct. June 5, 2017) ("While theoretically a plaintiff might seek disgorgement or another restitution remedy as an alternative to damages, the handful of cases to consider the issue have rejected these requests.").

Although Ventura concerned Minnesota law, the Court finds its reasoning persuasive. Indeed, while New York's highest court does not seem to have addressed this precise issue, the case law in lower New York courts and in lower courts in other jurisdictions is consistent with the holding in Ventura. See, e.g., Alharbi v. TheBlaze, Inc., 199 F. Supp. 3d 334, 361-62 (D. Mass. 2016); Hart v. E.P. Dutton & Co., 197 Misc. 274, 275, 283 (Sup. Ct. Oneida Cnty. 1949), aff'd, 277 A.D. 935 (4th Dep't 1950).

By contrast, Palin fails to put forth any case that supports her position — whether predicated on a theory of restitution, unjust enrichment, or disgorgement — that such equitable remedy is available as a matter of law in a defamation

5

case, when money damages serve as an adequate remedy. Put another way, Palin is attempting to obtain an additional remedy that bears no relation to the injury she suffered, because she does not claim that she would have been entitled to receive a portion of The Times' advertising revenues if she had not been defamed. See Defs. Mem. 4.

For these reasons, the Court grants the defendants' motion for partial judgment on the pleadings dismissing Palin's claim for disgorgement damages. The Clerk is directed to close the entry bearing the docket number 76.

SO ORDERED.

Dated: New York, NY
January 19, 2020

JED S. RAKOFF, U.S.D.J.