```
     JCGAAPALC                    Conference

 1   UNITED STATES DISTRICT COURT
     SOUTHERN DISTRICT OF NEW YORK
 2   ------------------------------x

 3   SARAH PALIN,

 4                 Plaintiff,

 5           v.                                17 CV 4853 (JSR)

 6   THE NEW YORK TIMES COMPANY,

 7                 Defendant.

 8   ------------------------------x
                                              New York, N.Y.
 9                                            December 16, 2019
                                              11:00 a.m.
10
     Before:
11
                         HON. JED S. RAKOFF,
12
                                              District Judge
13
                             APPEARANCES
14
     BAJO CUVA COHEN TURKEL
15        Attorneys for Plaintiff Palin
     BY:  SHANE B. VOGT
16
     LEVINE SULLIVAN KOCH & SCHULZ, LLP (NYC)
17        Attorneys for Defendant NY Times
     BY:  JAY BROWN
18
```

1               (Case called; Appearances noted)
2               THE COURT:  All right.  This is just a scheduling
3    conference of this case.  This is a jury trial?
4               MR. VOGT:  Yes, your Honor.
5               THE COURT:  Does anyone expect any additional parties?
6               MR. VOGT:  We do not, your Honor.
7               MR. BROWN:  No, for the defendants, your Honor.
8               THE COURT:  Amended pleadings may be filed without
9    leave of Court.  This is really just at this stage pretty much
10   theoretical but by January 7th first request for the production
11   of documents.  This supersedes the earlier case management plan
12   that we had.  First request for production of documents January
13   7th.  Very limited interrogatories and I permitted under Local
14   Rule 33.3(A) January 7.
15              Does either side anticipate experts?
16              MR. VOGT:  We could have an expert or two, your Honor.
17              THE COURT:  OK.  An expert on what?
18              MR. VOGT:  We might have an expect in the field of
19   reputational damage online, your Honor.  And breach in
20   dissemination of defamatory content.
21              THE COURT:  How about the defense's side?
22              MR. BROWN:  Your Honor, at this time we do not
23   anticipate affirmative experts.
24              THE COURT:  So, plaintiff's experts disclosures must
25   be filed by February 28 and defendant's responses by

1   March 20th.
2           Now, how many fact depositions does plaintiff
3   anticipate approximately, just a ballpark?
4           MR. VOGT:  Approximately, five, your Honor.
5           THE COURT:  OK.  And defense counsel?
6           MR. BROWN:  Currently, we do not anticipate more than
7   five, your Honor.
8           THE COURT:  OK.  So, all depositions including expert
9   depositions to be completed by April 5.  Requests to be filed
10  by March 12.  All discovery to be completed by April 12th.
11  Post discovery summary judgment moving papers April 26.
12          COURTROOM DEPUTY:  That's a Sunday.
13          THE COURT:  I'm looking at the wrong year.  Let's go
14  back.
15          All depositions to be concluded by April 6th; requests
16  to admit to be filed by March 12th; all discovery to be
17  completed by April 13th; moving papers on summary judgment,
18  April 27th; answering papers May 11th; reply papers, May 18th;
19  and we'll have a final pretrial conference, as well as oral
20  argument on summary judgment motions.
21          Let's look at May 25th.
22          COURTROOM DEPUTY:  Courthouse closed for Memorial Day.
23          THE COURT:  All right.  May 26 at 11 a.m.
24          So, I'll sign the case management plan.  I'll give to
25  it to my classroom deputy to docket and it'll be therefore

1   available to both sides.
2          Now, all those matters may be disposed of before
3   trial.  I think we ought to set a trial date after trial if
4   this case does go to trial.  How long does plaintiff's counsel
5   anticipate the trial will take?
6          MR. VOGT:  Four to five days, your Honor.
7          THE COURT:  And defense counsel?
8          MR. BROWN:  In terms of total time, your Honor, we
9   believe that's correct.
10         THE COURT:  OK.  So, let's look at how about beginning
11  of June 22.
12         MR. BROWN:  Fine with defendants, your Honor.
13         MR. VOGT:  That's fine with us, your Honor.
14         THE COURT:  OK.  All right.  Very good.  Anything else
15  we need to take up today?
16         MR. VOGT:  Your Honor, I just wanted to know from the
17  Court whether we should go ahead and file the amended complaint
18  that was originally part of the motion that we filed.
19         THE COURT:  Yes, you have until January 7th to do
20  that.
21         MR. VOGT:  Thank you, your Honor.
22         THE COURT:  The sooner you can do it the better and
23  either file their answer motion.
24         MR. VOGT:  Thank you.
25         MR. BROWN:  Your Honor, in that regard, I am happy to

take this up pursuant to your individual practices by phone call.  But in addition to answering the complaint, the defendants anticipate filing a motion for partial summary judgment on the pleadings with respect to the disgorgement claim.  I've conferred with plaintiff's counsel about this.  You may remember that that subject was briefed and argued but your Honor did not reach that issue given the other basis on which you rule and I didn't know if you wanted to talk briefly about timing and procedure for that now.

THE COURT:  Well, sure.

MR. BROWN:  If I may, your Honor?

THE COURT:  Yes.

MR. BROWN:  Subject to your preferences, we would be inclined at the time we filed the answer to file the motion but incorporating by reference our prior briefing, it's possible there's an intervening case or two that we should cite as supplemental authority.  But we don't believe that needs to be re-briefed.  Plaintiffs could file a response incorporating their prior briefing or supplementing it if they would like but I think that issue could be tied up rather promptly.

MR. VOGT:  We agree with that.

THE COURT:  All right.  Of course I totally and completely remember your original joint briefing in this matter but I'll go back and look at it.

All right.  So, at the time that you would answer, put

1  in what you've just talked about a brief summary judgment

2  motion incorporating the briefing in your cases and how long

3  does plaintiff's counsel want to put in his similarly expedited

4  response?

5             MR. VOGT:  May I ask a question of defense counsel?

6             THE COURT:  Yes.

7             (Pause)

8             MR. VOGT:  I am trying to think about with the

9  holidays coming up when the best time is.

10            THE COURT:  Yes.

11            MR. VOGT:  If we could have until January 10?

12            THE COURT:  Sure.

13            MR. VOGT:  That will be --

14            THE COURT:  So, actually, when are you planning to

15  file your amended complaint?

16            MR. VOGT:  We can file it this week.

17            THE COURT:  OK.  So, amended complaint then can be

18  filed by December 20.

19            And answer, when do you want to do your answer/summary

20  judgment?

21            MR. BROWN:  We could do it as early as the same day,

22  your Honor.  We're prepared for that.

23            THE COURT:  You won't get any complaints from me.

24  We'll give you the whole weekend, December 23.

25            MR. BROWN:  Thank you, your Honor.

JCGAAPALC                Conference

1    THE COURT:  And January 10 for the answering papers
2    and January 17 for any reply papers.  OK?  And I'll let you
3    know whether I need oral argument.  Otherwise, I'll just decide
4    it on the papers.
5            Anything else?
6            MR. VOGT:  Not from the plaintiff, your Honor.
7            MR. BROWN:  Not from the defendants, your Honor.
8            THE COURT:  Very good.  Thanks so much.
9            (Adjourned)