# Exhibit 33

**Click to print**

 **PLUS**

Chapter 5. Standard of Conduct: Public Plaintiffs
Sack on Defamation: Libel, Slander, and Related Problems (Fifth Edition)
**Author(s):** Hon. Robert D. Sack
**Practice Area:** Communications/Telecommunications Law, Intellectual Property, Litigation
**Date:** Apr 2017
**PLI Item:** 205417

## *Chapter 5*

# Standard of Conduct: Public Plaintiffs

====== **5-1** ======

====== **5-2** ======

*When the Supreme Court uses a word, it means what the Court wants it to mean. "Actual malice" is now a term of art having nothing to do with actual malice.*[1]

**§ 5: 1**
**Introduction; Pleading "Actual Malice"**
**§ 5: 2**
**Public Officials**
**§ 5: 2. 1**
**Identified**
**§ 5: 2. 2**
**Scope of Statements Protected**
**§ 5: 3**
**Public Figures**
**§ 5: 3. 1**
**Gertz's *Criteria***
**§ 5: 3. 2**
**"Pervasive" or "All-Purpose" Public Figures**
**§ 5: 3. 3**
**"Vortex" or "Limited Purpose" Public Figures**
**§ 5: 3. 4**
**"Pervasive" Public Figures: Examples**
**§ 5: 3. 5**
**"Vortex" Public Figures: Examples**
**§ 5: 3. 6**
**Nonpublic Figures: Examples**
**§ 5: 3. 7**
**Corporations As Public Figures**
**§ 5: 3. 8**
**Former and "Fading" Public Figures**
**§ 5: 3. 9**
**Identity, Nature, and Location of the Audience**
**§ 5: 3. 10**

*Applicability of the* New York Times *Standard to Nonmedia Defendants*

§ 5: 3. 11

**Beyond Gertz**

[A]

**Celebrities**

[B]

**Public Controversy Versus Public Issue**

[C]

**"Voluntariness" and "Involuntary" Public Figures**

[D]

*Gertz* **As a Prescription of Minimum Standards**

§ 5: 4

**Judicial Identification of Public Officials and Public Figures**

§ 5: 4. 1

**Role of Judge and Jury**

§ 5: 4. 2

**Timing of the Decision**

§ 5: 5

**Application of the** *New York Times* **Standard**

§ 5: 5. 1

**The Test**

[A]

**"Actual Malice" and Common-Law "Malice" Compared**

[B]

**Focus of Test on Subjective Factors**

§ 5: 5. 2

**Application of the Test**

[A]

**Evidence Employed to Establish "Actual Malice"**

[B]

**Evidence Insufficient to Establish "Actual Malice"**

[C]

**Reliance on Third Parties**

[D]

**Use of Expert Witnesses**

[E]

**Application of the Doctrine of Respondeat Superior**

[F]

**Correction, Retraction, and Republication**

[G]

**Constitutional Protection for Known "Falsehoods": Humor and Fiction**

[G][1]

**Humor**

[G][2]

**Fictionalization**

[G][3]

**Fictionalization and Humor Compared**

[G][4]

**Defenses**

§ 5: 5. 3

**Burden of Proof**

[A]

**"Convincing Clarity" at Trial**

[B]

**"Convincing Clarity" at the Summary Judgment and Directed Verdict Stages**
§ 5: 6
**Commercial Speech**[743]
§ 5: 7
**Labor Law**

### § 5: 1

### Introduction; Pleading "Actual Malice"

At common law, the defendant was held strictly accountable for the defamatory falsehoods he or she uttered.[2]

====== **5-3** ======

If the publication was libellous the defendant took the risk. As was said of such matters by Lord Mansfield, "Whatever a man publishes he publishes at his peril."[3]

The defendant's behavior was significant primarily to determine whether conditional privilege had been lost[4] and in considering punitive damages.[5] Constitutional doctrine, set forth largely in *New York Times*[6] and *Gertz*,[7] however, now requires most plaintiffs[8] in most cases to establish some degree of fault by the defendant before the plaintiff may recover damages.

*New York Times* required that, in order to succeed in an action for defamation, a public-official plaintiff must plead and prove "that the statement was made with 'actual malice'—that is, with knowledge that it was false or with reckless disregard of whether it was false or not."[9] The test was extended to prosecution for criminal libel in *Garrison v. Louisiana*,[10] and to public-figure plaintiffs in *Curtis Publishing Co. v. Butts*.[11] And in *Gertz*, the Supreme Court held that in private-plaintiff cases, although "actual malice" need not be proved

====== **5-4** ======

to establish liability, the plaintiff must demonstrate the defendant's "fault," at least where publishers or broadcasters are defendants.[12]

The question of how much factual basis must be pleaded to plead "actual malice" in federal court sufficiently to withstand a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) has been raised by relatively recent Supreme Court case law, albeit in situations not directly related to defamation or "actual malice." Under *Bell Atlantic Corp. v. Twombly*,[13] the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."[14] "Factual allegations must be enough to raise a right to relief above the speculative level . . . ."[15] The complaint may not simply "offer[ ] 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'"[16] Nor may it merely "tender[ ] 'naked assertion[s]' devoid of 'further factual enhancement.'"[17]

The Supreme Court has done little to clarify the meaning of the terms "public concern"[18] and "public figure,"[19] or the method of applying "fault" standards.[20] The various jurisdictions have therefore largely been free to develop criteria for themselves. As a result of the diversity of approach, the same factual circumstances, evaluated under the same constitutional principles, may result in a judgment

====== **5-5** ======

for the plaintiff in one jurisdiction and a judgment for the defendant in another.[21]

This chapter and the chapter that follows treat the constitutional requirements of culpability for the *falsity* of a defamatory statement only. It is likely that the constitutional cases require that, for a plaintiff to recover, "fault" must also

Because the use of the term "actual malice" by the Supreme Court to mean something very different from "actual malice" in the traditional or colloquial sense has led to substantial confusion, courts have

====== **5-87** ======

occasionally sought to call it by some other term. "Constitutional malice" seems to be most common.[489] In these volumes, for this reason, we have taken care to enclose "actual malice" in quotation marks to indicate that we mean to refer to it in its constitutional sense.

### [B]
### Focus of Test on Subjective Factors

The focus of an inquiry under *New York Times* is the actual state of the knowledge of the defendant at the time of publication.[490] Inquiry under the *Times* standard has been said to concentrate on the defendant's attitude toward the truth rather than his or her attitude toward the plaintiff.[491]

While at common law the determination of the meaning of a communication revolves around what is reasonably understood by those who receive it,[492] under *New York Times* a statement must be judged entirely on the basis of what the publisher intended it to mean.

====== **5-88** ======

The defendant, therefore, must be aware of the defamatory meaning alleged.[493]

A person who believes and intends to say one thing is not lying, and is therefore not guilty of "actual malice," merely because he or she chooses the wrong language to say it[494] or because those who hear the statement reasonably believe it to mean something different.[495]

====== **5-89** ======

[Otherwise] any individual using a malapropism might be liable, simply because an intelligent speaker would have to know that the term was inaccurate in context, even though he did not realize his folly at the time.[496]

Thus, whether the speaker means to say something true and it is understood to mean something false, or to say something benign and it is understood to mean something defamatory, innocent or negligent misstatement is fully protected by the "actual malice" standard. It is for this reason that implications perceived in a statement but not intended by the speaker ordinarily are not actionable in public official or public figure cases.[497]

====== **5-90** ======

### § 5: 5. 2
### *Application of the Test*

The ultimate fact that a plaintiff must *always* prove "with convincing clarity"[498] under the *New York Times* "actual malice" test is that

====== **5-91** ======

the defendant[498.1] published a falsehood either knowing it to be false or with a high degree of awareness of its probable falsity, that is, while in fact entertaining serious doubts as to the truth of the publication.

But it is not always entirely clear to what the "actual malice" standard is being applied. Must the plaintiff establish that the material factual error was made with "actual malice," or must he or she demonstrate that the overall impact of the article, its "gist," was published with knowledge or subjective awareness of probable falsity? A sharply divided panel of the Sixth Circuit held that the plaintiff has the latter, more difficult burden.[499]