**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -   X
                                                   :
                                                   :
SARAH PALIN,                                       :   No. 17 Civ. 4853
                                                   :
                 Plaintiff,                        :
                                                   :
                                                   :   Hon. Jed S. Rakoff
                                                   :
        -against-                                  :
                                                   :   ECF Case
                                                   :
THE NEW YORK TIMES COMPANY and JAMES               :
BENNET,                                            :
                                                   :
                 Defendants.                       :
                                                   :
                                                   :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -   X

## <u>DECLARATION OF JACQUELYN N. SCHELL</u>

Jacquelyn N. Schell, pursuant to 28 U.S.C. § 1746, declares as follows:

1.      I am associated with the law firm of Ballard Spahr LLP, counsel for Defendants

The New York Times Company ("The Times") and James Bennet (together, "Defendants") in

the above-captioned action.  I submit this declaration in opposition to Plaintiff's Motion for

Partial Summary Judgment.  I have personal knowledge of the facts herein.

2.      Attached hereto as **Exhibit 62** is a true and correct copy of excerpts from the

Brief and Special Appendix of Plaintiff-Appellant filed by Plaintiff in the United States Court of

Appeals for the Second Circuit in *Palin v. N.Y. Times Co.*, No. 17-3801, as Dkt. 53.

3.      Attached hereto as **Exhibit 63** is a true and correct copy of excerpts from the

Reply Brief of Plaintiff-Appellant filed by Plaintiff in the United States Court of Appeals for the

Second Circuit in *Palin v. N.Y. Times Co.*, No. 17-3801, as Dkt. 83.

4.      Attached hereto as **Exhibit 64** is a true and correct copy of additional excerpts

from the transcript of the deposition of Timothy Crawford, held on May 12, 2020.

5.      Attached hereto as **Exhibit 65** is a true and correct copy of additional excerpts from the transcript of the deposition of Sarah Palin, held on May 20 and 21, 2020.

6.      Attached hereto as **Exhibit 66** is a true and correct copy of excerpts from the transcript of the hearing held by this Court on July 31, 2017, related to The Times's Motion to Dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 10, 2020
New York, New York

_____

Jacquelyn N. Schell

# Exhibit 62

# No. 17-3801

IN THE

# United States Court of Appeals

## FOR THE SECOND CIRCUIT

◆

SARAH PALIN, an individual,

*Plaintiff-Appellant,*

—against—

THE NEW YORK TIMES COMPANY,

*Defendant-Appellee.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
Case No. 1:17-cv-04853-JSR, Hon. Jed S. Rakoff

## BRIEF AND SPECIAL APPENDIX OF PLAINTIFF-APPELLANT

KENNETH G. TURKEL
SHANE B. VOGT
BAJO | CUVA | COHEN | TURKEL P.A.
100 North Tampa Street, Suite 1900
Tampa, Florida 33602
Telephone: (813) 443-2199

S. PRESTON RICARDO
GOLENBOCK EISEMAN ASSOR BELL
  & PESKOE LLP
711 Third Avenue
New York, New York 10017
Telephone: (212) 907-7300

ELIZABETH M. LOCKE, P.C.
  *Lead Counsel*
THOMAS A. CLARE, P.C.
JOSEPH R. OLIVERI
CLARE LOCKE LLP
10 Prince Street
Alexandria, Virginia 22314
Telephone: (202) 628-7400

*Counsel for Plaintiff-Appellant Sarah Palin*

would have to be brought home to the persons in [defendant's] organization having responsibility for the [statement's] publication," and this Court's statement in *Dongguk University v. Yale University*, 734 F.3d 113, 123 (2d Cir. 2013), echoing *Sullivan*. But critically, neither *Sullivan* nor *Dongguk* commented on **pleading** requirements. *Sullivan* involved the question of ultimate proof of actual malice after trial, 376 U.S. at 262, and *Dongguk* involved the same question at summary judgment, 734 F.3d at 122—that is, after discovery.[7]

Importantly, it has long been the rule that, "[a]t the pleading stage, plaintiffs **cannot** be required to identify [facts] ... [or] information ... uniquely in the possession of defendants. Rather, plaintiffs satisfy their burden where their allegations raise a reasonable expectation that discovery will reveal evidence proving their claim." *E.g.*, *Royal Park Invs. SA v. Bank of N.Y. Mellon*, No. 14-cv-6502, 2016 WL 899320, at *5 (S.D.N.Y. Mar. 2, 2016) (collecting cases). There is

---

[7] To the extent the Court believes that *Sullivan* or *Dongguk* require a defamation-plaintiff to plead that an individual employee of a defamation-defendant-publisher whose identity was concealed by the publisher acted with actual malice to survive a motion to dismiss—neither does—Mrs. Palin recognizes that those decisions would bind this Court. Mrs. Palin, however, expressly preserves her challenge to those decisions, which if interpreted in that manner, are incorrect and fundamentally at odds with the law governing the knowledge of organizations in other areas (e.g., fraud), *e.g.*, *In re WorldCom, Inc. Sec. Litig.*, 352 F. Supp. 2d 472, 497 (S.D.N.Y. 2005) (citing *United States v. Bank of New England, N.A.*, 821 F.2d 844, 855-56 (1st Cir. 1987)), and would allow publishers to defame at will and avoid liability by concealing the identity of an individual author and compartmentalizing knowledge across employees.

Date: February 20, 2018

Respectfully Submitted,

_/s/ Elizabeth M. Locke, P.C._

Kenneth G. Turkel

Shane B. Vogt

BAJO | CUVA | COHEN | TURKEL

100 North Tampa Street, Suite 1900

Tampa, Florida 33602

Telephone:  (813) 443-2199

Facsimile:  (813) 443-2193

kturkel@bajocuva.com

svogt@bajocuva.com

S. Preston Ricardo

GOLENBOCK EISEMAN ASSOR

BELL & PESKOE LLP

711 Third Avenue

New York, NY 10017

Telephone:  (212) 907-7300

Facsimile:  (212) 754-0330

pricardo@golenbock.com

Elizabeth M. Locke, P.C. (Lead Counsel)

Thomas A. Clare, P.C.

Joseph R. Oliveri

CLARE LOCKE LLP

10 Prince Street

Alexandria, VA 22314

Telephone: (202) 628-7400

Facsimile: (202) 478-0475

tom@clarelocke.com

libby@clarelocke.com

joe@clarelocke.com

*Attorneys for Plaintiff-Appellant Sarah Palin*

Exhibit 63

# No. 17-3801

IN THE

# United States Court of Appeals

## FOR THE SECOND CIRCUIT

◆◆◆

SARAH PALIN, an individual,

*Plaintiff-Appellant,*

—against—

THE NEW YORK TIMES COMPANY,

*Defendant-Appellee.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
Case No. 1:17-cv-04853-JSR, Hon. Jed S. Rakoff

## REPLY BRIEF OF PLAINTIFF-APPELLANT

KENNETH G. TURKEL
SHANE B. VOGT
BAJO | CUVA | COHEN | TURKEL P.A.
100 North Tampa Street, Suite 1900
Tampa, Florida 33602
Telephone: (813) 443-2199

S. PRESTON RICARDO
GOLENBOCK EISEMAN ASSOR BELL
  & PESKOE LLP
711 Third Avenue
New York, New York 10017
Telephone: (212) 907-7300

ELIZABETH M. LOCKE, P.C.
  *Lead Counsel*
THOMAS A. CLARE, P.C.
JOSEPH R. OLIVERI
CLARE LOCKE LLP
10 Prince Street
Alexandria, Virginia 22314
Telephone: (202) 628-7400

*Counsel for Plaintiff-Appellant Sarah Palin*

simply because plaintiffs label them "facts." (Opp'n 14-20.) But *The Times* and *amici* misstate Palin's pleading-stage burden and their caselaw is inapposite.

Although *The Times* and *amici* trumpet First Amendment rights, the Supreme Court already struck the balance between public-figure defamation-plaintiffs' rights to recover for defamatory statements and defamation-defendants' First Amendment rights by requiring public-figure defamation-plaintiffs to allege and ultimately prove actual malice. *N.Y. Times Co. v. Sullivan*, 376 U.S. 254, 270 (1964); *League of United Latin Am. Citizens, Council No. 4434 v. Clements*, 999 F.2d 831, 860 (5th Cir. 1993) ("Legal standards of necessity reflect a balance of competing considerations."). Thus, as *The Times*' own cases acknowledge, ***pleading standards for defamation claims are the same as for other claims under Rule 8:*** "we have long made clear that 'defamation actions are, for procedural purposes, to be treated ***no differently*** from other actions." *Biro v. Conde Nast*, 807 F.3d 541, 545 (2d Cir. 2015) (alterations omitted); *Cabello-Rondon v. Dow Jones & Co.*, 720 F. App'x 87, 88 (2d Cir. 2018) ("'[M]alice must be alleged plausibly in accordance with Rule 8.'"); *Mayfield v. Nat'l Ass'n for Stock Car Racing*, 674 F.3d 369, 377 (4th Cir. 2012) ("[T]he usual standards of notice pleading apply in defamation cases."); *Schatz v. Republican State Leadership Comm.*, 669 F.3d 50, 58 (1st Cir. 2012) (similar).

Moreover, the pleading standard is unaffected by public-figure defamation-plaintiffs' ultimate burden of *proving* actual malice by clear and convincing evidence to prevail at trial.   "[I]t is manifestly improper to import trial-stage evidentiary burdens into the pleading standard."  *Garcia-Catalan v. United States*, 734 F.3d 100, 103 (1st Cir. 2013); *Huri v. Office of the Chief Judge of the Circuit Court*, 804 F.3d 826, 834 (7th Cir. 2015) ("[P]leading standards ... are, of course, different from the evidentiary burden a plaintiff must subsequently meet."); *Lewis v. Trustmark Ins. Co. (Mut.)*, 182 F.3d 908, at *5 (4th Cir. 1999) (similar).  This makes sense.  Because "courts do not consider evidence outside the pleadings in resolving a motion to dismiss ... application of the 'clear and convincing standard'—a burden of *proof*—is not logically sound."  *Crypto Research, LLC v. Assa Abloy, Inc.*, 236 F. Supp. 3d 671, 678-79 (E.D.N.Y. 2017).

*The Times* fares no better in asking the Court to reject Palin's well-pleaded facts and favorable inferences based on alternative inferences it proffers.  *The Times*' fact-specific caselaw demonstrates that courts may only reject plaintiffs' allegations and inferences in extreme circumstances, such as where plaintiffs make "fanciful," "fantastic," "delusional" conspiracy allegations,[2] allegations directly contradicted by

---

[2] *Gallop v. Cheney*, 642 F.3d 364 (2d Cir. 2011); *McNaughton v. De Blasio*, 644 F. App'x 32 (2d Cir. 2016) (bare allegations of conspiracy "spanning several years ... dozens of police officers, and numerous underage children"); *Davila v. Johnson*, No. 15-cv-2665, 2015 WL 87968357 (S.D.N.Y. Dec. 15, 2015) (similar).

Date: May 29, 2018

Respectfully Submitted,

　　*/s/ Elizabeth M. Locke, P.C.*

Kenneth G. Turkel
Shane B. Vogt
BAJO | CUVA | COHEN | TURKEL
100 North Tampa Street, Suite 1900
Tampa, Florida 33602
Telephone:  (813) 443-2199
Facsimile:  (813) 443-2193
kturkel@bajocuva.com
svogt@bajocuva.com

S. Preston Ricardo
GOLENBOCK EISEMAN ASSOR
BELL & PESKOE LLP
711 Third Avenue
New York, NY 10017
Telephone:  (212) 907-7300
Facsimile:  (212) 754-0330
pricardo@golenbock.com

Elizabeth M. Locke, P.C. (Lead Counsel)
Thomas A. Clare, P.C.
Joseph R. Oliveri
CLARE LOCKE LLP
10 Prince Street
Alexandria, VA 22314
Telephone: (202) 628-7400
Facsimile: (202) 478-0475
tom@clarelocke.com
libby@clarelocke.com
joe@clarelocke.com

*Attorneys for Plaintiff-Appellant Sarah Palin*

Exhibit 64

```
1                    UNITED STATES DISTRICT COURT
2                   SOUTHERN DISTRICT OF NEW YORK

3                     CASE NO.:  17 Civ. 4853

4
     SARAH PALIN, an individual,
5
            Plaintiff,
6
     -vs-
7

8    THE NEW YORK TIMES COMPANY,
     a New York corporation, and
9    JAMES BENNET, an individual,

10          Defendants.
     _____/
11

12

13                           VIDEOTAPED

14                          DEPOSITION

15                             OF

16
                        TIMOTHY CRAWFORD
17                     (Via Videoconference)

18

19                       May 12, 2020
                    10:03 a.m. - 1:19 p.m.
20
                 (Proceedings conducted remotely)
21

22

23               Stenographically Reported By:
                    SHARON VELAZCO, RPR
24              Registered Professional Reporter

25
```

Timothy Crawford
May 12, 2020                                           2

```
 1                    APPEARANCES
              (All participants appearing remotely)
 2

 3   On Behalf of the Plaintiff:

 4
         BAJO | CUVA | COHEN | TURKEL
 5       100 North Tampa Street
         Suite 1900
 6       Tampa, Florida 33602
         svogt@bajocuva.com
 7       BY: SHANE B. VOGT, ESQUIRE

 8
     On Behalf of the Defendants:
 9

10       BALLARD SPAHR LLP
         1675 Broadway, 19th Floor
11       New York, NY 10019
         sullivant@ballardspahr.com
12       BY:  THOMAS SULLIVAN, ESQUIRE

13
         BALLARD SPAHR LLP
14       1735 Market Street, 51st Floor
         Philadelphia, PA 19103-7599
15       axelrodd@ballardspahr.com
         BY:  DAVID L. AXELROD, ESQUIRE
16

17   Also Present:    Dan Macom, Remote Video Technician
                      U.S. Legal Support Services
18

19                    INDEX OF PROCEEDINGS

20   Deposition of TIMOTHY CRAWFORD                  Page
     Direct Examination by Mr. Sullivan              6
21   Certificate of Reporter                         116

22

23

24                    —     —     —

25
```

Timothy Crawford
May 12, 2020                                            97

```
1           You can answer.
2           THE WITNESS:  Thought I waited long enough --
3           I didn't.
4  BY MR. SULLIVAN:
5      Q.   Do you know if anyone else at Sarah PAC requested
6  a retraction?
7      A.   I don't.
8      Q.   Were there any discussions requesting a
9  retraction or correction that you are aware of?
10     A.   Not that I'm aware of.
11     Q.   Did Mrs. Palin ever plan to run for president in
12 2012?
13     A.   Did she ever?
14     Q.   Yes.
15     A.   Yes.
16     Q.   Did you discuss it with her?
17     A.   I did.
18     Q.   And what was the -- what was said in those
19 discussions?
20     A.   How much work it was going to be; it was going to
21 be a lot of work.
22     Q.   And how would it have been a lot of work?
23     A.   Oh, my gosh.  Running for president?
24          Just the amount of money you have to raise.
25          The amount of money you have to raise is
```

```
1                    CERTIFICATE OF REPORTER

2

3    STATE OF FLORIDA

4    COUNTY OF MIAMI-DADE

5

6           I, SHARON VELAZCO, Registered Professional

7    Reporter, certify that I was authorized to and did

8    stenographically report the deposition of TIMOTHY

9    CRAWFORD; and that the transcript is a true record of my

10   stenographic notes.

11          I further certify that I am not a relative,

12   employee, attorney, or counsel of any of the parties, nor

13   am I a relative or employee of any of the parties'

14   attorneys or counsel connected with the action, nor am I

15   financially interested in the action.

16

17          Dated this 12th day of May, 2020.

18

19   _____

20   SHARON VELAZCO, RPR
     Registered Professional Reporter

21

22

23

24

25
```

Exhibit 65

1

2   IN THE UNITED STATES DISTRICT COURT
    SOUTHERN DISTRICT OF NEW YORK
3
    - - - - - - - - - - - - - - - - - -x
4
    SARAH PALIN,
5                                    No. 17-cv-4853

6                        Plaintiff,
             v.
7
    THE NEW YORK TIMES COMPANY and
8   JAMES BENNET,

9                        Defendants.

10  - - - - - - - - - - - - - - - - - -x

11

12          Remote videotaped deposition of SARAH

13  PALIN, taken pursuant to Subpoena, was held via

14  videoconference, commencing May 20, 2020, at

15  12:59 p.m., on the above date, before Amanda

16  McCredo, a Court Reporter and Notary Public in the

17  State of New York.

18

19

20

21

22

23

24

25

```
 1

 2   A P P E A R A N C E S:

 3   For the Plaintiff:

 4            SHANE B. VOGT, ESQ.
             BAJO CUVA COHEN TURKEL
 5           100 North Tampa Street
             Suite 1900
 6           Tampa, Florida 33602
             svogt@bajocuva.com
 7           (813)443-2199

 8

 9   For the Defendants:

10            DAVID L. AXELROD, ESQ.
              JACQUELYN SCHELL, ESQ.
11           BALLARD SPAHR LLP
             1675 Broadway
12           19th Floor
             New York, New York 10019
13           axelrodd@ballardspahr.com
             schellj@ballardspahr.com
14           (212)223-0200

15

16

17   ALSO PRESENT:

18   Alexandra Perloff-Giles - New York Times

19   Daniel Macom - videographer

20   Colleen McKenzie - Alaskan notary

21

22

23

24

25
```

```
 1                        S. Palin

 2        Q     Okay.

 3        A     And the others all have their own places.

 4        Q     Now, after -- well, let me ask you this

 5   way:

 6              When did you resign as governor of Alaska?

 7        A     I announced it around the fourth of July

 8   weekend of '09, yes.

 9        Q     And why did you resign as governor of

10   Alaska?

11        A     Inundated with those frivolous lawsuits and

12   ethics violations.  They're absolutely bankrupting

13   my family because the Department of Law -- again,

14   this was unprecedented in the state of Alaska and

15   Department of Law had not known, really, how to deal

16   with complaints against the governor.  Having not

17   dealt with it before, not knowing well what should

18   we defend on the taxpayers' dime and what should

19   Sarah Palin, as an individual, pay for the defense

20   of.  And not only the financial impact that was

21   absolutely overwhelming and unfair to my family and

22   future generations of family, but I knew that going

23   into a lame duck session -- lame duck -- the

24   legislature was heading into lame duck, I knew that

25   the intention of the obstructionist was to make sure
```

1

2                       C E R T I F I C A T E

3

4          I, AMANDA McCREDO, a Shorthand Reporter

5       and Notary Public of the State of New York, do

6       hereby certify:

7       That the witness whose examination is

8       hereinbefore set forth was duly sworn, and that

9       such examination is a true record of the

10      testimony given by such witness.

11      I further certify that I am not related to any

12      of the parties to this action by blood or

13      marriage, and that I am in no way interested in

14      the outcome of this matter.

15

16

17          _____

18          AMANDA McCREDO

19             6/2/20

20

21

22

23

24

25

# Exhibit 66

H7VVPALA1

```
1   UNITED STATES DISTRICT COURT
    SOUTHERN DISTRICT OF NEW YORK
2   ------------------------------x

3   SARAH PALIN, an individual,

4                    Plaintiff,

5           v.                          17 CV 4853 (JSR)

6   THE NEW YORK TIMES COMPANY, a
    New York corporation,
7
                     Defendant.         ARGUMENT
8
    ------------------------------x
9                                       New York, N.Y.
                                        July 31, 2017
10                                      4:17 p.m.

11  Before:

12                      HON. JED S. RAKOFF,

13                                        District Judge

14                           APPEARANCES

15  BAJO CUVA COHEN TURKEL
          Attorneys for Plaintiff
16  BY:   KENNETH G. TURKEL
          SHANE B. VOGT
17        -AND-
    GOLENBOCK EISEMAN ASSOR BELL & PESKOE
18  BY:   S. PRESTON RICARDO

19  LEVINE SULLIVAN KOCH & SCHULZ
          Attorneys for Defendant
20  BY:   DAVID A. SCHULZ
          JAY W. BROWN
21        JEREMY A. KUTNER

22

23

24

25
```

1          I'd like to start by stressing the First Amendment

2     overlay that exists here, because this case raises issues that

3     are of central concern to the First Amendment, which is

4     designed to protect robust speech on matters of public debate.

5          This is a case arising out of an editorial on gun

6     control issued the same day as that shooting.  It wasn't

7     sometime earlier, it was that day, which also explains how it

8     was written and the time it was written under.

9          THE COURT:  Well, I'm happy to hear your stump speech,

10    but I think it's common ground that when a public figure is

11    involved, even false statements are protected unless they were

12    done with actual malice.  But if they are done with actual

13    malice, then there is no First Amendment protection, true?

14          MR. SCHULZ:  That is correct, Judge.

15          But the point I'm trying to make is that the First

16    Amendment overlay affects all of the theories that we argued as

17    to why and the grounds for dismissal here are in view with

18    constitutional concerns.  Everywhere there's a closed question,

19    the courts have made clear, the Second Circuit has made clear

20    that that First Amendment overlay says that you should be

21    resolving all doubts in favor of protecting the First

22    Amendment.

23          THE COURT:  I hear you.  But, on the other hand, isn't

24    it true on any motion to dismiss that all reasonable inferences

25    favorable to the adverse party, the party against whom the