UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SARAH PALIN, an individual,<br><br>                Plaintiff,<br><br> – against –<br><br>THE NEW YORK TIMES COMPANY,<br>a New York corporation, and JAMES<br>BENNET, an individual,<br><br>                Defendant. | No. 17 Civ. 4853<br><br>Hon. Jed S. Rakoff<br><br>ECF Case |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF
RECONSIDERATION AND/OR ALTERATION OR AMENDMENT
OF JANUARY 21, 2020 MEMORANDUM ORDER [DOC. NO. 83]**

BAJO | CUVA | COHEN | TURKEL
100 North Tampa Street, Suite 1900
Tampa, Florida 33602
Telephone: (813) 443-2199
Facsimile: (813) 443-2193

and

GOLENBOCK EISEMAN ASSOR BELL
& PESKOE LLP
711 Third Avenue
New York, NY 10017
Telephone: (212) 907-7300
Facsimile: (212) 754-0330

*Attorneys for Plaintiff Sarah Palin*

# **TABLE OF CONTENTS**

Table of Contents ................................................................................................................. i

Table of Authorities ............................................................................................................ ii

I.      Introduction ............................................................................................................. 1

II.     Argument ................................................................................................................. 1

III.    Conclusion .............................................................................................................. 4

Certificate of Service ........................................................................................................... 5

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Brown v. Plata*, 563 U.S. 493 (2011) ................................................................................................ 2

*Celle v. Filipino Reporter Enterprises, Inc.*, 209 F.3d 163 (2d Cir. 2000) ................................... 3

*Clark Equip. Co. v. Armstrong Equip. Co.*, 431 F.2d 54 (5th Cir. 1970) ..................................... 2

*Davilla v. Enable Midstream Partners*, 913 F.3d 959 (10th Cir. 2019) ....................................... 2

*DiLaura v. Power Authority State of N.Y.*, 982 F.2d 73 (2d Cir. 1992) ....................................... 4

*Fidelity and Deposit Company of Maryland v. Edward E. Gillen*, 926 F.3d 318 (7th Cir. 2019) .......................................................................................................................... 2

*F.T.C. v. Bronson Partners, LLC*, 654 F.3d 359 (2d Cir. 2011) ..................................................... 2

*Guaranty Tr. Co. v. York*, 326 U.S. 99 (1945) ................................................................................. 2

*Herbert v. Lando*, 441 U.S. 153 (1979) ............................................................................................ 3

*Liu v. SEC*, 2020 WL 3405845 (Jun. 22, 2020) ........................................................................... 1, 2

*Perfect Fit Indus., Inc. v. Acme Quilting Co.*, 646 F.2d 800 (2d Cir. 1981) ................................. 2

*Porter v. Warner Holding Co.*, 328 U.S. 395 (1946) ..................................................................... 2

*Romeo & Juliet Laser Hair Removal, Inc. v. Assara I LLC*, 679 Fed.Appx. 33 (2017) .............................................................................................................. 4

*Rosenblatt v. Baer*, 383 U.S. 75, 86 S.Ct. 669, 15 L.Ed.2d 597 (1966) ....................................... 3

*S.E.C. v. Cavanaugh*, 445 F.3d 105 (2d Cir. 2006) .................................................................... 2, 3

*S.E.C. v. Martino*, 255 F.Supp.2d 268 (S.D.N.Y. 2003) ................................................................ 2

*S.E.C. v. Zubkis*, 2005 WL 1560489 (S.D.N.Y. Jun. 30, 2005) ..................................................... 2

*Ventura v. Kyle*, 825 F.3d 876 (8th Cir. 2016) ............................................................................ 1, 2

*Vista Outdoor Inc. v. Reeves Family Tr.*, No. 16-cv-5766, 2017 WL 1094568 (S.D.N.Y. Mar. 10, 2017) ................................................................................................ 4

**Page(s)**

**OTHER AUTHORITIES**

*"Freedom of Speech, Defamation and Injunctions,"* D. Ardia, 55 Wm. &
    Mary L. Rev. 1 (2013) ................................................................................................... 4

**I.     Introduction**

In its January 21, 2020 Memorandum Order [Doc. No. 83] ("Order"), the Court rejected Gov. Palin's request *at the pleadings stage*[1] to seek disgorgement, based primarily on the reasoning set forth in *Ventura v. Kyle*, 825 F.3d 876 (8th Cir. 2016) that disgorgement is unavailable in defamation actions because money damages are an adequate legal remedy under state law [Doc. 83 at pp. 4-5].  The Order should be reconsidered and vacated based on the Supreme Court's decision in *Liu v. SEC*, 2020 WL 3405845 (Jun. 22, 2020), which confirms that disgorgement emanates from the federal courts' independent equitable powers (not state common or Constitutional law), fulfills the "foundational principle" that wrongdoers should not profit from their wrongdoing, and is rooted in the concept of deterrence, not compensation.  As such, disgorgement's appropriateness does not depend upon the adequacy of a plaintiff's remedies at law, the rationale supporting the persuasive authorities upon which the Court based its Order fails, and Gov. Palin's request for disgorgement should not have been dismissed.

**II.    Argument**

*Liu* conclusively establishes two important rules of law.  **First**, it confirms the uniqueness of disgorgement—a remedy rooted in the "foundational principle [that] 'it would be inequitable that [a wrongdoer] should make a profit out of his own wrong.'" *Liu*, 2020 WL 3405845 at * 5 (internal citations omitted).  **Second**, it affirms that the power to award disgorgement emanates from the inherent equitable powers of federal courts, not the claims they are adjudicating. *Id*. at *8 ("Unless otherwise provided by statute, all…inherent equitable powers…are available for the

---

[1] The Court granted a partial judgment on the pleadings.  Defendants' operative pleading invoked the "First and Fourteenth Amendments to the Constitution of the United States, the common law, and law of the states of New York and Alaska" in support of the contention that "Plaintiff may not recover disgorgement damages" [Doc. No. 75 at p. 21 (Fifteenth Affirmative Defense)].

1

proper and complete exercise of [equitable] jurisdiction." (citing *Porter v. Warner Holding Co.*, 328 U.S. 395, 398-399 (1946)).

Once its jurisdiction is invoked, a "federal court's equitable powers are limited, not by state law, but to the traditional powers exercised by English courts of equity, even in diversity cases." *Fidelity and Deposit Company of Maryland v. Edward E. Gillen Co.*, 926 F.3d 318, 326 (7th Cir. 2019) (citing *Guaranty Tr. Co. v. York*, 326 U.S. 99, 105-107 (1945)).[2] Indeed, it is a well-established rule that a federal court "has the authority to grant the full panoply of equitable remedies" to afford complete relief, including disgorgement—"a long-standing remed[y] that [is] within a court's equity powers." *S.E.C. v. Martino*, 255 F.Supp.2d 268, 288 (S.D.N.Y. 2003) (citations omitted).[3]

*Ventura* and, consequently, the Order, evaluated the appropriateness of disgorgement through the lens of compensation rather than deterrence and the prohibition against unjust enrichment through tortious conduct. As the Second Circuit recognized in *S.E.C. v. Cavanaugh*, 445 F.3d 105, 117 (2d Cir. 2006) (internal citations omitted) (emphasis added):

> In a securities enforcement action, ***as in other contexts***[4], "disgorgement" is not available primarily to compensate victims.

---

[2] *Edward E. Gillen Co.* cites to *Davilla v. Enable Midstream Partners*, 913 F.3d 959, 973 (10th Cir. 2019) ("[T]he practice of borrowing state rules of decision does not apply with equal force to determining appropriate remedies, especially equitable remedies, as it does to defining actionable rights."), *Perfect Fit Indus., Inc. v. Acme Quilting Co.*, 646 F.2d 800, 806 (2d Cir. 1981) ("State law does not govern the scope of the equity powers of the federal court; and this is so even when state law supplies the rule of decision."), and *Clark Equip. Co. v. Armstrong Equip. Co.*, 431 F.2d 54, 57 (5th Cir. 1970) (holding federal courts have "the power to enforce State-created substantive rights by well-recognized equitable remedies even though such remedy might not be available in the courts of the State").

[3] See also *F.T.C. v. Bronson Partners, LLC*, 654 F.3d 359, 366 (2d Cir. 2011); *Brown v. Plata*, 563 U.S. 493, 538 (2011); *S.E.C. v. Zubkis*, 2005 WL 1560489, * 4 (S.D.N.Y. Jun. 30, 2005).

[4] Defendants may try to argue the holding in *Liu* is limited to the securities enforcement context, but *Liu* explicitly notes "equity courts did not limit this remedy to cases involving as breach of trust or of fiduciary duty," 2020 WL 3405845 at *6, and *Cavanaugh* expressly discusses how

2

> Instead, disgorgement has been used by the SEC and courts to prevent wrongdoers from unjustly enriching themselves through violations, which has the effect of ***deterring*** subsequent fraud. A district court order of disgorgement forces a defendant to account for all profits reaped through his security law violations and to transfer all such money to the court, ***even if it exceeds actual damages to victims***. In the words of Judge Friendly, "[T]he primary purpose of disgorgement is not to compensate investors. Unlike damages, it is a method of forcing a defendant to give up the amount by which he was unjustly enriched." The emphasis on public protection, as opposed to simple compensatory relief, illustrates the equitable nature of the remedy.

Thus, disgorgement is not tethered to the adequacy of money damages nor the compensation of a plaintiff—it is a remedy justified by deterrence and the "foundational principle" confirmed in *Liu* that the public interest requires that defendants not be permitted to retain the benefits of tortious misconduct.

The deterrence justification for disgorgement is consistent with one (often overlooked) purpose of defamation actions: they not only assure a forum in which reputations can be publicly vindicated and dignitary injuries compensated, but also create incentives for the press to exercise considered judgment before publishing material that compromises personal integrity. *Celle v. Filipino Reporter Enterprises, Inc.*, 209 F.3d 163, 171 (2d Cir. 2000) (citing *Herbert v. Lando*, 441 U.S. 153, 203 (1979) (Marshall, J., dissenting)). Society has a "pervasive and strong interest" not just in "redressing attacks upon reputation" but in "preventing" them. *Rosenblatt v. Baer*, 383 U.S. 75, 86, 86 S. Ct. 669, 676, 15 L. Ed. 2d 597 (1966). In addition to serving the principle of thwarting the unjust enrichment of tortfeasors, disgorgement fosters the prevention of defamatory attacks and incentivizes media organizations to exercise considered judgment before publishing

---

disgorgement is applied to other areas of law, 445 F.3d at 117 ("Although 'disgorgement' is a well-established remedy in the Second Circuit, particularly in securities enforcement actions…") and n. 26 (citing sources "[f]or a discussion of disgorgement in other areas of law").

3

defamatory material. For this reason, disgorgement is an essential component of "complete" relief in a defamation action—or at the very least it is a necessary component of *potential* relief that a plaintiff must be permitted to seek at the *pleadings stage*.

Defendants may try to contend this Court's equity jurisdiction was not invoked, but that would be factually and legally inaccurate. Plaintiff specifically asked for disgorgement and permanent injunctive relief in her complaint [Doc. 70 at p. 51], and there are numerous examples of how defamation claims invoke equity jurisdiction; such as *Romeo & Juliet Laser Hair Removal, Inc. v. Assara I LLC*, 679 Fed.Appx. 33, 35 (2017), in which the Second Circuit affirmed the entry of a permanent injunction prohibiting defamatory statements while acknowledging the "inadequacy of other remedies" element of permanent injunctive relief.[5]

**III.   Conclusion**

Reconsideration is appropriate where—like here—there has been a change in controlling law or there is a need to correct a clear legal error or prevent manifest injustice. *DiLaura v. Power Authority State of N.Y.*, 982 F.2d 73, 76 (2d Cir. 1992); *Vista Outdoor Inc. v. Reeves Family Tr.*, No. 16-cv-5766, 2017 WL 1094568, at *1 (S.D.N.Y. Mar. 10, 2017). Accordingly, Gov. Palin respectfully requests that the Court grant this motion, reconsider and vacate its Order [Doc. No. 83], permit Palin to pursue the remedy of disgorgement, and grant such other and further relief deemed just and appropriate to afford Plaintiff her recognized opportunity to pursue the "full panoply" of equitable relief she is entitled to seek through this action.

---

[5] *See generally* "Freedom of Speech, Defamation, and Injunctions," D. Ardia, 55 Wm. & Mary L. Rev. 1, 42 (2013) ("A survey of more than 242 decisions involving injunctions directed at defamatory speech reveals that at least fifty-six decisions have granted or affirmed injunctions, with an especially sharp increase in such decisions after 2000. While these cases have covered a broad range of expression, including oral statements, books, letters, trade publications, signs, and even cars, nearly half involved speech on the Internet.").

| | |
|---|---|
| Dated:  July 15, 2020. | */s/ Shane B. Vogt* |
| | Kenneth G. Turkel (admitted *pro hac vice*) |
| | Email:  kturkel@bajocuva.com |
| | Shane B. Vogt (admitted *pro hac vice*) |
| | Email:  svogt@bajocuva.com |
| | BAJO \| CUVA \| COHEN \| TURKEL |
| | 100 North Tampa Street, Suite 1900 |
| | Tampa, Florida 33602 |
| | Telephone:  (813) 443-2199 |
| | Facsimile:  (813) 443-2193 |
| | |
| | Michael Munoz |
| | E-mail:  mmunoz@golenbock.com |
| | GOLENBOCK EISEMAN ASSOR BELL |
| | & PESKOE LLP |
| | 711 Third Avenue |
| | New York, NY  10017 |
| | Telephone:  (212) 907-7300 |
| | Facsimile:  (212) 754-0330 |
| | |
| | *Attorneys for Plaintiff* |

## **CERTIFICATE OF SERVICE**

I hereby certify that Plaintiff's Memorandum of Law in Support of Reconsideration and/or Alteration or Amendment of January 21, 2020 Memorandum Order [Doc. No. 83] was filed electronically on July 15, 2020.  This Notice will be sent by operation of the Court's electronic filing system to counsel of record for all parties as indicated on the electronic filing receipt.  Parties and their counsel may access this filing through the Court's system.

/s/ Shane B. Vogt
Attorney

5