UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SARAH PALIN, an individual,<br><br>                Plaintiff,<br><br>– against –<br><br>THE NEW YORK TIMES COMPANY, a New York corporation, and JAMES BENNET, an individual,<br><br>                Defendant. | No. 17 Civ. 4853<br><br>Hon. Jed S. Rakoff<br><br>ECF Case |

**PLAINTIFF'S REPLY MEMORANDUM OF LAW IN OPPOSITION TO
PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT [DOC. 104]**

BAJO | CUVA | COHEN | TURKEL
100 North Tampa Street, Suite 1900
Tampa, Florida 33602
Telephone: (813) 443-2199
Facsimile: (813) 443-2193

and

GOLENBOCK EISEMAN ASSOR BELL
& PESKOE LLP
711 Third Avenue
New York, NY 10017
Telephone: (212) 907-7300
Facsimile: (212) 754-0330

*Attorneys for Plaintiff Sarah Palin*

**TABLE OF CONTENTS**

Table of Contents ................................................................................................................. i

Table of Authorities ............................................................................................................ ii

I.     Introduction ............................................................................................................. 1

II.    Plaintiff's Challenge to the Actual Malice Rule is not Barred by Law of the Case ........................................................................................................................ 2

III.   Defendants Misstate Plaintiff's Argument as Singularly Seeking Reversal of *Sullivan* ................................................................................................................ 4

IV.    Defendants Focus on the Wrong Inquiry and Do Not Contest the Relevant Facts ........................................................................................................................ 5

V.     Gov. Palin Is Not Required to Prove Actual Malice Under Applicable State Law .......................................................................................................................... 6

VI.    Conclusion .............................................................................................................. 8

Certificate of Service .......................................................................................................... 9

# **TABLE OF AUTHORITIES**

Page(s)

**CASES**

*Celle v. Filipino Reporter Enterprises, Inc.*, 209 F.3d 163 (2d Cir. 2000) ............................ 1, 2, 7

*Chau v. Lewis*, 771 F.3d 118 (2d Cir. 2014) ................................................................................. 6

*Curtis Pub. Co. v. Butts*, 388 U.S. 130 (1967) ........................................................................... 4, 5

*Fairley v. Peekskill Star Corp.*, 83 A.D.2d 294, 445 N.Y.S.2d 156 (1981) ................................. 7

*Gertz v. Robert Welch, Inc.*, 418 U.S. 323 (1974) ...................................................................... 4, 5

*Gross v. New York Times Co.*, 82 N.Y.2d 146, 623 N.E.2d 1163 (1993) ..................................... 7

*Herbert v. Lando*, 441 U.S. 153 (1979) ......................................................................................... 1

*Hustler Magazine, Inc. v. Falwell*, 485 U.S. 46 (1988) ............................................................. 1, 2

*Jewell v. NYP Holdings, Inc.*, 23 F.Supp.2d 348 (S.D.N.Y. 1998) ............................................... 7

*Krumme v. West Point Stevens Inc.*, 238 F.3d 133 (2d Cir. 2000) ................................................ 6

*Levine v. Lawrence*, 2005 WL 1412143 (E.D.N.Y. Jun. 15, 2005) ............................................... 3

*Monahan v. New York City Dep't of Corr.*, 214 F.3d 275 (2d Cir. 2000) ..................................... 4

*New York Times v. Sullivan*, 376, U.S. 254 (1964) ..........................................................2, 4, 5, 6, 7

*Palin v. The New York Times Company*, 940 F.3d 804 (2d Cir. 2019) ......................................... 2

*Pollnow v. Poughkeepsie Newspapers, Inc.*, 107 A.D.2d 10, 486 N.Y.S.2d 11 (1985) ................................................................................................................................. 7

*Reno v. ACLU*, 521 U.S. 844 (1997) ............................................................................................. 6

*Ty v. Celle*, 1997 WL 167041 (S.D.N.Y. Apr. 9, 1997) ................................................................ 7

*Zhang Jingrong v. Chinese Anti-Cult World Alliance*, 314 F.Supp.3d 420 (E.D.N.Y. 2018) ................................................................................................................. 4

Plaintiff, Sarah Palin ("Gov. Palin"), by counsel and pursuant to Federal Rule of Civil Procedure 56 and Rule 2(e) of the Court's Individual Rules of Practice, replies to the Memorandum of Law in Opposition to Plaintiff's Motion for Partial Summary Judgment [Doc. No. 104] ("Opposition") filed by Defendants, The New York Times Company ("The Times") and James Bennet ("Bennet") (collectively, "Defendants"), as follows:

## I.     Introduction

Gov. Palin appreciates the significance of what her Motion for Partial Summary Judgment asks of this Court, and the Court's likely hesitancy to grant the relief she seeks. But to dismiss her motion out-of-hand based on Defendants' terse Opposition would be unfair and unjust. Gov. Palin's argument is valid and warrants meaningful consideration.

A free press is fundamental to a democratic society, but political journalism does not hold exclusive license to challenge the powerful, and the First Amendment is not an impenetrable shield protecting all speech uttered under the auspices of political debate. Defamation actions are the necessary and indispensable means of checking and balancing the exponentially increasing power of the Fourth Estate and speech in general. The precedents established through lawsuits against media companies like The Times serve as guideposts to society as a whole, and are the only method of "creating incentives for the press to exercise considered judgment before publishing material that compromises personal integrity." *Celle v. Filipino Reporter Enterprises, Inc.*, 209 F.3d 163, 171 (2d Cir. 2000) (quoting *Herbert v. Lando*, 441 U.S. 153, 203 (1979) (Marshall, J., dissenting)).

Free speech has limits—one of the very few of which is based on the premise that "[f]alse statements of fact are particularly valueless; they interfere with the truth-seeking function of the marketplace of ideas, and they cause damage to an individual's reputation that cannot easily be repaired by counterspeech, however persuasive or effective." *Hustler Magazine, Inc. v. Falwell*, 485 U.S. 46, 52 (1988). Enforcement of this limit falls exclusively within province of the people.

But unlike in any other area of tort law, certain defamation plaintiffs are saddled with an additional requirement to prove a heightened subjective level of fault. This burden, particularly as it relates to public figures, is not expressed anywhere in the First Amendment. It is a judicially created rule imposed to furnish "breathing space" for speakers in an era where defamation actions were being used by government officials to oppress minority voices. [See Doc. No. 100 at p. 8].

The consequences of the continued application of this rule in a society in which its justifications are absent are self-evident: false information and its "interference with the truth-seeking function of the marketplace of ideas"[1] has become the norm [see Doc. No. 100 at p. 18]; while speakers have been and will continue to be emboldened to propagate false facts because they are shielded from accountability for libel by virtue of *Sullivan*'s unnecessary and unjustifiable protections. The pendulum has swung too far. *Sullivan* is defeating its intended purpose, and the standards it imposed are no longer necessary or appropriate to strike the required balance between free speech and individual liberty.

Defendants have not refuted any of this. Instead, they merely maintain that *Sullivan* and its progeny are sacrosanct, irrespective of whether the modern speech landscape supports continued application of the actual malice rule. The "blind application" of *Sullivan* Defendants urge this Court to accept is simply unjustified. *Celle,* 209 F.3d at 171.

**II.     Plaintiff's Challenge to the Actual Malice Rule is not Barred by Law of the Case**

Defendants' Opposition begins by invoking the law of the case doctrine [Doc. No. 104 at p. 2-3]. Notably, as Gov. Palin already explained [Doc. No. 107 at pp. 5-9[2]], this doctrine requires

---

[1] See *Falwell*, 485 U.S. at 52.
[2] Specifically, the Second Circuit squarely held: (1) Plaintiff plausibly alleged facts sufficient to establish actual malice; and (2) it would be reversible error to grant a summary judgment based on actual malice in this case. *Palin v. N.Y. Times Co.*, 940 F.3d 804, 812 and 816 (2d Cir. 2019).

2

denial of Defendants' summary judgment motion on actual malice [Doc. 96]. But the same cannot be said concerning Gov. Palin's partial summary judgment motion.

Unlike Defendants, whose summary judgment motion manifestly re-asserts arguments which (1) they already made [See Doc. 107 at pp. 7-9] and (2) the Second Circuit already explicitly decided against them [See Doc. 107 at pp. 8-9], Gov. Palin seeks partial summary judgment on an issue Defendants maintain she did not raise at the pleadings stage or in the ensuing appeal [See Doc. No. 104 at pp.2-3].

Rather, Defendants suggest Gov. Palin waived her right to contest the actual malice rule for all purposes and all time by not raising it in opposition to their motion to dismiss. This argument extends the waiver concept too far and lacks support in the Federal Rules of Civil Procedure. There is no dispute that there exists a body of law holding that a plaintiff who fails to raise an argument in opposition to a motion to dismiss waives it at the dismissal stage and cannot resurrect that unasserted argument in an ensuing appeal if dismissal is granted. *See e.g. Levine v. Lawrence*, 2005 WL 1412143, *5 (E.D.N.Y. Jun. 15, 2005). But that rule does not preclude a plaintiff from contesting the continued application of an element of her claim at later stages of the case if dismissal is denied. Unlike defendants, who under Rules 8 and 12 waive affirmative defenses they fail to assert in an answer or responsive motion, plaintiffs have no corresponding obligation to assert every potential argument they may have to counter a defense or else waive it for the duration of a case. In fact, replies to affirmative defenses[3] are not allowed under Rule 7 of the Federal Rules of Civil Procedure.

---

[3] After the appeal, Defendants pleaded several affirmative defenses asserting the actual malice rule [Doc. 75 at p. 20 (Seventh, Eighth, and Ninth Affirmative Defenses)]. Presumably, Defendants' pleading of these defenses reopened the door for Gov. Palin to dispute the applicability of the actual malice rule, even if (assuming *arguendo*) that door had once been closed.

3

Similarly, Defendants have not cited any authority supporting the proposition that an appellate court's recital of the elements of a cause of action amounts to a "decision" that those same elements must apply "for all purposes at all future stages of litigation" [Doc. No. 104 at p.3]. The required elements of a claim are often debated throughout lower court proceedings, including at the summary judgment stage and in arguments over jury instructions.

Gov. Palin's challenge to the actual malice rule also raises a constitutional question surrounding what standard of fault should be applied to her claim. Questions of this nature can be raised at any time, and specifically for the first time on summary judgment. *See e.g. Zhang Jingrong v. Chinese Anti-Cult World Alliance*, 314 F.Supp.3d 420, 428-429 (E.D.N.Y. 2018) (citing *Monahan v. New York City Dep't of Corr.*, 214 F.3d 275, 283 (2d Cir. 2000).

Gov. Palin's situation is different from that of Defendants. Law of the case should not preclude her from challenging the continued applicability of the actual malice rule. The same cannot be said for the effect of law of the case on Defendants' summary judgment motion.

## III.  Defendants Misstate Plaintiff's Argument as Singularly Seeking Reversal of *Sullivan*

As Gov. Palin predicted [See Doc. No. 100 at p. 6], Defendants try to pigeonhole her partial summary judgment motion as embodying a singular request to ignore binding precedent [See Doc. No. 104 at pp. 2-3]. It is not (See Section IV, below). Defendants also claim Gov. Palin failed to recognize vertical *stare decisis* [See Doc. No. 104 at p.4]. She did not [See Doc. No. 100 at pp. 6-8].

Gov. Palin openly acknowledged the implications of *stare decisis* before explaining why it does not apply to the second prong of her argument; which is that Defendants "seek to impose the actual malice burden on Plaintiff in substantially dissimilar circumstances to those present in *New York Times v. Sullivan*, 376 U.S. 254 (1964), *Curtis Pub. Co. v. Butts*, 388 U.S. 130 (1967), and *Gertz v. Robert Welch, Inc.*, 418 U.S. 323 (1974)…[and that]…the actual malice rule is

4

inapplicable because the surrounding context of this case is substantially dissimilar from that presented in *Sullivan, Butts*, and *Gertz*." [Doc. No. 100 at p. 5, 7].

In support, Gov. Palin explicitly argues that, "[*s]tare decisis* is limited in application to cases involving substantially similar facts…[and]…the factual circumstances justifying application of the actual malice rule are absent today…[such that]…Plaintiff's challenge to the application of the actual malice rule on *factual grounds* does not rest on the soundness of Supreme Court precedent or implicate stare decisis concerns." [Doc. 100 at pp. 7-8 (emphasis added)].

Defendants do not contest this argument. Rather, they only claim that "precedent forecloses" it [Doc. No. 104 at p. 4], which does nothing more than urge a "blind application" of the actual malice rule, which the Supreme Court admonished lower courts against in *Curtis*, 388 U.S. at 148. Instead, courts must carefully evaluate the factual context of each case and conduct the required balancing of the competing interests involved before deciding to impose the actual malice rule. *Id.*

### IV.     Defendants Focus on the Wrong Inquiry and Do Not Contest the Relevant Facts

Defendants' next argument, which baldly suggests that this case "fits squarely" within the *Sullivan* line of cases [Doc. No. 104 at pp. 4-5], misses the mark completely. It is based entirely on the irrelevant assertion that Gov. Palin is a public figure—which is not the correct inquiry. Defendants put the cart before the horse. For purposes of Gov. Palin's partial summary judgment argument, it does not matter whether she is a public figure. The salient question is whether the actual malice rule should be applied in the first place. To answer that question, there is no reason to ask whether Gov. Palin is a public figure.

Ultimately, Gov. Palin's argument that the actual malice rule should not be applied because its justifications have ceased to exist is **unrebutted**. Specifically, Defendants fail to contest Gov. Palin's contention that none of the following rationales for the actual malice rule still exist:

5

the need to create a forum for uninhibited, robust, and wide-open debate[4]; the limited number of people who voluntarily expose themselves to risk of injury from defamation; the limited access most people have to effective means of communication; and that false statements inevitable in free debate will be the exception, not the rule. [See Doc. No. 100 at pp. 13-20].

Defendants chose not to rebut any of these points (a failure they openly concede in their Opposition[5]). Instead, their *entire* argument in opposition is that Gov. Palin is a public figure [Doc. No. 104 at p. 5], which as explained above is wholly irrelevant to and does not refute the argument Gov. Palin makes.

### V. Gov. Palin Is Not Required to Prove Actual Malice Under Applicable State Law

Defendants' final argument is that, even if *Sullivan*'s actual malice rule does not apply, Gov. Palin still must prove actual malice under applicable state law. This argument is flawed in several respects.

First, Defendants' argument relies primarily on Alaska law. The Court already decided New York law governs Gov. Palin's claim. *See* Aug. 29, 2017 Memorandum Order [Doc. No. 45] at p. 9 ("[A]pplicable state law [is] the law of New York."[6]) Accordingly, Alaska law is irrelevant.

Second, Defendants suggest New York's Constitution offers "broader protection" than the First Amendment, but this is a misleading generalization for present purposes. In practice, New York's Constitution has been recognized to provide broader protection in the specific context of

---

[4] On this point, the *Reno* case cited by Defendants [Doc. No. 104 at n. 2] supports Plaintiff's position. *Reno v. ACLU*, 521 U.S. 844, 870 (1997) ("[t]he dramatic expansion of this new marketplace of ideas contradicts the factual basis of this contention. The record demonstrates that the growth of the Internet has been and continues to be phenomenal…"). Notably, *Reno* recognized the "dramatic" and "phenomenal" expansion of the marketplace of ideas before social media exponentially increased online speech.

[5] See Doc. 104 at p. 5, n. 1

[6] Citing *Chau v. Lewis*, 771 F.3d 118, 126 (2d Cir. 2014) (quoting *Krumme v. WestPoint Stevens Inc.*, 238 F.3d 133, 138 (2d Cir. 2000)) ("'The parties' briefs assume that New York law controls, and as such implied consent…is sufficient to establish choice of law.'")

matters of "opinion" (which is not at issue in this case). *See Jewell v. NYP Holdings, Inc.*, 23 F.Supp.2d 348, 375-76 (S.D.N.Y. 1998) (New York "state constitutional protection of opinions is more extensive than federal constitutional protections") (citing *Ty v. Celle*, 1997 WL 167041, at *3 n. 2 (S.D.N.Y. Apr. 9, 1997)).

Third, as this Court already recognized, "[t]hough a state-based cause of action, the elements of a libel action are heavily influenced by the minimum standards required by the First Amendment." [Doc. No. 45 at p. 10 (citing *Celle*, 209 F.3d at 176)]. Indeed, *Sullivan* "injected" a constitutional dimension into what had previously been regarded as a matter of state common law. *Gross v. New York Times Co.*, 82 N.Y.2d 146, 152, 623 N.E.2d 1163 (1993). Historically, including under New York law, the tort of defamation was characterized by strict liability. That is until *Sullivan* "placed limitations on the right of the states to award damages for defamation." *Pollnow v. Poughkeepsie Newspapers, Inc.*, 107 A.D.2d 10, 14, 486 N.Y.S.2d 11 (1985). The actual malice rule as applied to public figures is a creature of federal constitutional law, not New York common or state constitutional law.

Fourth, as made evident by Defendants' improper attempt to invoke Alaska law[7], New York law common law does not impose an actual malice requirement on defamation claims involving matters of public concern. Rather, stripped away of *Sullivan's* (a/k/a public figure) federal constitutionally based actual malice requirement, under New York law Gov. Palin would only be required to establish "gross irresponsibility" by a preponderance of the evidence. See *Fairley v. Peekskill Star Corp.*, 83 A.D. 2d 294, 303, 445 N.Y.S.2d 156 (1981).

---

[7] Clearly, even though the Court already chose which law to apply to this case, Defendants attempted to resort to Alaska law because**, unlike New York**, Alaska's common law requires actual malice in cases involving matters of public concern [See Doc. No. 104 at p. 7]

## VI.  Conclusion

Gov. Palin's motion for partial summary judgment is not barred by the law of the case doctrine, and none of her supporting arguments have been substantively rebutted by Defendants. The actual malice rule should not be applied because the reasons for doing so no longer exist.

Dated:  July 17, 2020.

/s/ Shane B. Vogt
Kenneth G. Turkel (admitted *pro hac vice*)
Email:  kturkel@bajocuva.com
Shane B. Vogt (admitted *pro hac vice*)
Email:  svogt@bajocuva.com
BAJO | CUVA | COHEN | TURKEL
100 North Tampa Street, Suite 1900
Tampa, Florida 33602
Telephone:  (813) 443-2199
Facsimile:  (813) 443-2193

Michael Munoz
E-mail:  mmunoz@golenbock.com
GOLENBOCK EISEMAN ASSOR BELL
& PESKOE LLP
711 Third Avenue
New York, NY  10017
Telephone:  (212) 907-7300
Facsimile:  (212) 754-0330

*Attorneys for Plaintiff*

8

**CERTIFICATE OF SERVICE**

      I hereby certify that Plaintiff's Reply Memorandum of Law in Opposition to Plaintiff's Motion for Partial Summary Judgment [Doc. No. 104] was filed electronically on July 17, 2020. This Notice will be sent by operation of the Court's electronic filing system to counsel of record for all parties as indicated on the electronic filing receipt. Parties and their counsel may access this filing through the Court's system.

                                                      */s/ Shane B. Vogt*
                                                      Attorney