**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  X
                                                                        :
                                                                        :
SARAH PALIN                                                             :
                                                                        :    No. 17 Civ. 4853 (JSR)
                    Plaintiff,                                          :    ECF Case
                                                                        :
                                                                        :
          -against-                                                    :
                                                                        :
                                                                        :
THE NEW YORK TIMES COMPANY and JAMES                                    :
BENNET,                                                                 :
                                                                        :
                    Defendants.                                        :
                                                                        :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  X


## DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION

Jay Ward Brown
David L. Axelrod
Thomas B. Sullivan
Jacquelyn N. Schell
BALLARD SPAHR LLP
1675 Broadway, 19th Floor
New York, NY 10019-5820
Phone: (212) 223-0200
Fax: (212) 223-1942
brownjay@ballardspahr.com
axelrodd@ballardspahr.com
sullivant@ballardspahr.com
schellj@ballardspahr.com

*Counsel for Defendants*

## <u>TABLE OF CONTENTS</u>

TABLE OF AUTHORITIES ........................................................................................................ ii

PRELIMINARY STATEMENT ................................................................................................1

ARGUMENT ...............................................................................................................................1

I.       THE MOTION IS UNTIMELY .........................................................................................2

II.      *LIU* DOES NOT ESTABLISH NEW LAW AND IT THEREFORE
         PROVIDES NO BASIS FOR RECONSIDERATION.......................................................3

III.     ON THE MERITS, *LIU* WOULD NOT ALTER THE COURT'S PRIOR
         RULING .............................................................................................................................4

CONCLUSION............................................................................................................................5

## **TABLE OF AUTHORITIES**

**Cases**                                                                                                    **Page(s)**

*Analytical Surveys, Inc. v. Tonga Partners, L.P.*,
   684 F.3d 36, 52 (2d Cir. 2012)................................................................................3

*Bonn-Wittingham v. Project O.H.R. (Office for Homecare Referral), Inc.*,
   2017 U.S. Dist. LEXIS 75286, at *6 (E.D.N.Y. May 17, 2017) ................................2

*Commercial Union Ins. Co. v. Blue Water Yacht Club Ass'n*,
   289 F. Supp. 2d 337, 339 (E.D.N.Y. 2003) ............................................................2

*In re Document Techs. Litig.*,
   2017 U.S. Dist. LEXIS 115368, at *8-9 (S.D.N.Y. July 20, 2017) .....................2, 3

*Gertz v. Robert Welch, Inc.*,
   418 U.S. 323, 349-50 (1974) ..................................................................................5

*Joint Stock Co. "Channel One Russ. Worldwide" v. Infomir LLC*,
   2020 U.S. Dist. LEXIS 52697, at *10-11, *15 (S.D.N.Y. Mar. 26, 2020) ...........2, 3

*Liu v. SEC*,
   207 L. Ed. 2d 401, 411-15 (June 22, 2020) ...................................................1, 2, 3, 4

*Luv n' Care, Ltd. v. Regent Baby Prods. Corp.*,
   986 F. Supp. 2d 400, 410-11 (S.D.N.Y. 2014) ........................................................3

*Palin v. N.Y. Times Co.*,
   2020 U.S. Dist. LEXIS 11544, at *5-6 (S.D.N.Y. Jan. 21, 2020) ...........................4

*Scarsdale Cent. Serv. Inc. v. Cumberland Farms, Inc.*,
   2014 U.S. Dist. LEXIS 86552, at *8-9 (S.D.N.Y. June 24, 2014) .......................2, 3

*Silverman v. Payward, Inc.*,
   2019 U.S. Dist. LEXIS 106316, at *1-2 (S.D.N.Y. June 21, 2019) ..................1, 2, 3

**Other Authorities**

Local Rule 6.3 .............................................................................................................2, 4

U.S. Const. amend. I ......................................................................................................5

Defendants The New York Times Company ("The Times") and James Bennet ("Bennet," and with The Times, "Defendants"), respectfully submit this memorandum of law in opposition to Plaintiff Sarah Palin's motion for reconsideration of this Court's order granting Defendants' motion for judgment on the pleadings with respect to Palin's claim for disgorgement damages.

## PRELIMINARY STATEMENT

Palin's reconsideration motion is both procedurally and substantively baseless.  **First**, she made her motion more than *five months* after the deadline for a motion for reconsideration of the order at issue.  Even if this Court deemed the time for filing a motion for reconsideration to run only from the date the Supreme Court handed down its decision in *Liu v. SEC*, 207 L. Ed. 2d 401 (June 22, 2020), the opinion on which Palin bases her motion, it still would be untimely. **Second**, the basis for Palin's argument – that "disgorgement emanates from the federal courts' independent equitable powers (not state common or Constitutional law)" – was not newly established by the Supreme Court in *Liu*, as demonstrated by the prior judicial opinions on that point cited by Palin in her brief, all of which preceded this Court's decision on the motion for judgment on the pleadings.  Palin's failure to raise this argument in her original opposition papers bars her from taking a second bite at the apple here.  **Third**, to the extent there is any question about the power of federal courts to craft equitable remedies in diversity cases, *Liu,* an opinion interpreting a federal securities statute, does not speak to that question, and disgorgement would be improper in the circumstances of this case even if it were otherwise within the power of the Court to grant.

## ARGUMENT

Reconsideration "is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources."  *Silverman v. Payward, Inc.*, 2019 U.S.

Dist. LEXIS 106316, at *1-2 (S.D.N.Y. June 21, 2019) (Rakoff, J.) (citation omitted).  Such is a

motion is "subject to a strict standard and only should be granted where the moving party

presents an intervening change of controlling law, the availability of new evidence, or the need

to correct a clear error or prevent a manifest injustice."  *In re Document Techs. Litig.*, 2017 U.S.

Dist. LEXIS 115368, at *8-9 (S.D.N.Y. July 20, 2017) (Rakoff, J.) (citations omitted).

## I.   THE MOTION IS UNTIMELY

Under Local Rule 6.3, a motion for reconsideration of a court order must be served

within 14 days after entry of the order determining the original motion.  "As numerous cases

from this Circuit have held, the untimeliness of a motion for reconsideration is reason enough to

deny the motion."  *Joint Stock Co. "Channel One Russ. Worldwide" v. Infomir LLC*, 2020 U.S.

Dist. LEXIS 52697, at *10-11 (S.D.N.Y. Mar. 26, 2020) (citation omitted).

Assuming the deadline for reconsideration ran from the date this Court's decision was

docketed rather than the date it was signed, under Local Rule 6.3, Plaintiff's deadline to move

for reconsideration was February 4, 2020, more than five months ago.[1]  Even if the 14-day clock

were deemed to have restarted on the date the decision in *Liu* was issued and if the clock were

deemed to have stopped on the date Palin's counsel asked the Court for permission to file the

motion, she missed the deadline.  Palin's counsel asked the Court for permission to file a motion

for reconsideration on July 8, *sixteen* days after the June 22 *Liu* decision.  *See Scarsdale Cent.*

*Serv. Inc. v. Cumberland Farms, Inc.*, 2014 U.S. Dist. LEXIS 86552, at *8-9 (S.D.N.Y. June 24,

---

[1] Courts of this Circuit have held that the 14-day deadline applies even when a party argues there has been an intervening change of controlling law.  *See Bonn-Wittingham v. Project O.H.R. (Office for Homecare Referral), Inc.*, 2017 U.S. Dist. LEXIS 75286, at *6 (E.D.N.Y. May 17, 2017); *Commercial Union Ins. Co. v. Blue Water Yacht Club Ass'n*, 289 F. Supp. 2d 337, 339 (E.D.N.Y. 2003)

2014) (reconsideration motion filed on fifteenth day denied as untimely); *Luv n' Care, Ltd. v. Regent Baby Prods. Corp.*, 986 F. Supp. 2d 400, 410-11 (S.D.N.Y. 2014) (same).

Under even the most generous timeline, Palin's motion is untimely.

## II.   *LIU* DOES NOT ESTABLISH NEW LAW AND IT THEREFORE PROVIDES NO BASIS FOR RECONSIDERATION

"A motion for reconsideration 'is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple.'" *Silverman*, 2019 U.S. Dist. LEXIS 106316, at *2 (quoting *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012)); *see also Joint Stock Co.*, 2020 U.S. Dist. LEXIS 52697, at *15.  Therefore, as this Court has recognized, "arguments that are raised for the first time on a motion for reconsideration . . . are generally considered waived."  *In re Document Techs. Litig.*, 2017 U.S. Dist. LEXIS 115368, at *9 (citation omitted).

Palin waived any argument that she could recover restitution under this Court's inherent equitable powers by failing to raise that argument in her opposition to Defendants' original motion.  She instead argued only that such damages are available under New York state law.  *See* Dkt. 80 at 4-5.  Palin's new theory, based on the Court's inherent equitable powers, was fully available to her at the time the original motion was briefed.  Indeed, Palin expressly concedes that *Liu* does not establish new law when she acknowledge that *Liu* "confirms" the history and purpose of disgorgement damages.  Dkt. 111 at 1.  Palin primarily cites cases decided years or even decades prior to this Court's order, cases she could have cited when opposing Defendants' original motion.

### III.    ON THE MERITS, *LIU* WOULD NOT ALTER THE COURT'S PRIOR RULING

Even if Palin had not waived this issue by failing to raise it earlier, *Liu* presents no basis

for the Court to alter its prior ruling dismissing her claim for disgorgement damages because the

rule in *Liu* is irrelevant to the basis for the Court's prior order.  Local Rule 6.3 allows a motion

for reconsideration based on "matters or controlling decisions which counsel believes the Court

has overlooked."  The Supreme Court in *Liu* considered whether the SEC's statutory power to

seek "equitable relief" in civil proceedings permits an award of disgorgement damages in

enforcement actions.  The opinion discusses the history of disgorgement but says nothing about

(1) whether federal courts have the power to award disgorgement in diversity cases pursuant to

their equitable powers or (2) the availability of disgorgement in a defamation case under New

York law or the common law more broadly.  *See Liu*, 207 L. Ed. 2d at 411-15. The Supreme

Court's discussion of the history of disgorgement in *dicta* does not affect this Court's holding

that disgorgement is not a proper remedy for Palin in this case as a matter of law.  *Palin v. N.Y.*

*Times Co.*, 2020 U.S. Dist. LEXIS 11544, at *5 (S.D.N.Y. Jan. 21, 2020) (Rakoff, J.).

More specifically, in recounting the history of the disgorgement remedy, the Supreme

Court observed that, "[a]t the same time courts recognized that the wrongdoer should not profit

by his own wrong, they also recognized the countervailing equitable principle that the wrongdoer

should not be punished by paying more than a fair compensation to the person wronged."  *Liu*,

207 L. Ed. 2d at 412 (internal marks and citation omitted).  This Court previously concluded that

"Palin is attempting to obtain an additional remedy that bears no relation to the injury she

suffered, because she does not claim that she would have been entitled to receive a portion of

The Times' advertising revenues if she had not been defamed."  *Palin*, 2020 U.S. Dist. LEXIS

11544 at *5-6.  Therefore, even if this Court had the power to make an equitable award of the

type Palin once again demands, the Court already has recognized that such an award would not be appropriate here.

Finally, a disgorgement award in the circumstances of this case would be barred by the First Amendment.  A state's only legitimate interest in affording its citizens a cause of action for defamation extends "no further" than compensating them for "actual injury" they have sustained as a result of the defamation. *Gertz v. Robert Welch, Inc.*, 418 U.S. 323, 349 (1974).  As the Supreme Court explained, "actual injury" is therefore limited to harm actually sustained by the plaintiff as a result of "impairment of reputation and standing in the community, personal humiliation, and mental anguish and suffering." *Id.* at 350.  An award of The Times's profits earned from publications in which the challenged Editorial appeared would not meet this test.

## <u>CONCLUSION</u>

Defendants respectfully submit that, for all of the foregoing reasons, Plaintiff's motion should be denied.

Dated:  New York, New York
      July 20, 2020

Respectfully submitted,

BALLARD SPAHR LLP

By: */s/ Jay Ward Brown*
    Jay Ward Brown
    David L. Axelrod
    Thomas B. Sullivan
    Jacquelyn N. Schell
1675 Broadway, 19th Floor
New York, NY 10019-5820
Phone: (212) 223-0200
Fax: (212) 223-1942
brownjay@ballardspahr.com
axelrodd@ballardspahr.com
sullivant@ballardspahr.com
schellj@ballardspahr.com
*Counsel for Defendants*