UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- X

SARAH PALIN

               Plaintiff,

            -against-

THE NEW YORK TIMES COMPANY and JAMES BENNET,

               Defendants.

------------------------------------- X

No. 17 Civ. 4853 (JSR)

ECF Case

# DEFENDANTS' MEMORANDUM OF LAW
# IN SUPPORT OF MOTION FOR RECONSIDERATION

Jay Ward Brown
David L. Axelrod
Thomas B. Sullivan
Jacquelyn N. Schell
BALLARD SPAHR LLP
1675 Broadway, 19th Floor
New York, NY 10019-5820
Phone: (212) 223-0200
Fax: (212) 223-1942
brownjay@ballardspahr.com
axelrodd@ballardspahr.com
sullivant@ballardspahr.com
schellj@ballardspahr.com

*Counsel for Defendants*

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................................ ii

ARGUMENT ........................................................................................................................................1

I.    NEW YORK'S AMENDED ANTI-SLAPP LAW APPLIES
      RETROACTIVELY ...................................................................................................3

II.   THE ANTI-SLAPP STATUTE REQUIRES PROOF OF ACTUAL MALICE .................4

CONCLUSION .....................................................................................................................................5

# **TABLE OF AUTHORITIES**

**Cases**                                                                                                                             **Page(s)**

*Allstate Ins. Co. v. Serio*,
    261 F.3d 143 (2d Cir. 2001)..................................................................................................5

*Bell v. Maryland*,
    378 U.S. 226 (1964)..............................................................................................................5

*Clean Earth of N. Jersey, Inc. v. Northcoast Maint. Corp.*,
    142 A.D.3d 1032 (2nd Dep't 2016) ......................................................................................3

*Clinton v. Brown & Williamson Holdings, Inc.*,
    652 F. Supp. 2d 528 (S.D.N.Y. 2009)...................................................................................1

*Gleason v. Michael Vee, Ltd.*,
    96 N.Y.2d 117 (2001)...........................................................................................................3

*Meachem v. United States*,
    2020 U.S. Dist. LEXIS 173632 (S.D.N.Y. Sep. 22, 2020).....................................................1

*Nelson v. HSBC Bank USA*,
    87 A.D.3d 995 (2nd Dep't 2011) ..........................................................................................3

*Official Comm. of the Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLP*,
    322 F.3d 147 (2d Cir. 2003)..................................................................................................1

*In re OnBank & Tr. Co.*,
    90 N.Y.2d 725 (1997)...........................................................................................................3

**Statutes**

N.Y. Civ. Rights Law § 70-a ...........................................................................................2, 4

N.Y. Civ. Rights Law § 76-a ......................................................................................2, 4, 5

**Other Authorities**

Assembly Bill 5991-A ........................................................................................................2, 3

Fed. R. Civ. P. 54(b) ..............................................................................................................1

Local Rule 6.3 .......................................................................................................................1

U.S. Const. amend. I .............................................................................................................5

Defendants hereby move pursuant to Fed. R. Civ. P. 54(b), because of an intervening and retroactive change in substantive law, for an order modifying the Court's Opinion & Order (Dkt. 117) ("Op."), in which it denied cross-motions for summary judgment. Specifically, in holding that Plaintiff is required as an element of her cause of action for defamation to prove "actual malice," the Court declined to decide whether that burden arises as a matter of New York state law, instead premising its holding exclusively on the federal Constitution. *See* Op. at 13 n.8. As set forth below, however, on November 10, 2020, New York amended its statutory law expressly to require a person such as Plaintiff to prove actual malice by clear and convincing evidence, and the Court should modify its prior ruling to reflect that, under the revised statute, this element of plaintiff's claim is required independently as a matter of state law.

## ARGUMENT

"[A]ny order or other decision" that does not fully resolve an action "may be revised at any time before the entry of judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). While such orders generally are considered law of the case, courts can and should reconsider earlier decisions where there is "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent a manifest injustice." *Official Comm. of the Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLP*, 322 F.3d 147, 167 (2d Cir. 2003) (citation omitted).[1]

---

[1] *See also Clinton v. Brown & Williamson Holdings, Inc.*, 652 F. Supp. 2d 528, 529-30, 537 (S.D.N.Y. 2009) (reconsidering and modifying summary judgment order more than two years after entry, where motion was served eight days after Supreme Court decision changing law); *Meachem v. United States*, 2020 U.S. Dist. LEXIS 173632, at *11 (S.D.N.Y. Sept. 22, 2020) (reconsidering and revising order issued more than three months earlier, on motion filed forty-six days after Supreme Court decision changing relevant law). Defendants requested leave to file the instant motion pursuant to the Court's Individual Rule 2 on November 23, 2020, 13 days after the change in New York law, and thus complied with Local Rule 6.3, to the extent the deadline applies to motions based on a change in law.

On the cross-motions for summary judgment addressed by the Court, Plaintiff argued that she is not required to prove actual malice by clear and convincing evidence on the ground that the federal Constitutional rule imposing that burden either is no longer good law or does not apply to her case.  Dkt. 100 at 1-6; Dkt. 112 at 2, 5.  Defendants argued, *inter alia*, both that the federal Constitutional rule applies, and that New York state law also independently imposed the requirement that Plaintiff prove actual malice.  Dkt. 96 at 12; Dkt. 104 at 6-7; Dkt. 113 at 1 n.1.  The Court held that the federal Constitutional rule applies, Op. at 12-13, and it declined to reach the argument that New York law independently imposes that burden on Plaintiff, *id.* n.8.

Whatever may have been the correct answer as to whether New York state law independently imposed the actual malice requirement on Plaintiff as of the date the Court rendered its decision in August, on November 10, 2020, any doubt was eliminated:  Gov. Cuomo signed into law Assembly Bill 5991-A, which substantially expanded New York's existing "Anti-SLAPP" statute.  Insofar as relevant here, the amendments, which expressly "take effect immediately," A.B. 5991-A § 4, impose on persons such as Plaintiff the burden of proving actual malice in order to recover damages, N.Y. Civ. Rights Law § 76-a, and the amendments create for parties such as Defendants an affirmative cause of action to recover attorney's fees and other damages from Plaintiff in specified circumstances, *id.* § 70-a.  In order to avoid manifest injustice, the Court should rule that the amended Anti-SLAPP statute applies retroactively to this action from the time of filing the original Complaint (or, at a minimum, that it applies to this action from November 10, 2020, forward), and the Court should amend its prior Opinion & Order to hold that the requirement that Plaintiff prove actual malice by clear and convincing evidence is an independent requirement of state law, all apart from what the federal Constitution also may require.

### I.     NEW YORK'S AMENDED ANTI-SLAPP LAW APPLIES RETROACTIVELY

Generally, there are two axioms of statutory interpretation that determine whether a statute should be given retroactive effect. *Gleason v. Michael Vee, Ltd.*, 96 N.Y.2d 117, 122 (2001); *Clean Earth of N. Jersey, Inc. v. Northcoast Maint. Corp.*, 142 A.D.3d 1032, 1036-37 (2nd Dep't 2016). Initially, "[a]mendments are presumed to have prospective application unless the Legislature's preference for retroactivity is explicitly stated or clearly indicated." *Nelson v. HSBC Bank USA*, 87 A.D.3d 995, 997 (2nd Dep't 2011) (citation omitted). However, "remedial legislation should be given retroactive effect in order to effectuate its beneficial purpose." *Gleason*, 96 N.Y.2d at 122. "Remedial statutes are those designed to correct imperfections in prior law, by generally giving relief to the aggrieved party." *Nelson*, 87 A.D.3d at 998 (internal marks and citations omitted).

While these axioms are helpful guideposts, "the reach of the statute ultimately becomes a matter of judgment made upon review of the legislative goal." *In re OnBank & Tr. Co.*, 90 N.Y.2d 725, 730 (1997) (citation omitted). Other factors a Court should consider include "whether the Legislature has made a specific pronouncement about retroactive effect or conveyed a sense of urgency; whether the statute was designed to rewrite an unintended judicial interpretation; and whether the enactment itself reaffirms a legislative judgment about what the law in question should be." *Clean Earth*, 142 A.D.3d at 1037; *Gleason*, 96 N.Y.2d at 122 (retroactively applying CPLR amendment that was intended to clarify prior judicial interpretations and that was to take "effect immediately, [which] evince[s] a sense of urgency" on part of Legislature).

On its face, the amending legislation provides that it is to "take effect immediately." A.B. 5991-A § 4. Moreover, there can be no dispute that the legislation is both "remedial" and intended to correct narrow judicial interpretations of the prior version of the statute. The bill's

3

sponsor stated that it was designed to "better advance the purposes that the Legislature originally identified in enacting New York's anti-SLAPP law," as the prior anti-SLAPP law "as drafted, and as narrowly interpreted by the courts . . . failed to accomplish that objective."[2]  Gov. Cuomo's statement in signing the bill also demonstrates this intent:  "For too long, powerful and wealthy interests have used frivolous lawsuits to harass and intimidate critics by burdening them with exorbitant legal fees and time consuming legal processes. ***That ends now***."[3]

Given the substantive burdens and rights the amending legislation creates, and given the important public interests it is intended to advance, the Court should hold that New York's amended Anti-SLAPP statute applies retroactively to this action to the date the original Complaint was filed, or at a minimum, from November 10, 2020 forward.  *See* N.Y. Civ. Rights Law § 70-a (statute applies to action "commenced or continued" in violation of its terms).

## II. THE ANTI-SLAPP STATUTE REQUIRES PROOF OF ACTUAL MALICE

New York's revised Anti-SLAPP statute provides that

> [i]n an action involving public petition and participation, damages may only be recovered if the plaintiff, in addition to all other necessary elements, shall have established by clear and convincing evidence that any communication which gives rise to the action was made with knowledge of its falsity or with reckless disregard of whether it was false, where the truth or falsity of such communication is material to the cause of action at issue.

N.Y. Civil Rights Law § 76-a(2).[4]

---

[2] Sponsor Mem. of Sen. Hoylman (July 22, 2020), https://www.nysenate.gov/legislation/bills/2019/s52.

[3] *See* Office of Gov. Cuomo, *New Law Deters Abusive "Strategic Lawsuits Against Public Participation" - Known as SLAPP Lawsuits* (Nov 10. 2020), https://www.governor.ny.gov/news/governor-cuomo-signs-legislation-stop-frivolous-lawsuits-meant-intimidate-bully-or-suppress (emphasis added).

[4] In addition to this change in substantive law, the revised Anti-SLAPP statute imposes certain procedural burdens on a plaintiff.  *See* N.Y. Civ. Rights Law § 70-a(1)(a).  Defendants do not here contend that such procedural elements of the Anti-SLAPP statute apply in federal court.

4

The present case clearly qualifies as one involving public petition and participation under this standard, because it involves "lawful conduct in furtherance of the exercise of the constitutional right of free speech in connection with an issue of public interest," N.Y. Civ. Rights Law § 76-a(1)(a)(2):  Namely, Defendants' discussion on the Op/Ed page of a newspaper of the impact of inflammatory political rhetoric and its potential negative consequences.

Given Plaintiff's stated intent to challenge the standard of fault that applies to her claim under the First Amendment, a ruling from this Court on the fault standard applicable under New York law would assist the parties and the Court in several distinct ways.  All apart from establishing whether Defendants could have a cause of action against Plaintiff for recovery of attorney's fees and other damages if she "maintains" this action, a ruling now on the applicability of state law will inform the drafting of jury instructions at trial, simplify future proceedings including on appeal, and, more generally, give effect to the principle that, "where possible, courts will render decisions on federal constitutional questions unnecessary by resolving cases on the basis of state law (whether statutory or constitutional)." *Allstate Ins. Co. v. Serio*, 261 F.3d 143, 150 (2d Cir. 2001) (citing *Bell v. Maryland*, 378 U.S. 226, 237 (1964)).

## CONCLUSION

Defendants respectfully request that the Court grant their motion, and amend its prior Opinion & Order to hold that New York's Anti-SLAPP statute applies to this action insofar as it requires Plaintiff to prove actual malice by clear and convincing evidence.

| | |
|---|---|
| Dated:  New York, New York<br>            November 30, 2020 | Respectfully submitted,<br><br>BALLARD SPAHR LLP<br><br>By: */s/ Jay Ward Brown* |

                Jay Ward Brown
                David L. Axelrod
                Thomas B. Sullivan
                Jacquelyn N. Schell
1675 Broadway, 19th Floor
New York, NY 10019-5820
Phone: (212) 223-0200
Fax: (212) 223-1942
brownjay@ballardspahr.com
axelrodd@ballardspahr.com
sullivant@ballardspahr.com
schellj@ballardspahr.com
*Counsel for Defendants*