UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SARAH PALIN, an individual, | No. 17 Civ. 4853 |
| Plaintiff, | |
| – against – | Hon. Jed S. Rakoff |
| THE NEW YORK TIMES COMPANY, a New York corporation, | ECF Case |
| Defendant. | |

**PLAINTIFF'S RESPONSE TO DEFENDANTS MEMORANDUM
OF LAW IN SUPPORT OF MOTION FOR RECONSIDERATION**

BAJO | CUVA | COHEN | TURKEL
100 North Tampa Street, Suite 1900
Tampa, Florida 33602
Telephone: (813) 443-2199
Facsimile: (813) 443-2193

and

GOLENBOCK EISEMAN ASSOR BELL
& PESKOE LLP
711 Third Avenue
New York, NY 10017
Telephone: (212) 907-7300
Facsimile: (212) 754-0330

*Attorneys for Plaintiff Sarah Palin*

## TABLE OF CONTENTS

Table of Authorities ................................................................................................... ii

Response .................................................................................................................. 1

Certificate of Service ............................................................................................... 6

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Assoc. of Car Wash Owners Inc. v. City of New York*, 911 F.3d 74 (2d Cir. 2018) ................................................................................................................ 1

*Christianson v. Colt Industries Operating Corp.*, 486 U.S. 800, 108 S.Ct. 2166, 100 L.Ed.2d 811 (1988) ....................................................................................... 1

*Clean Earth of N. Jersey, Inc. v. Northcoast Maint. Corp.*, 142 A.D.3d 1032, (2d Dep't 2016) ................................................................................................... 2

*Corpac v. Rubin & Rothman, LLC*, 10 F.Supp.3d 349 (E.D.N.Y. 2013) ...................................... 1

*Eastern Enterprises v. Apfel*, 524 U.S. 498 (1998) .......................................................... 3

*Fernandez-Vargas v. Gonzales*, 548 U.S. 30 (2006) ....................................................... 4

*Gleason v Gleason*, 26 NY2d 28 (1970) ....................................................................... 3

*Gleason v. Michael Vee, Ltd.*, 96 N.Y.2d 117, (2001) ..................................................... 2

*Gurnee v Aetna Life & Cas. Co.*, 55 NY2d 184 (1982) .................................................... 3

*Landgraf v. U.S. Film Products*, 511 U.S. 244 (1994) ...................................................... 3

*Majewski v. Broadalbin-Perth Cent. School Dist.*, 91 NY2d 577 (1998) ...................................... 3

*Matter of Beary v. City of Rye*, 44 NY2d 398 (1978) ....................................................... 4

*Matter of Chrysler Props. v Morris*, 23 NY2d 515 (1969) ................................................. 3

*Nelson v. HSBC Bank USA*, 87 A.D.3d 995 (2nd Dep't 2011) ............................................ 2

*OGI Oceangate Transp. Co. Ltd. v. RP Logistics Pvt. Ltd.*, 06 CIV. 9441(RWS), 2007 WL 2900225 (S.D.N.Y. Oct. 4, 2007) ................................................................. 1

*Pension Ben. Guar. Corp. v. R. A. Gray & Co.*, 467 U.S. 717 (1984) ...................................... 5

*Regina Metropolitan Co., LLC v. New York State Division of Housing and Community Renewal*, 35 N.Y.3d 332 (2020) ............................................................ 3, 4, 5

*Usery v Turner Elkhorn Mining Co.*, 428 U.S. 1 (1976) ........................................................ 3, 4

Defendants unnecessarily seek reconsideration of a ruling made *in their favor* requiring Plaintiff to prove actual malice at trial. Supposedly, they claim reconsideration is necessary to prevent "manifest injustice,"[1] but it appears that their true intent is to obtain this Court's advisory opinion as to whether recently enacted amendments to New York's Anti-SLAPP statutes apply retroactively. See Doc. 120 at p. 2. This extraordinary[2] request should be denied for several reasons.

***First***, Defendants fail to establish extraordinary circumstances[3] warranting this Court's issuance of what amounts to an advisory opinion[4] concerning the retroactive application of New York's November 10, 2020 amendments to N.Y. Civil Rights Law § 70-a and § 76-a and NY CPLR Rule 3211. There is nothing to gain through reconsideration of this Court's decision that Plaintiff already must prove actual malice at trial. *See* Doc. 117 at pp. 12-13. As a practical matter, it does not matter for purposes of trial whether the actual malice requirement emanates from federal constitutional or state statutory law—the jury should not be instructed on the source of the actual malice requirement. Moreover, *if* this case is appealed after trial, and *if* the source of the actual

---

[1] In the context of a reconsideration motion, "manifest injustice" is defined as "an error committed by the trial court that is direct, obvious, and observable." *See Corpac v. Rubin & Rothman, LLC*, 10 F.Supp.3d 349, 354 (E.D.N.Y. 2013). Defendants' Motion raises no such error.

[2] "[R]egardless of what the basis for reconsideration is, while acknowledging a court's power to revisit its own decision, the Supreme Court has cautioned that 'as a rule courts should be loathe to do so in the absence of extraordinary circumstances....'" *Corpac*, 10 F.Supp.3d at 354 (citing *OGI Oceangate Transp. Co. Ltd. v. RP Logistics Pvt. Ltd.*, 06 CIV. 9441(RWS), 2007 WL 2900225, at *1 n. 1 (S.D.N.Y. Oct. 4, 2007) (quoting *Christianson v. Colt Industries Operating Corp.*, 486 U.S. 800, 817, 108 S.Ct. 2166, 100 L.Ed.2d 811 (1988)).

[3] Defendants baldly claim reconsideration is necessary to "inform the drafting of jury instructions at trial, simplify future proceedings on appeal, and, more generally, give effect to the principle that, 'where possible, courts will render decisions on federal constitutional questions unnecessary by resolving cases on the basis of state law (whether statutory or constitutional).'" *See* Doc. 120 at p. 5.

[4] Obviously, federal courts are not in the business of providing advisory opinions. *Assoc. of Car Wash Owners Inc. v. City of New York*, 911 F.3d 74, 85 (2d Cir. 2018).

malice requirement is an issue raised on appeal, nothing will be "simplified" by granting reconsideration. Defendants have already preserved their argument that actual malice must also be proven as a matter of state law, and *if* that is an issue raised in Defendants' hypothetical appeal, it can be adequately briefed and argued at that time.

***Second,*** Defendants' contention that the November 10, 2020 amendments to § 76-a are "remedial" and apply retroactively is incorrect. Defendants' reliance on *Gleason v. Michael Vee, Ltd.,* 96 N.Y.2d 117, 122 (2001), *Clean Earth of N. Jersey, Inc. v. Northcoast Maint. Corp.*, 142 A.D.3d 1032, 1036-1037 (2d Dep't 2016), and *Nelson v. HSBC Bank USA*, 87 A.D.3d 995, 997 (2nd Dep't 2011), including *Nelson's* presumption of "prospective application," are misplaced. Defendants base their arguments on the "remedial" nature of the recent Anti-SLAPP amendments, but improperly lump them together without delineating between the different language used in and implications of the changes to Sections 70-a and 76-a. Viewed in context, the changes made to Section 70-a *appear* to be "remedial" in nature, but the changes to Section 76-a are not. Section 70-a provides for a claim for damages and the now-mandatory recovery of attorneys' fees by defendants faced with SLAPP suits; changes which directly coincide with the "remedial" nature of the statements Defendants cite concerning legislative intent.[5] *See* Doc. 120 at p. 4. Defendants' Motion, however, is solely based on the amendments to Section 76-a (which contains the requirement that actual malice be establish by clear and convincing evidence to recover damages),

---

[5] For example, Gov. Cuomo's cited statement pertains to "frivolous lawsuits," a clear reference to only § 70-a, which applies to cases "without a substantial basis in fact and law…" Section 76-a is devoid of any reference to "frivolous" actions. Similarly, the legislative history of the amendments addresses the failure of trial courts to award attorneys' fees for frivolous SLAPP suits as the being the impetus for the changes making attorneys' fees awards mandatory rather than discretionary under Section 70-a.

2

and Defendants do not cite any legislative intent or other evidence indicating that the changes to Section 76-a qualify as or were intended to be remedial in nature.

**Third**, because Defendants concede the changes to Section 76-a nevertheless impact "substantive burdens and rights" and constitute a "change in substantive law" (*See* Doc. 120 at pp. 4 and n. 4), the changes to Section 76-a trigger the standards enunciated in *Regina Metropolitan Co., LLC v. New York State Division of Housing and Community Renewal*, 35 N.Y.3d 332 (2020). Specifically, because the changes to Section 76-a, "if applied to past conduct, would impact substantive rights and have retroactive effect, the presumption ***against retroactivity*** is triggered." Id. at 370 (emphasis added).  As explained in *Regina,* 35 N.Y.3d at 370::

> As opposed to a decisional change in the common law—which typically but not invariably applies "to all cases still in the normal litigating process" (*Gurnee v Aetna Life & Cas. Co.*, 55 NY2d 184, 190-191 [1982] [citation omitted] [permitting retroactive application of interpretation of insurance law "to all claims not barred by the Statute of Limitations"])—generally, a statute is presumed to apply only prospectively (*Majewski*, 91 NY2d at 584). Retroactive legislation is viewed with "great suspicion" (*Matter of Chrysler Props. v Morris*, 23 NY2d 515, 521 [1969]). This "deeply rooted" presumption against retroactivity is based on "[e]lementary considerations of fairness [that] dictate that individuals should have an opportunity to know what the law is and to conform their conduct accordingly" (*Landgraf*, 511 US at 265). As the Supreme Court has cautioned, careful consideration of retroactive statutes is warranted because "[t]he Legislature's unmatched powers allow it to sweep away settled expectations suddenly and without individualized consideration" and "[i]ts responsivity to political pressures poses a risk that it may be tempted to use retroactive legislation as a means of retribution against unpopular groups or individuals" (*id.* at 266).
>
> In light of these concerns, "[i]t takes a clear expression of the legislative purpose . . . to justify a retroactive application" of a statute (*Gleason v Gleason*, 26 NY2d 28, 36 [1970] [internal quotation marks and citation omitted]), which "assures that [the legislative body] itself has affirmatively considered the potential unfairness of retroactive application and determined that it is an acceptable price to pay for the countervailing benefits" (*Landgraf*, 511 US at 272-273). The ultimate question here, therefore, is one of statutory interpretation: whether the legislature has expressed a sufficiently clear intent to apply the overcharge calculation amendments retroactively to these pending appeals. There is certainly no requirement that particular words be used—and, in some instances, retroactive intent can be discerned from the nature of the legislation (*see e.g. Eastern Enterprises v Apfel*, 524 US 498 [1998]; *Usery v Turner Elkhorn Mining Co.*, 428

3

US 1 [1976]). But the expression of intent must be sufficient to show that the legislature contemplated the retroactive impact on substantive rights and intended that extraordinary result. Even within the same legislation, language may be sufficiently clear to effectuate application of some amendments to cases arising from past conduct but not others with more severe retroactive effect (*see Landgraf*, 511 US at 280-281; *Matter of Beary v City of Rye*, 44 NY2d 398, 410-411 [1978]).

Here, New York's legislature did not include an unequivocal textual expression that the statute was intended to apply to past conduct, nor an express prescription of the statute's temporal reach. *Id*. at 373. To the contrary, whereas Section 70-a(1) specifically states that it applies to "any person who commenced ***or continued*** such action" (emphasis added), Section 76-a contains no such temporal expression. As explained in *Regina*, this indicates the Legislature did not intend for Section 76-a to have retroactive application. *Id*. at 373-74. Similarly, the amendment to Section 76-a is devoid of language indicating that it applies to "claims pending" or similar verbiage clearly evincing a legislative intent to apply the amendments to claims that were commenced prior to enactment. *Id.* Clearly, if New York's legislature intended retroactive application, it would have included the same type of language ("or continued") it used in Section 70-a in Section 76-a. It did not, and there is no basis for the Court to reach a "comparably firm conclusion"—applying "normal rules of construction"—of legislative intent to apply the amendments to Section 76-a to conduct that occurred previously or pending claims. *Id.* (citing *Fernandez-Vargas v Gonzales*, 548 US 30, 37 (2006) (citation omitted)).

**Lastly**, even if the amendments to Section 76-a could arguably be said to apply retroactively, that would raise a bevy of constitutional issues Defendants completely fail to address in their Motion and which would require briefing well-beyond the page limits imposed on the current Motion and Response. As noted in *Regina*, "[b]ecause '[r]etroactive legislation presents problems of unfairness that are more serious than those posed by prospective legislation' *Romein*, 503 US at 191, 'the justifications for [prospective legislation] may not suffice for the [retroactive

4

aspects].'"  *Id.* at 374 (*citing Pension Ben. Guar. Corp. v. R. A. Gray & Co.*, 467 US 717, 730 (1984)).  Retroactive application implicates due process concerns and, therefore, there must be a "persuasive reason" for the "potentially harsh" impacts of retroactivity.  *Id*.  In determining whether retroactive application of a statute is supported by the rational basis necessary to satisfy due process, the length of the retroactivity period and its purpose are critical.  *Regina*, 35 N.Y.3d at 376.  Also, as the Supreme Court has observed, retroactive legislation that reaches "particularly far" into the past and substantially impacts civil liability raises "substantial questions of fairness."  *Id.* at 385-86 (citation omitted).  Here, by way of example, the retroactive application of Section 76-a would impose a significant element of proof (actual malice by clear and convincing evidence) upon Plaintiff on a claim based on conduct occurring over three years ago.  Thus, it would require a substantial showing of rational justification for retroactive application to satisfy due process in this case—which Defendants made no effort in their Motion to establish.

Ultimately, Defendants have not established sufficient (let alone "extraordinary") justification for the Court to revisit its prior decision, which already requires Plaintiff to prove actual malice at trial.  New York's recent changes to Section 76-a are not remedial in nature and, even if they were, Defendants failed to establish the legislature's intent to apply the actual malice requirement to all claims involving all "action[s] involving public participation and participation" retroactively.[6]  Moreover, even if such intentions could be shown, the retroactive application of Section 76-a presents serious constitutional questions Defendants also failed to address in the motion, further warranting denial of their reconsideration request.  Simply stated, there is no good reason for the Court to issue an advisory opinion on the retroactive application of Section 76-a in a case in which it has already held as a matter of law that Plaintiff must prove actual malice.

---

[6] The scope of the ruling Defendants seek from this Court goes well-beyond Plaintiff's claims.

Dated: December 7, 2020.  Respectfully submitted,

/s/ Shane B. Vogt
Kenneth G. Turkel (admitted *pro hac vice*)
Email:  kturkel@bajocuva.com
Shane B. Vogt (admitted *pro hac vice*)
Email:  svogt@bajocuva.com
BAJO | CUVA | COHEN | TURKEL
100 North Tampa Street, Suite 1900
Tampa, Florida 33602
Telephone:  (813) 443-2199
Facsimile: (813) 443-2193

Michael Munoz
E-mail:  mmunoz@golenbock.com
GOLENBOCK EISEMAN ASSOR BELL
& PESKOE LLP
711 Third Avenue
New York, NY  10017
Telephone:  (212) 907-7300
Facsimile: (212) 754-0330

*Attorneys for Plaintiff Sarah Palin*

## CERTIFICATE OF SERVICE

    I hereby certify that Plaintiff's Response to Defendants' Memorandum of Law in Support of Motion for Reconsideration was filed electronically on December 7, 2020.  This Notice will be sent by operation of the Court's electronic filing system to counsel of record for all parties as indicated on the electronic filing receipt.  Parties and their counsel may access this filing through the Court's system.

/s/ Shane B. Vogt
Attorney