UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

SARAH PALIN,

                Plaintiff,

-against-

THE NEW YORK TIMES COMPANY and JAMES BENNET,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

No. 17 Civ. 4853 (JSR)

ECF Case

## DEFENDANTS' REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR RECONSIDERATION

Jay Ward Brown
David L. Axelrod
Thomas B. Sullivan
Jacquelyn N. Schell
BALLARD SPAHR LLP
1675 Broadway, 19th Floor
New York, NY 10019-5820
Phone: (212) 223-0200
Fax: (212) 223-1942
brownjay@ballardspahr.com
axelrodd@ballardspahr.com
sullivant@ballardspahr.com
schellj@ballardspahr.com

*Counsel for Defendants*

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*N.Y. Times Co. v. Sullivan*,
    376 U.S. 254 (1964)..................................................................................................................1

*Palin v. N.Y. Times Co.*,
    2020 U.S. Dist. LEXIS 156866, at *11, 13 n.8 (S.D.N.Y. Aug. 28, 2020) ................................1

*Regina Metro. Co. v. N.Y. State Div. of Hous. & Community Renewal*,
    35 N.Y.3d 332, 365 (2020) .......................................................................................................2

Defendants asked this Court to modify its prior ruling on the parties' cross-motions for summary judgment to reflect that, under the revised New York anti-SLAPP statute, Plaintiff is required to prove actual malice by clear and convincing evidence as a matter of state law.  In her opposition, Governor Palin argues that Defendants are seeking "what amounts to an advisory opinion" because she "already must prove actual malice at trial," Dkt. 123 at 1, while at the same time she contends that applying the anti-SLAPP statute would "impact substantive rights" and "raise a bevy of constitutional issues," *id.* at 3-4.  In reality, Defendants are simply asking the Court to exercise its discretion to recognize a change in state law intended to take effect immediately.

The Court's ruling would not be an advisory opinion.  Plaintiff filed a motion for partial summary judgment asking this Court either to overturn *N.Y. Times Co. v. Sullivan*, 376 U.S. 254 (1964) or "else to distinguish that case on the facts and refuse to apply the actual malice rule here," *Palin v. N.Y. Times Co.*, 2020 U.S. Dist. LEXIS 156866, at *11 (S.D.N.Y. Aug. 28, 2020).  This Court found that it need not rule on the question of whether, as Defendants' argued, New York state law separately required Palin to meet the actual malice test, because the First Amendment imposes this burden, *id.* at *13 n.8.  As Plaintiff herself recognized in her briefing, States "can strike the required balance between constitutionally protected free speech and the individual's right to protect his or her good name," including by enacting anti-SLAPP laws.  Dkt. 100 at 20.  Now that New York's anti-SLAPP statute unambiguously provides that actual malice is the fault standard under New York law, it is entirely appropriate for this Court to rule on this issue, saving the parties and courts from devoting resources to adjudicating the federal Constitutional question hereafter.

The revisions to Section 76-a, along with the rest of the amendments, were intended to be remedial.  The anti-SLAPP act has always required the plaintiff in an action to prove actual malice in cases which it applied.  Section 76-a was amended to expand the class of actions falling within

1

the anti-SLAPP law's ambit.  As the Senate sponsor noted, "[i]n practice, the current statute has been strictly limited to cases initiated by persons or business entities that are embroiled in controversies over a public application or permit, usually in a real estate development situation." Sponsor Mem. of Sen. Hoylman (July 22, 2020), https://www.nysenate.gov/legislation/bills/2019/s52.  The Legislature responded by revising the definition of "action involving public petition and participation" in Section 76-a to include matters of "public interest," which "will better advance the purposes that the Legislature originally identified in enacting New York's anti-SLAPP law." *Id.*

Plaintiff devotes much of her opposition to arguing that a presumption against retroactivity outlined in *Regina Metro. Co. v. N.Y. State Div. of Hous. & Community Renewal*, 35 N.Y.3d 332 (2020), should apply, but that case is inapposite.  The Court of Appeals was concerned with retroactive effects that "would impair rights a party possessed when he acted, increase a party's liability for past conduct, or impose new duties with respect to transactions already completed, thus impacting substantive' rights." *Id.* at 365 (internal marks omitted).  The application of the amended anti-SLAPP statute insofar as it requires Plaintiff to prove actual malice as a matter of state law does none of these things.  Plaintiff's cause of action is substantively unaltered by the change to Section 76-a, it is Defendants' potential liability that is impacted, and, in the context of this case, no new duties are imposed upon Plaintiff.  Rather, the amendment protects Defendants' existing substantive rights against revision of them at the federal level.  For the same reasons, its application here raises no due process concern, nor does it impose any "harsh impact" on Plaintiff.  Granting the motion would simply recognize the Legislature's intent in altering state law in this regard.

## CONCLUSION

Defendants respectfully request that the Court hold that New York's Anti-SLAPP statute applies insofar as it requires Plaintiff to prove actual malice by clear and convincing evidence.

| | |
|---|---|
| Dated: New York, New York<br>December 9, 2020 | Respectfully submitted,<br><br>BALLARD SPAHR LLP<br><br>By: /s/ *Jay Ward Brown*<br><br>Jay Ward Brown<br>David L. Axelrod<br>Thomas B. Sullivan<br>Jacquelyn N. Schell<br>1675 Broadway, 19th Floor<br>New York, NY 10019-5820<br>Phone: (212) 223-0200<br>Fax: (212) 223-1942<br>brownjay@ballardspahr.com<br>axelrodd@ballardspahr.com<br>sullivant@ballardspahr.com<br>schellj@ballardspahr.com<br><br>*Counsel for Defendants* |

3