# Senate Bill S52A

**SIGNED BY GOVERNOR**

2019-2020 Legislative Session

Requires awarding of costs and attorney fees in frivolous action involving public petition and participation

📄 DOWNLOAD BILL TEXT PDF (HTTPS://LEGISLATION.NYSENATE.GOV/PDF/BILLS/2019/S52A)

SHARE THIS BILL

Facebook   Twitter   Email

SPONSORED BY



Brad Hoylman (/Senators/Brad-Hoylman)

**(D, WF)** 27TH SENATE DISTRICT

CURRENT BILL STATUS VIA A5991 - SIGNED BY GOVERNOR

Cited in Palin v NY Times Co 17cv4853 Decided 12/29/20 Archived on 1/4/21 This document is protected by copyright. Further reproduction is prohibited without permission.

YOUR VOICE

DO YOU SUPPORT THIS BILL?

✓ AYE        ✗ NAY

BETA ⓘ (/citizen-guide/bill-alerts)

GET STATUS ALERTS FOR S52A

EMAIL ADDRESS

ACTIONS

**VIEW ACTIONS (13)** ⌄

VOTES

**VIEW VOTES** ⌄

BILL AMENDMENTS

**A (ACTIVE)** ⌄

CO-SPONSORS

Alessandra Biaggi (/Senators/Alessandra-Biaggi)
(D, WF) 34TH SENATE DISTRICT

John C. Liu (/Senators/John-C-Liu)
(D) 11TH SENATE DISTRICT

Gustavo Rivera (/Senators/Gustavo-Rivera)
(D, WF) 33RD SENATE DISTRICT

S52A (ACTIVE) - DETAILS

See Assembly Version of this Bill:

A5991 (/Legislation/Bills/2019/A5991/Amendment/A)

Law Section:

Civil Rights Law

Laws Affected:

Amd §§70-a & 76-a, Civ Rts L; amd R3211, CPLR

Versions Introduced in Other Legislative Sessions:

Cited in Palin v NY Times Co
17cv4853 Decided 12/29/20
Archived on 1/4/21
this document is protected by copyright.
Further reproduction is prohibited without permission.

2011-2012: A10594 (/Legislation/Bills/2011/A10594),
2013-2014: S7280 (/Legislation/Bills/2013/S7280), A856 (/Legislation/Bills/2013/A856)
2015-2016: S1638 (/Legislation/Bills/2015/S1638), A258 (/Legislation/Bills/2015/A258)
2017-2018: S68 (/Legislation/Bills/2017/S68), S2183 (/Legislation/Bills/2017/S2183), A1413 (/Legislation/Bills/2017/A1413), A5292 (/Legislation/Bills/2017/A5292)

## S52A (ACTIVE) - SUMMARY

Requires awarding of costs and attorney fees in frivolous actions involving public petition and participation; expands application of actions involving public petition and participation.

## S52A (ACTIVE) - SPONSOR MEMO

```
BILL NUMBER: S52a              REVISED 07/22/2020

SPONSOR: HOYLMAN

TITLE OF BILL:

An act to amend the civil rights law, in relation to actions involving
public petition and participation; and to amend the civil practice law
and rules, in relation to stay of proceedings


PURPOSE OF BILL:

The purpose of this bill is to extend the protection of New York's
current law regarding Strategic Lawsuits Against Public Participation
("SLAPP suits"). The amendment will protect citizens' exercise of the
rights of free speech and petition about matters of public interest.


SUMMARY OF PROVISIONS OF BILL:

Section 1 of the bill would amend section 70-a of the Civil Rights Laws
to provide that costs and attorney's fees "shall be recovered upon a
demonstration that a SLAPP suit was commenced or continued without a
```

**VIEW MORE (77 LINES)** ⌄

## S52A (ACTIVE) - BILL TEXT

DOWNLOAD PDF (HTTPS://LEGISLATION.NYSENATE.GOV/PDF/BILLS/2019/S52A)

Cited in Palin v NY Times Co 17cv4853 Decided 12/29/20
Archived on 1/4/21
This document is protected by copyright. Further reproduction is prohibited without permission.

```
                            S T A T E   O F   N E W   Y O R K
_____

                                      52--A

                           2019-2020 Regular Sessions

                                 I N  S E N A T E

                                    (PREFILED)

                                  January 9, 2019
                                   _____

Introduced  by  Sen. HOYLMAN -- read twice and ordered printed, and when
  printed to be committed to the Committee on Codes  --  recommitted  to
  the  Committee  on  Codes  in accordance with Senate Rule 6, sec. 8 --
  committee discharged, bill amended, ordered reprinted as  amended  and
  recommitted to said committee

AN  ACT  to amend the civil rights law, in relation to actions involving
  public petition and participation; and to amend the civil practice law
  and rules, in relation to stay of proceedings

  THE PEOPLE OF THE STATE OF NEW YORK, REPRESENTED IN SENATE AND  ASSEM-
BLY, DO ENACT AS FOLLOWS:

  Section 1. Paragraph (a) of subdivision 1 of section 70-a of the civil
rights  law,  as added by chapter 767 of the laws of 1992, is amended to
read as follows:
  (a) costs and attorney's fees [may] SHALL be recovered upon  a  demon-
stration,  INCLUDING AN ADJUDICATION PURSUANT TO SUBDIVISION (G) OF RULE
THIRTY-TWO HUNDRED ELEVEN OR SUBDIVISION (H) OF RULE THIRTY-TWO  HUNDRED
TWELVE  OF  THE  CIVIL PRACTICE LAW AND RULES, that the action involving
public petition and participation was commenced or continued  without  a
substantial  basis  in  fact  and  law  and  could not be supported by a
substantial argument for the  extension,  modification  or  reversal  of
existing law;
  § 2.  Subdivision 1 of section 76-a of the civil rights law, as added
by chapter 767 of the laws of 1992, is amended to read as follows:
  1. For purposes of this section:
  (a) An "action involving public petition  and  participation"  is  [an
action,]  A  claim[,  cross  claim  or  counterclaim for damages that is
brought by a public applicant or permittee, and is materially related to
any efforts of the defendant to report on, comment on,  rule  on,  chal-
lenge or oppose such application or permission] BASED UPON:
  (1)  ANY COMMUNICATION IN A PLACE OPEN TO THE PUBLIC OR A PUBLIC FORUM
IN CONNECTION WITH AN ISSUE OF PUBLIC INTEREST; OR
  (2) ANY OTHER LAWFUL CONDUCT IN FURTHERANCE OF  THE  EXERCISE  OF  THE
```

**VIEW MORE (65 LINES)** ⌄

## COMMENTS

Open Legislation comments facilitate discussion of New York State legislation. All comments are subject to moderation. Comments deemed off-topic, commercial, campaign-related, self-promotional; or that contain profanity or hate speech; or that link to sites outside of the nysenate.gov domain are not permitted, and will not be published. Comment moderation is generally performed Monday through Friday.

By contributing or voting you agree to the Terms of Participation and verify you are over 13.

Cited in Palin v. NY Times Co 17cv4853. Decided 12/29/20 Archived on 1/4/21 This document is protected by copyright. Further reproduction is prohibited without permission.





Joseph_Sanderson_1 • 9 months ago

This is an essential bill. I also urge the legislature to make clear that (a) the right to attorneys' fees conferred by this provision is a substantive provision of New York law that applies in federal court as well, and not merely a procedural aspect that applies only in state court; (b) the costs and fees may be awarded in a separate action (for example, if a plaintiff voluntarily dismisses after forcing the defendant to incur expenses defending themseles); and (c) the legislature strongly encourages judges to exercise their discretion to stay discovery pending a motion to dismiss in actions involving public participation (since downstate judges routinely override the preference under the CPLR for stays of disclosure pending a motion to dismiss).

Additionally, it should be made clear in the statute that counterclaims and cross-claims are covered too. Retaliatory counterclaims - for example, suing a plaintiff for libel for a statement to the press about a lawsuit they filed to address issues such as discrimination - are all too common and deter people from speaking up.

∧ | ∨ • Reply • Share ›


**Remy_Green** • a year ago

This bill is an absolutely vital and necessary measure to protect ordinary citizens from well-heeled attempts to cow criticism. For decades, judges within the system have lamented the limits of existing mechanisms to make defendants who face frivolous SLAPPs whole on the most basic level. See Gordon v Marrone, 155 Misc 2d 726, 736 (Sup Ct, Westchester County 1992), aff'd Gordon v Marrone, 202 AD2d 104, 111 (2d Dept 1994), lv. denied Gordon v Marrone, 84 NY2d 813 (1995) ("Persons who have been outspoken on issues of public importance targeted in such suits or who have witnessed such suits
will often choose in the future to stay silent. Short of a gun to the head, a greater threat to First Amendment expression can scarcely be imagined.").

Similarly, while commentators have advocated various workarounds, those solutions necessarily fall short. See e.g., Marnie Stetson, Reforming Slapp Reform: New York's Anti-Slapp Statute, 70 N.Y.U. L. Rev. 1324 at 1345 (1995) (suggesting use of Section 130 "sanctions," but noting limitations on that mechanism); Gordon, 155 Misc. 2d at 737 "The court's lament is its inability to award the Conservancy the full reasonable value of the services of its attorneys and its expenses.").

As to § 3 of the proposed bill, I ask that the following amendment be considered (second sentence is the requested addition) (the language is borrowed heavily from the "safe harbor" provision of NJ R. 1-4.2(b)):

Cited in Palin v NY Times Co
17cv4853 Decided 12/29/20
Archived on 1/4/21
This document is protected by copyright.
Further reproduction is prohibited without permission.

/