UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SARAH PALIN, an individual,<br><br>      Plaintiff,<br><br> – against –<br><br>THE NEW YORK TIMES COMPANY, a New York corporation, and JAMES BENNET, an individual,<br><br>      Defendant. | No. 17 Civ. 4853<br><br>Hon. Jed S. Rakoff<br><br>ECF Case |

**PLAINTIFF'S MEMORANDUM OF LAW
IN SUPPORT OF MOTION IN LIMINE**

        TURKEL CUVA BARRIOS, P.A.
        100 North Tampa Street, Suite 1900
        Tampa, Florida 33602
        Telephone:  (813) 443-2199
        Facsimile: (813) 443-2193

        and

        GOLENBOCK EISEMAN ASSOR BELL
        & PESKOE LLP
        711 Third Avenue
        New York, NY  10017
        Telephone:  (212) 907-7300
        Facsimile: (212) 754-0330

        *Attorneys for Plaintiff Sarah Palin*

## TABLE OF CONTENTS

Table of Contents ................................................................................................................. i

Table of Authorities ............................................................................................................ ii

Argument ........................................................................................................................... 1

Certificate of Service ......................................................................................................... 3

## **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*U.S. v. Brockington*, 849 F.2d 872 (4th Cir. 1988) ........................................................................ 2

*U.S. v. Filippi*, 172 F.3d 864 (4th Cir. 1999) ................................................................................. 2

*U.S. v. Millan*, 817 F.Supp. 1068 (S.D.N.Y. 1993) ....................................................................... 2

*U.S. v. Sloan*, 36 F.3d 386 (4th Cir. 1994) ..................................................................................... 2


**Page(s)**

**OTHER**

Federal Rule of Evidence 103(d) .................................................................................................... 1

Federal Rule of Evidence 104 ......................................................................................................... 1

Federal Rule of Evidence 105 ......................................................................................................... 1

Federal Rules of Evidence 401-402 ................................................................................................ 1

Federal Rule of Evidence 403 ......................................................................................................... 1

Federal Rule of Evidence 404 ......................................................................................................... 1

Federal Rule of Evidence 405 ......................................................................................................... 1

Federal Rule of Evidence 608 ......................................................................................................... 1

Federal Rules of Evidence 801-805 ................................................................................................ 1

*Manual for Complex Litigation, Second* § 22.21 (1985) ............................................................... 2

## ARGUMENT

Plaintiff, Sarah Palin ("Gov. Palin"), by and through her undersigned counsel, moves for the entry of an order precluding Defendants, The New York Times Company and James Bennet, from using, disclosing, discussing, and/or describing the contents of their proposed Trial Exhibits listed on **Exhibit A,** to which Gov. Palin will be asserting objections on January 17, 2022, in accordance with the Court's *Individual Rules of Practice*, during jury selection, opening statements, witness examinations and cross-examinations, and at any other time in the presence of the jury without first obtaining a ruling from the Court on the admissibility of such exhibits.

In their Rule 26(a)(3) Pretrial Disclosures, Defendants identified numerous potential trial exhibits (such as news articles and reports about and videos of Plaintiff) that are objectionable on various grounds, including without limitation: relevancy (Rules 401-402); unfair prejudice and confusion (Rule 403); improper character evidence (Rules 404, 405, 608); and hearsay (Rules 801-805). There may be instances in which these exhibits are excluded from trial, and instances where some of these exhibits are admitted over objection but limiting instructions are necessary and appropriate under *Federal Rule of Evidence* 105 before the jury is exposed to them.

On January 17, 2022, in accordance with Rule 4 of the Court's *Individual Rules of Practice*, Gov. Palin will be asserting her particularized objections to (among others) each of the proposed exhibits listed in **Exhibit A**. However, due to the number of objectionable exhibits and limited amount of time available before trial, it is unlikely their admissibility will be determined in advance of trial.

*Federal Rule of Evidence* 103(d) provides that "[t]o the extent practicable, the court must conduct a jury trial so that inadmissible evidence is not suggested to the jury by any means." *Federal Rule of Evidence* 104 permits courts to make rulings limiting the discussion of certain

1

matters during jury selection, opening statements, and at trial.  See e.g., *U.S. v. Brockington*, 849 F.2d 872, 874–75 (4th Cir. 1988)) (order precluding the mentioning of contested exhibits during opening statements was appropriate"); *U.S. v. Millan*, 817 F.Supp. 1086, 1088 (S.D.N.Y. 1993); *U.S. v. Filippi*, 172 F.3d 864 at *6 (4th Cir. 1999) (citing *U.S. v. Sloan*, 36 F.3d 386, 397–99 (4th Cir. 1994); *see also Manual for Complex Litigation, Second* § 22.21 at 129 (1985).

Given the various grounds upon which Gov. Palin anticipates objecting to the proposed trial exhibits listed in **Exhibit A** and the unfair prejudice and confusion that could result if the jury is exposed to them before their admissibility is determined, Gov. Palin seeks the entry of an order precluding Defendants from using, disclosing, discussing, and/or describing the contents of the proposed trial exhibits listed on **Exhibit A** without first obtaining a ruling from the Court that such materials are admissible.

WHEREFORE, Plaintiff, Sarah Palin, respectfully requests that this Court enter an order precluding Defendants from using, disclosing, discussing, and/or describing the contents of their proposed trial exhibits listed on **Exhibit A** without first obtaining a ruling from the Court that such materials are admissible, including without limitation during jury selection, opening statements, witness examinations and cross-examinations, and at any other time in the presence of the jury; as well as granting such further relief as the Court deems just and proper.

Dated:  January 10, 2022.               */s/ Shane B. Vogt*
                                                          Kenneth G. Turkel (admitted *pro hac vice*)
                                                          Email:  kturkel@tcb-law.com
                                                          Shane B. Vogt (admitted *pro hac vice*)
                                                          Email:  svogt@tcb-law.com
                                                          TURKEL CUVA BARRIOS, P.A.
                                                          100 North Tampa Street, Suite 1900
                                                          Tampa, Florida 33602
                                                          Telephone:  (813) 443-2199
                                                          Facsimile:  (813) 443-2193

- and -

Michael Munoz
E-mail: mmunoz@golenbock.com
GOLENBOCK EISEMAN ASSOR BELL
& PESKOE LLP
711 Third Avenue
New York, NY  10017
Telephone:  (212) 907-7300
Facsimile:  (212) 754-0330

*Attorneys for Plaintiff*

# CERTIFICATE OF SERVICE

I hereby certify that Plaintiff's Memorandum of Law in Support of Plaintiff's Motion in Limine was filed electronically on January 10, 2022.  This Notice will be sent by operation of the Court's electronic filing system to counsel of record for all parties as indicated on the electronic filing receipt.  Parties and their counsel may access this filing through the Court's system.

*/s/ Shane B. Vogt*
Attorney

3