UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SARAH PALIN, an individual, | No. 17 Civ. 4853 |
| Plaintiff, | Hon. Jed S. Rakoff |
| – against – | ECF Case |
| THE NEW YORK TIMES COMPANY, a New York corporation, and JAMES BENNET, an individual, | |
| Defendant. | |

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO
MOTION IN LIMINE REGARDING CASE MANAGEMENT TECHNIQUES**

TURKEL CUVA BARRIOS, P.A.
100 North Tampa Street, Suite 1900
Tampa, Florida 33602
Telephone: (813) 834-9191
Facsimile: (813) 443-2193

and

GOLENBOCK EISEMAN ASSOR BELL
& PESKOE LLP
711 Third Avenue
New York, NY 10017
Telephone: (212) 907-7300
Facsimile: (212) 754-0330
Facsimile: (212) 754-0330

*Attorneys for Plaintiff Sarah Palin*

# **TABLE OF CONTENTS**

Table of Contents ................................................................................................................... i

Table of Authorities ............................................................................................................. ii

Introduction .......................................................................................................................... 1

      A.    Jurors Reading The Editorial And Corrections Before Openings ........................ 1

      B.    Preliminary Instructions ........................................................................................ 2

      C.    Special Verdict Form ............................................................................................ 2

Certificate of Service ............................................................................................................ 4

# **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*Aristocrat Leisure Ltd v. Deutsche Bank Trust Co Americas,* 727 F.Supp.2d 256, (S.D.N.Y 2010) ................................................................................................................ 3

*Cann v. Ford Motor Co.,* 658 F.2d 54 (2d Cir. 1981) ..................................................................... 3

*Cutlass Prods., Inc. v. Bregman*, 682 F.2d 323 (2d Cir. 1982) ....................................................... 3

*Dreiling v. General Electric Co*., 511 F.2d 768 (5th Cir. 1975) ..................................................... 3

*Emamian v. Rockefeller Univ.,* 971 F.3d 380 (2d Cir. 2020) ......................................................... 3

*Masson v. The New Yorker Magazine, Inc.,* 85 F.3d 1394 (9th Cir. 1996) .................................... 1

*Simo Holdings, Inc. v. H.K. uCloudlink Network Tech. Ltd*., 396 F.Supp.3d 323 (S.D.N.Y. 2019) ............................................................................................................... 2

*U.S. v. Batista*, 684 F.3d 333 (2d Cir. 2012) .................................................................................. 1

# INTRODUCTION

As of now, Plaintiff opposes most of the case management procedures Defendants propose in their Motion in Limine Regarding Case Management Techniques [Doc. 140]. Several of them could be addressed at a charging conference. Others are objectionable for the reasons stated below.

## A. Jurors Reading The Editorial And Corrections Before Openings

Governor Palin objects to the proposed procedure of having the jurors read the Editorial and its corrections before opening statements. The request is highly unusual and fraught with risk. There is no authority for allowing jurors to receive evidence before opening statements. Defendants cite *Masson v. The New Yorker Magazine, Inc.,* 85 F.3d 1394 (9th Cir. 1996), but acknowledge the requested procedure is not mentioned in the opinion and merely the "product of [Defendants' attorneys'] first-hand knowledge."

Defendants' claimed justifications for the procedure are highly-suspect. There is no "danger" jurors in this case will "misunderstand a statement taken out of context." Frankly, such speculation is insulting to potential jurors. Moreover, the Court will instruct the jurors, and the law presumes they will follow those instructions See e.g., *U.S. v. Batista*, 684 F.3d 333, 342 (2d Cir. 2012).

Defendants' position that the jurors have to read the Editorial before trial so they will be "untainted by the arguments of counsel about the tone, tenor and subjective meaning of the statements at issue" [Doc. 141 at p. 4] is speculative, lacks foundation, and presumes jurors are incapable of abiding by the instructions the Court provides. Governor Palin is not of the same opinion.

In every defamation case, jurors learn about the defamatory publication during trial and are instructed to examine the defamatory statements in the "publication as a whole" [Doc. 141 at p. 3]. This case does not warrant special treatment.

1

B.  **Preliminary Instructions**

Plaintiff is not opposed to the jury being given appropriate preliminary instructions about the elements of the claim. Frankly, Plaintiffs counsel believes this is helpful.[1]

The Court indicated at the Pretrial Conference held on January 11, 2022, that His Honor is inclined to give the jury a preliminary instruction on the second day of trial and advised counsel to submit their proposed version of a two-page preliminary instruction on January 21, 2022. Plaintiff's counsel will comply with the Court's instructions.

Plaintiff objects to the proposed preliminary instruction attached to Defendants' moving papers as Exhibit A. In particular, the language in the "Defamation Law" section misstates and is argumentative concerning the facts of the case and is an incomplete overview of the law. However, Plaintiff assumes the Court will be addressing this issue in more detail after receiving the parties' submissions on January 21st.

C.  **Special Verdict Form**

As the Court recognized in *Simo Holdings, Inc. v. H.K. uCloudlink Network Tech. Ltd.*, 396 F.Supp.3d 323, 343 (S.D.N.Y. 2019), as a general matter parties are not entitled to special verdicts on each discrete issue of fact, and it is within the trial court's discretion to require only a general verdict.

If a special verdict form is used in this case, Plaintiff objects to Defendants' proposed special verdict form (Exhibit B to their moving papers). Among other things, Defendants' proposal includes the burden of proof for each question and unnecessarily includes or repeats matters already addressed in the jury instructions. *Id.* at 344. Also, Defendants' proposed form

---

[1] In Florida, this practice is now common in civil cases and there are pattern preliminary instructions.

contains questions that could mislead and confuse the jury and/or inaccurately frame the issues to be resolved.  *Aristocrat Leisure Ltd v. Deutsche Bank Trust Co Americas,* 727 F.Supp.2d 256, 281 (S.D.N.Y 2010); *Emamian v. Rockefeller Univ.,* 971 F.3d 380, 389 (2d Cir. 2020); *Cann v. Ford Motor Co.,* 658 F.2d 54 (2d Cir. 1981).  The language Defendants propose is also slanted, and thus "unfair," and does not submit questions the jury must resolve clearly and in a neutral manner.  *Dreiling v. General Electric Co.*, 511 F.2d 768, 774 (5th Cir. 1975); *Cutlass Prods., Inc. v. Bregman*, 682 F.2d 323, 329, n. 15 (2d Cir. 1982).

Plaintiff believes this proposal could be better addressed at a charging conference after the parties have a full and fair opportunity to review and evaluate their respective jury charge submissions.

Dated:  January 17, 2022.

/s/ Shane B. Vogt
Kenneth G. Turkel (admitted *pro hac vice*)
Email:  kturkel@tcb-law.com
Shane B. Vogt (admitted *pro hac vice*)
Email:  svogt@tcb-law.com
TURKEL CUVA BARRIOS, P.A.
100 North Tampa Street, Suite 1900
Tampa, Florida 33602
Telephone:  (813) 834-9191
Facsimile: (813) 443-2193

Michael M. Munoz
E-mail:  mmunoz@golenbock.com
GOLENBOCK EISEMAN ASSOR BELL
& PESKOE LLP
711 Third Avenue
New York, NY  10017
Telephone:  (212) 907-7300
Facsimile: (212) 754-0330

*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

      I hereby certify that Plaintiff's Memorandum of Law in Opposition to Defendants' Motion in Limine Regarding Case Management Techniques was filed electronically on January 17, 2022. This Notice will be sent by operation of the Court's electronic filing system to counsel of record for all parties as indicated on the electronic filing receipt. Parties and their counsel may access this filing through the Court's system.

      */s/ Shane B. Vogt*
      Attorney