UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SARAH PALIN, an individual,<br><br>                Plaintiff,<br><br> – against –<br><br>THE NEW YORK TIMES COMPANY,<br>a New York corporation,<br><br>                Defendant. | No. 17 Civ. 4853<br><br><br>Hon. Jed S. Rakoff<br><br>ECF Case |

## PLAINTIFF'S PROPOSED JURY INSTRUCTIONS[1]

TURKEL CUVA BARRIOS, P.A.
100 North Tampa Street, Suite 1900
Tampa, Florida 33602
Telephone:  (813) 834-9191
Facsimile: (813) 443-2193

and

GOLENBOCK EISEMAN ASSOR BELL
& PESKOE LLP
711 Third Avenue
New York, NY  10017
Telephone:  (212) 907-7300
Facsimile: (212) 754-0330
Facsimile: (212) 754-0330

*Attorneys for Plaintiff Sarah Palin*

---

[1] These proposed instructions are filed with full reservation of all prior arguments and objections related to the issues of damages and actual malice and all arguments and objections asserted in pending court filings and the Joint Pretrial Order.  Plaintiff respectfully requests leave to amend, modify or add to these instructions based on rulings the Court makes on pending motions.

## TABLE OF CONTENTS

I.    **GENERAL INSTRUCTIONS**

    1.  **Duty of the Court**

    2.  **Duty of the Jury**

    3.  **Duty of Impartiality**

    4.  **Burden of Proof; Preponderance of the Evidence; Clear and Convincing**

    5.  **Direct and Circumstantial Evidence**

    6.  **Witness Credibility**

    7.  **Specialized Testimony**

II.   **LIABILITY**

    1.  **Defamation – Overview**

    2.  **First Element – Defamatory Statement**

    3.  **Second Element – Referred to Plaintiff**

    4.  **Third Element - Publication**

    5.  **Fourth Element - Falsity**

    6.  **Fifth Element – Actual Malice**

III.  **DAMAGES**

    1.  **Compensatory Damages**

    2.  **Punitive Damages – Overview**

    3.  **Punitive Damages – Entitlement**

    4.  **Punitive Damages - Amount**

IV.   **CONCLUDING INSTRUCTIONS**

    1.  **Selection of Foreperson**

    2.  **Verdict; need for unanimity; duty to consult**

## **INSTRUCTION NO. 1**

### **Duty of the Court[2]**

We are now approaching the most important part of this case, your deliberations. You have heard all the evidence in this case, as well as the final arguments of the lawyers for the parties. Before you retire to deliberate, it is my duty to instruct you as to the law that will govern your deliberations.

Regardless of any opinion that you may have as to what the law may be or ought to be, it is your sworn duty to follow the law as I give it to you. Also, if any attorney or other person has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow.

Because my instructions cover many points, I have provided each of you with a copy of them, not only so that you can follow them as I read them to you now, but also so that you can have them with you for reference throughout your deliberations. In listening to them now and reviewing them later, you should not single out any particular instruction alone as stating the law, but you should instead consider my instructions as a whole.

---

[2] Based on this Court's Instruction of Law to the Jury in *SIMO Holdings Inc. v. Hong Kong uCloudlink Network Technology Limited and uCloudlink (America), Ltd.,* Case No. 18-cv-5427 (Doc. 184) and in *Tulino v. City of New York, et. al.,* Case No. 15-cv-7106 (Doc. 182).

### INSTRUCTION NO. 2

**Duty of the Jury[3]**

Your duty is to decide the fact issues in this case and arrive, if you can, at a verdict. You, the members of the jury, are the sole and exclusive judges of the facts. You pass upon the weight of the evidence; you determine the credibility of witnesses; you resolve such conflicts as there may be in the testimony; and you draw whatever reasonably inferences you decide to draw from the facts as you determine them.

In determining the facts, you must rely upon your own recollection of the evidence. To aid your recollection, we will send you all the exhibits at the start of your deliberations. If you need to review particular testimony, just send us a note and we can arrange to provide it to you in transcript or read-back form.

Please remember that none of what the lawyers have said in their opening statements in their closing arguments in their objections, or in their questions, is evidence. Nor is anything I may have said evidence. The evidence before you consists of just three things: the testimony given by witnesses that was received in evidence, the exhibits that were received in evidence, and any stipulations or admissions of the parties that were received in evidence.

Testimony consists of the answers that were given by the witnesses to the questions that were permitted either here in court or in the depositions that were read into evidence. Please remember that questions, although they may provide the context for answers, are not themselves evidence; only answer are evidence, and you should therefore disregard any question to which I sustained an objection. Also, you may not consider any answer that I directed you to disregard or

---

[3] Based on this Court's Instruction of Law to the Jury in *SIMO Holdings Inc. v. Hong Kong uCloudlink Network Technology Limited and uCloudlink (America), Ltd.,* Case No. 18-cv-5427 (Doc. 184) and in *Tulino v. City of New York, et. al.,* Case No. 15-cv-7106 (Doc. 182).

that I directed be stricken from the record. Likewise, you may not consider anything you heard about the contents of any exhibit that was not received in evidence. It is your duty not to speculate about matters not in evidence, but instead to focus exclusively on the evidence that was presented here in Court.

It is the duty of the attorney for each side of a case to object when the other side offers testimony or other evidence that the attorney believes is not properly admissible. Counsel also have the right and duty to ask the Court to make rulings of law and to request conferences at the side bar out of the hearing of the jury. All such questions of law must be decided by me. You should not show any prejudice against any attorney or party because the attorney objected to the admissibility of evidence, asked for a conference out of the hearing of the jury, or asked me for a ruling on the law.

Nor should you draw any inference from my rulings or from the fact that on occasion I asked questions of certain witnesses. My rulings were no more than applications of the law and my question were only intended for clarification or to expedite matters. You are expressly to understand that I have no opinion as to the verdict you should render in this case.

## <u>INSTRUCTION NO. 3</u>

### Duty of Impartiality[4]

You are to perform your duty without bias or prejudice or sympathy as to any party, for all parties are equal under the law. You are to perform your duty in an attitude of complete fairness and impartiality. You are not to be swayed by rhetoric or emotional appeals. It must be clear to you that if you were to let prejudice or bias or sympathy interfere with your thinking, there would be a risk that you would not arrive at a true and just verdict. So do not be guided by anything except clear thinking and calm analysis of the evidence.

---

[4] Based on this Court's Instruction of Law to the Jury in *SIMO Holdings Inc. v. Hong Kong uCloudlink Network Technology Limited and uCloudlink (America), Ltd.,* Case No. 18-cv-5427 (Doc. 184) and in *Tulino v. City of New York, et. al.,* Case No. 15-cv-7106 (Doc. 182).

## INSTRUCTION NO. 4

**Burden of Proof; Preponderance of the Evidence; Clear and Convincing Evidence[5]**

As you know, this is a civil case. To prevail in a civil case, a party who is making a claim against another party has what we call the "burden of proof," which is the burden of proving each of the essential elements of that party's claim. In this case, there will be two burden-of-proof standards by which you must weigh the evidence: "preponderance of the evidence" and "clear and convincing evidence." Both relate to credible evidence; that is, such testimony, exhibits, or other evidence that you find worthy of belief.

Certain elements of Plaintiff's claim are governed by a "preponderance of the evidence" standard. To establish an element of a claim by a "preponderance" of the credible evidence means to prove that the element is more likely true than not true. It does not mean the greater number of witnesses, or how much time either side employs in the trial. The phrase refers to the quality of the evidence, its persuasiveness in convincing you of its truth.

Other elements of Plaintiff's claim are governed by a "clear and convincing" standard. Clear and convincing evidence is evidence that prove that a fact is highly probable. It is a more exacting standard than proof by a preponderance of the evidence.

---

[5] Based on this Court's Instruction of Law to the Jury in *SIMO Holdings Inc. v. Hong Kong uCloudlink Network Technology Limited and uCloudlink (America), Ltd.,* Case No. 18-cv-5427 (Doc. 184); *Tulino v. City of New York, et. al.,* Case No. 15-cv-7106 (Doc. 182); and in *Cammeby's Management Co., et. al. v. Affiliated FM Ins. Co., et. al.,* Case No. 13-cv-214 (Doc. 238).

## INSTRUCTION NO. 5

### Direct and Circumstantial Evidence[6]

In deciding whether a party meets its burden of proof, you may consider both direct and circumstantial evidence.

Direct evidence is evidence that proves a fact directly. For example, where a witness testifies to what he or she saw, heard, or observed, that is called direct evidence.

Circumstantial evidence is evidence that tends to prove a fact by proof of other facts. To give a simple example, suppose that when you came into the courthouse today the sun was shining and it was a nice day, but the courtroom blinds were drawn and you could not look outside. Later, as you were sitting here, someone walked in with a dripping wet umbrella, and, soon after, somebody else walked in with a dripping wet raincoat. Now, on our assumed facts, you cannot look outside of the courtroom and you cannot see whether it is raining. So you have no direct evidence of that fact. But on the combination of the facts about the umbrella and the raincoat, it would be reasonable for you to infer that it had begun raining.

That is all there is to circumstantial evidence. Using your reason and experience, you infer from established facts the existence or nonexistence of some other fact. Please note, however, it is not a matter of speculation or guess; it is a matter of logical inference.

The law makes no distinction between direct and circumstantial evidence. Circumstantial evidence is of no less value than direct evidence, and you may consider either or both, and may give them such weight as you conclude is warranted.

---

[6] Based on this Court's Instruction of Law to the Jury in *SIMO Holdings Inc. v. Hong Kong uCloudlink Network Technology Limited and uCloudlink (America), Ltd.,* Case No. 18-cv-5427 (Doc. 184) and in *Tulino v. City of New York, et. al.,* Case No. 15-cv-7106 (Doc. 182).

## INSTRUCTION NO. 6

### Witness Credibility[7]

It must be clear to you by now that counsel for the opposing parties are asking you to draw very different conclusions about various factual issues in the case. An important part of that decision will involve making judgments about the testimony of the witnesses you have listened to and observed. In making these judgments, you should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, and any other matter in evidence that may help you to decide the truth and the importance of each witness's testimony.

You decision to believe or to not believe a witness may depend on how that witness impressed you. How did the witness appear to you? Was the witness candid, frank, and forthright, or did the witness seem to be evasive or suspect in some way? How did the way the witness testified on direct examination compare with how the witness testified on cross-examination? Was the witness consistent, or contradictory? Did the witness appear to know what he or she was talking about? Did the witness strike you as someone who was trying to report his or her knowledge accurately? These are examples of the kinds of common-sense questions you should ask yourselves in deciding whether a witness is or is not truthful.

How much you choose to believe a witness may also be influenced by the witness's bias. Does the witness have a relationship with any of the parties that may affect how he or she testified? Does the witness have some interest, incentive, loyalty, or motive that might cause him or her to shade the truth? Does the witness have some bias, prejudice, or hostility that may cause the witness

---

[7] Based on this Court's Instruction of Law to the Jury in *SIMO Holdings Inc. v. Hong Kong uCloudlink Network Technology Limited and uCloudlink (America), Ltd.,* Case No. 18-cv-5427 (Doc. 184) and in *Tulino v. City of New York, et. al.,* Case No. 15-cv-7106 (Doc. 182).

to give you something other than a completely accurate account of the facts that he or she testified to?

You should also consider whether the witness had an opportunity to observe the facts he or she testified about, and whether the witness's recollection of the facts stands up in light of the other evidence in the case.

In other words, what you must try to do in deciding credibility is to size up a person just as you would in any important matter where you are trying to decide if a person is truthful, straightforward, and accurate in his or her recollection.

In this case, some of the witnesses did not testify live in court, but you saw videos of their depositions. As I explained to you earlier, a deposition is sworn testimony of a witness taken before trial. You should evaluate deposition testimony in the same way you would evaluate live testimony.

# INSTRUCTION NO. 7

## Specialized Testimony[8]

The law permits parties to offer opinion testimony from witnesses who were not involved in the underlying events of the case but who by education or experience profess expertise in a specialized area of knowledge. In this case, Craig Kronenberger has beef offered as such a witness. Specialized testimony is presented to you on the theory that someone who is learned in the field may be able to assist you in understanding specialized aspects of the evidence.

But your role in judging credibility and assessing weight applies just as much to these witnesses as to other witnesses. When you consider the specialized opinions that were received in evidence in this case, you may give them as much or as little weight as you think they deserve. For example, a specialized witness necessarily bases his or her opinions, in part or in whole, on what that witness learned from others, and you may conclude that the weight given the witness's opinions may be affected by how accurate or inaccurate that underlying information is. More generally, if you find that the opinions of a specialized witness were not based on sufficient data, education, or experience, or if you should conclude that the trustworthiness or credibility of such a witness is questionable, or if the opinions of the witness are outweighed, in your judgment, by other evidence in the case, then you may, if you wish, disregard the opinions of that witness entirely or in part. On the other hand, if you find that a specialized witness is credible, and that the witness's opinions are based on sufficient data, education, and experience, and that the other evidence does not give you reason to doubt the witness's conclusions, you may, if you wish, rely on that witness's opinions and give them whatever weight you deem appropriate.

---

[8] Based on this Court's Instruction of Law to the Jury in *SIMO Holdings Inc. v. Hong Kong uCloudlink Network Technology Limited and uCloudlink (America), Ltd.,* Case No. 18-cv-5427 (Doc. 184) and in *Tulino v. City of New York, et. al.,* Case No. 15-cv-7106 (Doc. 182).

### <u>INSTRUCTION NO. 8</u>

**Overview of Plaintiff's Defamation Claim[9]**

This is an action to recover damages for libel, also commonly referred to as defamation.

A libel is a false statement, in writing, about the plaintiff, which tends to expose the plaintiff to

public hatred, contempt, ridicule or disgrace.

Sarah Palin is the former governor of Alaska and a former vice-presidential candidate.

The Times is a media company that that publishes *The New York Times* newspaper, and

Mr. Bennet was the Editor of the Opinion Section of the newspaper during the relevant period.

On the morning of June 14, 2017, a gunman named James Hodgkinson attacked a group

of Republican members of Congress practicing for the annual Congressional Baseball Game at a

field in Arlington, Virginia – hitting four people, among them Congressperson Steve Scalise.

After the shooting, Defendants published an editorial entitled "America's Lethal Politics" (also

referred to as the "Editorial").

The Editorial states, in part:

> "Was this attack evidence of how vicious American politics has become? Probably.  In 2011, when Jared Lee Loughner opened fire in a supermarket parking lot, grievously wounding Representative Gabby Giffords and killing six people, including a 9-year-old-girl, the link to political incitement was clear. Before the shooting, Sarah Palin's political action committee circulated a map of targeted electoral districts that put Ms. Giffords and 19 other Democrats under stylized cross hairs.

> Conservatives and right-wing media were quick on Wednesday to demand forceful condemnation of hate speech and crimes by anti-Trump liberals.  They're right.  Though there's no sign of incitement as direct as in the Giffords attack, liberals should of course hold themselves to the same standard of decency that they ask of the right."

---

[9] New York Pattern Jury Instructions, Civil § 3:23 (Modified).

Governor Palin asserts that these passages of the Editorial defamed her. Defendants contend that Governor Palin cannot satisfy her burdens of proof on the elements of her defamation claim.

To recover damages for libel, Plaintiff has the burden of proving the following six elements:

1. The statement was defamatory;

2. The statement referred to the Plaintiff;

3. Defendants published the statement;

4. The statement was false; and

5. Defendants published with knowledge that it was false or acted in reckless disregard of the truth or falsity of the statement; and

6. Defendants published the statement with knowledge of its defamatory meaning or in reckless disregard of its defamatory meaning.

I will now explain each of these elements and Plaintiff's burden of proof for each element.

## INSTRUCTION NO. 9

### First Element – Defamatory statement[10]

The first question for you to decide is whether Defendants' statement was defamatory. Plaintiff must prove this element by a preponderance of the evidence.

A statement is defamatory if it tends to expose the plaintiff to public hatred, contempt, ridicule or disgrace—that is, if it would tend to lead the average person in the community to form an evil or bad opinion of the plaintiff; or if it tends to discredit the plaintiff in the conduct of her occupation, profession, trade or office; or if it charges the plaintiff with a serious crime.

Not every unpleasant or uncomplimentary statement is defamatory. A statement that is merely unpleasant, offensive or embarrassing, or that hurts the plaintiff's feelings, is not necessarily defamatory. Because language often has different meanings, the law imposes upon the plaintiff the burden of proving that the statement about which plaintiff complains would in fact be understood by the average person as defamatory.

If you find from the evidence that the Plaintiff has proved that the statement in the article tended to expose the Plaintiff to public hatred, contempt, ridicule or disgrace, discredited the Plaintiff in the conduct of her occupation, profession, trade or office, or charged the Plaintiff with a serious crime, then you must find the statement defamatory and proceed to consider the remaining elements.

If you find that the statement did not tend to expose the Plaintiff to public hatred, contempt, ridicule or disgrace or to discredit the Plaintiff in the conduct of her occupation, profession, trade or office, then you need go no further and report to the Court.

---

[10] New York Pattern Jury Instructions, §§ Civil 3:24, 3:34 (modified); *Meloff v. New York Life Ins. Co.,* 240 F.3d 138, 145 (2d Cir. 2001).

## INSTRUCTION NO. 10

### Second Element – Referred to Plaintiff[11]

The second element of Plaintiff's claim for you to decide is whether the statement referred to Plaintiff; that is, you must determine whether the statement was communicated to third persons who reasonably would have understood the statement to refer to Plaintiff. Plaintiff must prove this element by a preponderance of the evidence.

If you find that it would be commonly understood by readers that the article referred to the Plaintiff, then you must consider the remaining elements of Plaintiff's case. If you find that it would not be commonly understood by readers that the article referred to Plaintiff, then you need proceed no further and report to the Court.

---

[11] New York Pattern Jury Instructions, Civil §§ 3:25, 3:34 (modified)

## INSTRUCTION NO. 11

### Third Element – Publication[12]

The third element of Plaintiff's claim for you to decide is whether Defendants published the statement; that is, whether Defendants' statement was read by some person or persons other than Plaintiff. Plaintiff must prove this element by a preponderance of the evidence.

If you find that Defendants' statement was read by someone other than Plaintiff, then you must proceed to consider the other elements of Plaintiff's case. If you find that Defendants' statement was not read by someone other than Plaintiff, then you do not need to proceed further and report to the Court.

---

[12] New York Pattern Jury Instructions, Civil §§ 3:26, 3:34 (modified)

### INSTRUCTION NO. 12

**Fourth Element – Falsity[13]**

The fourth element of Plaintiff's claim for you to decide whether the statement was false. Plaintiff must prove this element of her claim by clear and convincing evidence.

A statement is false if it is not substantially true. Minor inaccuracies in the statement may be disregarded in determining whether the statement is false. You will determine from the evidence presented what the truth was and then compare that with the statement which you find was made by Defendant, taking that statement according to the ordinary meaning of its words.

If you find that the statement was false, then you must proceed to consider the other elements of Plaintiff's case. If you find that the statement was true, then you do not need to proceed further and report to the Court.

---

[13] New York Pattern Jury Instructions, Civil §§ 3:27, 3:34 (modified)

## INSTRUCTION NO. 13

### Fifth Element –Fault--Falsity[14]

The fifth element of Plaintiff's claim for you to decide is whether at the time Defendants published the statement, they knew the statement was false or acted in reckless disregard of its truth or falsity.  "Reckless disregard" means that when defendants made the statement, they had serious doubts as to the truth of the statement or made the statement with a high degree of awareness that it was probably false.  Plaintiff must prove this element by clear and convincing evidence.

Plaintiff can prove actual malice through circumstantial evidence and any reasonable inferences to be drawn from that evidence.  You should consider the evidence in its totality, as well as any reasonable inferences you may draw from it.

In deciding whether Defendants published the statement with knowledge of falsity or in reckless disregard of its truth or falsity, you may consider evidence of several things:

1.  Negligence[15]

2.  Motive and intent"[16]

3.  The Defendants' own actions or statements[17]

4.  The inherent probability of the story[18]

---

[14] New York Pattern Jury Instructions, Civil §§ 3:28, 3:34 (modified); *Dalbec v. Gentleman's Companion, Inc.*, 828 F.2d 921, 927 (2d Cir. 1987); *Celle v. Filipino Reporter Ent., Inc.*, 209 F.3d 163, 183 (2d Cir. 2000).
[15] *Goldwater v. Ginzburg*, 414 F.2d 324, 343 (2d Cir. 1969).
[16] See *Dalbec*, 828 F.2d at 927.
[17] See *Celle*, 209 F.3d at 183 (citing *Liberty Lobby v. Dow Jones & Company, Inc.*, 838 F.2d 1287, 1293 (D.C. Cir. 1988)).
[18] See Id. *Tobinick v. Novella*, 108 F.Supp.3d 1299, 1310 (S.D. Fla. 2015); *St. Amant*, 390 U.S. at 732; *Dalbec*, 828 F.2d at 927).

5. Bias or ill will[19]

6. A failure to properly investigate[20]

7. Any refusal to meaningfully retract the statement and apologize[21]

8. Any failure to adhere to journalistic policies[22]

9. Previous dealings between the parties[23]

If you find that Plaintiff has proved that when Defendants made the statement, they knew it was false or acted in reckless disregard of its truth or falsity, then you must proceed to consider the other elements of Plaintiff's case. If you find that Plaintiff has not proved that when Defendants made the statement they knew it was false or acted in reckless disregard of its truth or falsity, then you need proceed no further and you should report to the Court.

---

[19] *Palin*, 940 F.3d at 814-816; *Harte-Hanks Communications, Inc. v. Connaughton*, 491 U.S. 657, 668 (1989); *Celle*, 209 F.3d at 18; *Shoen v. Shoen*, 48 F.3d 412, 417 (9th Cir. 1995); *Duffy v. Leading Edge Prods., Inc.*, 44 F.3d 308, 310, n. 10 (5th Cir. 1995));
[20] *Palin*, 940 F.3d at 814-15; *Hunt v. Liberty Lobby*, 720 F.2d 631, 645 (11th Cir. 1983);*Vandenburg v. Newsweek, Inc.*, 507 F.2d 1024, 1026-27 (5th Cir. 1975) (same)
[21] *Tavoulares v. Piro*, 763 F.2d 1472, 1477 (D.C. Cir. 1985); *Zerangue v. TSP Newspapers, Inc.*, 814 F.2d 1066, 1071 (5th Cir. 1987); *Ventura v. Kyle*, 63 F.Supp.3d 1001, 1014 (D. Minn. 2014))
[22] *Kerwick v. Orange Cty. Publ'ns Div. of Ottaway Newspapers, Inc.*, 53 N.Y.2d 625, 627 (1981)
[23] Biro v. Conde Nast, 807 F.3d 541, 546 (2d Cir. 2015).

**INSTRUCTION NO. 14**

**Sixth Element –Fault--Meaning[24]**

The sixth element of Plaintiff's claim for you to decide is whether at the time Defendants published the statement, they knew the defamatory meaning of the statement or acted in reckless disregard of the defamatory meaning of the statement.  "Reckless disregard" means that when defendants made the statement, they has a high degree of awareness of the defamatory meaning of the statement.  Plaintiff must prove this element by clear and convincing evidence.

Plaintiff can prove actual malice through circumstantial evidence and any reasonable inferences to be drawn from that evidence.  You should consider the evidence in its totality, as well as any reasonable inferences you may draw from it.

In deciding whether Defendants published the statement with knowledge of defamatory meaning or in reckless disregard of defamatory meaning, you may consider evidence of several things:

1.  Negligence[25]

2.  Motive and intent"[26]

3.  The Defendants' own actions or statements[27]

4.  Bias or ill will[28]

---

[24] New York Pattern Jury Instructions, Civil §§ 3:28, 3:34 (modified); *Dalbec v. Gentleman's Companion, Inc.*, 828 F.2d 921, 927 (2d Cir. 1987); *Celle v. Filipino Reporter Ent., Inc.*, 209 F.3d 163, 183 (2d Cir. 2000).

[25] *Goldwater v. Ginzburg*, 414 F.2d 324, 343 (2d Cir. 1969).

[26] See *Dalbec*, 828 F.2d at 927.

[27] See *Celle*, 209 F.3d at 183 (citing *Liberty Lobby v. Dow Jones & Company, Inc.*, 838 F.2d 1287, 1293 (D.C. Cir. 1988)).

[28] *Palin*, 940 F.3d at 814-816; *Harte-Hanks Communications, Inc. v. Connaughton*, 491 U.S. 657, 668 (1989); *Celle*, 209 F.3d at 18;  *Shoen v. Shoen*, 48 F.3d 412, 417 (9th Cir. 1995); *Duffy v. Leading Edge Prods., Inc.*, 44 F.3d 308, 310, n. 10 (5th Cir. 1995));

5.  A failure to properly investigate[29]

6.  Any refusal to meaningfully retract the statement and apologize[30]

7.  Any failure to adhere to journalistic policies[31]

8.  Previous dealings between the parties[32]

If you find that Plaintiff has proved that when Defendants made the statement, they knew its defamatory meaning or acted in reckless disregard of its defamatory meaning, then you must proceed to consider the other elements of Plaintiff's case. If you find that Plaintiff has not proved that when Defendants made the statement, they knew its defamatory meaning or acted in reckless disregard of its defamatory meaning, then you need proceed no further and you should report to the Court.

---

[29] *Palin*, 940 F.3d at 814-15; *Hunt v. Liberty Lobby*, 720 F.2d 631, 645 (11th Cir. 1983);*Vandenburg v. Newsweek, Inc.*, 507 F.2d 1024, 1026-27 (5th Cir. 1975) (same)

[30] *Tavoulares v. Piro*, 763 F.2d 1472, 1477 (D.C. Cir. 1985); *Zerangue v. TSP Newspapers, Inc.*, 814 F.2d 1066, 1071 (5th Cir. 1987); *Ventura v. Kyle*, 63 F.Supp.3d 1001, 1014 (D. Minn. 2014))

[31] *Kerwick v. Orange Cty. Publ'ns Div. of Ottaway Newspapers, Inc.*, 53 N.Y.2d 625, 627 (1981)

[32] Biro v. Conde Nast, 807 F.3d 541, 546 (2d Cir. 2015).

## <u>INSTRUCTION NO. 15</u>

### Damages[33]

I am now going to instruct you on the law of damages. The fact that I instruct you on the law of damages must not be taken as an indication that you should decide for Plaintiff. You will decide on the evidence presented and the rules of law that I have given you whether Plaintiff is entitled to recover from Defendants.

If you decide that Plaintiff is entitled to recover, you will award an amount as, in the exercise of your good judgment and common sense, you decide is fair and just compensation for the injury to Plaintiff's reputation and the humiliation and mental anguish in her public and private life which you decide was caused by Defendants' statement. In fixing that amount you should consider Plaintiff's standing in the community, the nature of Defendants' statement made about Plaintiff, the extent to which the statement was circulated, the tendency of the statement to injure a person such as Plaintiff, and all of the other facts and circumstances in the case. These damages cannot be proved with mathematical accuracy. Fair compensation may vary, ranging from one dollar, if you decide that there was no injury, to a substantial sum if you decide that the injury was substantial.

Plaintiff also seeks to recover the cost to correct the harm of the defamation.  If you decide Plaintiff is entitled to recover these damages, you will award Plaintiff a sum of money that equals the amount reasonably necessary to correct the harm caused by the defamation.

---

[33] New York Pattern Jury Instructions, Civil §§ 3:29 (modified); *Metropolitan Opera Ass'n*. v. Local 100, 2005 WL 1712241, at *4 (S.D.N.Y. Jul. 19, 2005).  *Den Norske Ameriekalinje Actiesselskabet v. Sun Printing & Publ'g Ass'n*, 226 NY 1, 122 NE 463 (1919).

## INSTRUCTION NO. 16

### Punitive Damages – Overview[34]

The damages that I have discussed with you so far are called compensatory, because they are intended to compensate for injury suffered by Plaintiff.  In addition, Plaintiff asks that you award punitive damages.  The trial of the punitive damages issue is divided into two parts.  In this first part, you will decide whether the conduct of Defendants is such that punitive damages are warranted.  If you decide that punitive damages are warranted, we will proceed to the second part of that issue, during which the parties may present additional evidence and argument on the amount of punitive damages.

---

[34] New York Pattern Jury Instructions, Civil § 3:30 (modified)

## **INSTRUCTION NO. 17**

### **Punitive Damages - Entitlement** [35]

Punitive damages may be awarded to punish a defendant who has acted maliciously and to discourage others from doing the same. A statement is made maliciously if it is made with deliberate intent to injure or made out of hatred, ill will, or spite or made with willful, wanton or reckless disregard of another's rights.

If you find that, in making the statements about Plaintiff, Defendants acted maliciously, as I have just defined that term of you, you may, but are not required to, award Plaintiff punitive damages.  If you find that Defendants' statement was not made maliciously, as I have defined that term for you, you may not award punitive damages.  The burden of proving that Defendant acted with malice is on Plaintiff.

---

[35] New York Pattern Jury Instructions, Civil §3:30 (modified).

## <u>INSTRUCTION NO. 18</u>

### Punitive Damages - Amount[36]

In arriving at your decision as to the amount of punitive damages you should consider the following factors:

1.    The nature and reprehensibility of what Defendants did. That would include the character of the wrongdoing and Defendants' awareness of what harm the conduct caused or was likely to cause.  In considering the amount of punitive damages to award, you should weigh this factor heavily.

2.    The actual and potential harm created by Defendants' conduct. The amount of punitive damages that you award must be both reasonable and proportionate to the actual and potential harm suffered by Plaintiff, and to the compensatory damages you awarded Plaintiff.

3.    The Defendants' financial condition and the impact your punitive damages award will have on the defendant.

In reaching your verdict, you will state the amount, if any, awarded by you as punitive damages.

---

[36] New York Pattern Jury Instructions, Civil §3:30 (modified).

## INSTRUCTION NO. 19

### Selection of Foreperson; Right to See Exhibits and Hear Testimony; Communications with the Court[37]

You will shortly retire to the jury room to begin your deliberations. As soon as you get to the jury room, please select one of you as the foreperson, to preside over your deliberations and to serve as your spokesperson if you need to communicate with the Court.

You will be bringing with you into the jury room a copy of my instructions of law and a verdict form on which to record your verdict. In addition, we will send into the jury room all the exhibits that were admitted into evidence. If you want any of the testimony, that can also be provided, either in transcript or read-back form. But, please remember that it is not always easy to locate what you might want, so be as specific as you possibly can be in requesting portions of testimony.

Any of your requests, in fact any communication with the Court, should be made to me in writing, signed by your foreperson, and given to the marshal, who will be available outside the jury room throughout your deliberations. After consulting with counsel, I will respond to any question or request you have as promptly as possible, either in writing or by having you return to the courtroom so that I can speak with you in person.

---

[37] Based on this Court's Instruction of Law to the Jury in *SIMO Holdings Inc. v. Hong Kong uCloudlink Network Technology Limited and uCloudlink (America), Ltd.,* Case No. 18-cv-5427 (Doc. 184) and in *Tulino v. City of New York, et. al.,* Case No. 15-cv-7106 (Doc. 182).

## INSTRUCTION 20

### Verdict; Need for Unanimity; Duty to Consult[38]

You should not however, tell me or anyone else how the jury stands on any issues until you have reached your verdict and recorded it on your verdict form.

Each of you must decide the case for yourself, after consideration, with your fellow jurors, of the evidence in the case; and your verdict must be unanimous. In deliberating, bear in mind that while each juror is entitled to his or her opinion, each should exchange views with his or her fellow jurors. That is the very purpose of jury deliberation – to discuss and consider the evidence; to listen to the arguments of fellow jurors; to present your individual views; to consult with one another; and to reach a verdict based solely and wholly on the evidence.

If, after carefully considering all the evidence and the arguments of your fellow jurors, you entertain a conscientious view that differs from the others, you are not to yield your view simply because you are outnumbered. On the other hand, you should not hesitate to change or modify an earlier opinion which, after discussion with your fellow jurors, now appear to you erroneous.

In short, your verdict must reflect your individual view and it must also be unanimous.

This completes my instructions of law.

---

[38] Based on this Court's Instruction of Law to the Jury in *SIMO Holdings Inc. v. Hong Kong uCloudlink Network Technology Limited and uCloudlink (America), Ltd.,* Case No. 18-cv-5427 (Doc. 184) and in *Tulino v. City of New York, et. al.,* Case No. 15-cv-7106 (Doc. 182).