UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

| | |
|---|---|
| SARAH PALIN | |
|                 Plaintiff, | No. 17 Civ. 4853 (JSR) |
|         -against- | ECF Case |
| THE NEW YORK TIMES COMPANY and JAMES BENNET, | |
|                 Defendants. | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

**DEFENDANTS' RESPONSE TO COURT'S REQUEST
FOR PROPOSED MID-TRIAL INSTRUCTIONS TO JURY**

During the telephonic conference on January 11, 2022, the Court requested that the parties submit proposed mid-trial instructions to be given to the jury. Defendants respectfully suggest that the Court use the following abbreviated version of their Proposed Pre-Instructions For Jury (Dkt. 140-1) for this purpose.

**DEFENDANTS' PROPOSED MID-TRIAL INSTRUCTIONS FOR JURY**

[As I explained to you at the outset, this case involves several legal issues that I will explain in greater detail to you after all of the evidence has been presented. I gave you a brief summary of the law for you to keep in mind as you hear the evidence and I want to remind you of that summary now.] [1]

Governor Palin contends that certain passages in the Editorial "Americas Lethal Politics," as published by the Defendants, defamed her. Because she is a public figure and the

---

[1] This portion in brackets is included based on the assumption that the Court grants Defendants' pending motion *in limine* and instructs the jury on the law of defamation prior to opening statements.

Editorial addresses a matter of public concern, to prevail on her claim, Governor Palin must prove each of the following: [2]

1. Governor Palin must prove that the specific statements by Defendants she challenges were about her personally, and not about some other person or entity;

2. Governor Palin must prove that the statements about her personally were defamatory —that is, the kind of statement that would lower her reputation in the eyes of the community;

3. Governor Palin must prove that a reasonable reader would have understood the challenged statements to mean what she claims they mean, when considering the Editorial as a whole and evaluating the challenged statements in the full context of the Editorial;

4. Governor Palin must prove that the Defendants intended that meaning, or were aware that readers likely would attribute that meaning to their words;

5. Governor Palin must prove that the defamatory meaning she claims the Defendants' words conveyed was substantially false;

6. Governor Plain must prove that, at the time they published their words, the Defendants knew that this defamatory meaning was false or that they were aware that it probably was false; and

7. Governor Palin must prove that the challenged statements actually injured her reputation thus causing her financial damage.

8. Finally, to recover certain damages she seeks, Governor Palin must prove that the Defendants published the challenged statements solely out of hostility toward her and a desire to injure her, and not for any other reason.

It will be up to you to decide whether Governor Palin has proven each of these elements based on the evidence that you will hear. I will explain these elements and Governor Palin's burden to prove all of these elements in more detail at the conclusion of the evidence.

---

[2] Proposed instructions 2 and 7 assume the Court grants defendants' pending motion *in limine* for a ruling that the challenged statements are not defamatory *per se*.

<table>
<tr><td>Dated:  New York, New York<br>January 19, 2022</td><td>Respectfully submitted,<br><br>BALLARD SPAHR LLP<br>By: <u>/s/ David L. Axelrod</u><br>     David L. Axelrod<br>     Jay Ward Brown<br>     Thomas B. Sullivan<br>     Jacquelyn N. Schell<br>1675 Broadway, 19th Floor<br>New York, NY 10019-5820<br>Phone: (212) 223-0200<br>Fax: (212) 223-1942<br>brownjay@ballardspahr.com<br>axelrodd@ballardspahr.com<br>sullivant@ballardspahr.com<br>schellj@ballardspahr.com<br><br>*Counsel for Defendants*</td></tr>
</table>