UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SARAH PALIN, an individual,<br><br>                Plaintiff,<br><br> – against –<br><br>THE NEW YORK TIMES COMPANY,<br>a New York corporation,<br><br>                Defendant. | No. 17 Civ. 4853<br><br>Hon. Jed S. Rakoff<br><br>ECF Case |

**PLAINTIFF'S PROPOSED MID-TRIAL JURY INSTRUCTION[1]**

                    TURKEL CUVA BARRIOS, P.A.
                    100 North Tampa Street, Suite 1900
                    Tampa, Florida 33602
                    Telephone: (813) 834-9191
                    Facsimile: (813) 443-2193

                    and

                    GOLENBOCK EISEMAN ASSOR BELL
                    & PESKOE LLP
                    711 Third Avenue
                    New York, NY  10017
                    Telephone: (212) 907-7300
                    Facsimile: (212) 754-0330
                    Facsimile: (212) 754-0330

                    *Attorneys for Plaintiff Sarah Palin*

---

[1] This proposed instruction is filed with full reservation of all prior arguments and objections related to the issues of damages and actual malice, and all arguments and objections asserted in pending court filings and the Joint Pretrial Order.  Plaintiff respectfully requests leave to amend, modify or add to this instruction based on rulings the Court makes on pending motions.

## PROPOSED PRELIMINARY INSTRUCTION[2]

Before we get too far into the trial, I am going give you some preliminary instructions about some of the rules of law that apply to this case and let you know what you can expect as the trial proceeds. At the end of the evidence, I will give you the final instructions on which you must base your verdict. At that time, you will have a complete written set of instructions so you do not have to memorize what I am about to tell you.

As you have now heard, Governor Palin is seeking to recover damages for libel, also commonly referred to as defamation. A libel is a false statement, in writing, about the plaintiff, which tends to expose the plaintiff to public hatred, contempt, ridicule or disgrace.

## OVERVIEW OF ELEMENTS

To recover damages for libel, Governor Palin must prove several things. She must prove the Defendants published a statement that **(1)** referred to her; **(2)** was false; and **(3)** was defamatory [meaning the statement tended to expose the plaintiff to public hatred, contempt, ridicule or disgrace]. Plaintiff must also prove Defendants published the statement with the required degree of fault. Specifically, Plaintiff must show that Defendants: **(1)** published the statement with knowledge that it was false or in reckless disregard of whether it was true or false; and **(2)** published the statement with knowledge of its defamatory meaning or in reckless disregard of its defamatory meaning.

## OVERVIEW OF EVIDENCE

You must decide this case based only on the three forms of evidence that will be presented in the courtroom: the testimony given by witnesses that was received in evidence, the exhibits that

---

[2] New York Pattern Jury Instructions, Civil § 3:23 (Modified).

were received in evidence, and any stipulations or admissions of the parties that were received in evidence.

You may consider both direct and circumstantial evidence. Direct evidence is evidence that proves a fact directly. For example, where a witness testifies to what he or she saw, heard, or observed, that is called direct evidence. Circumstantial evidence is evidence that tends to prove a fact by proof of other facts. Using your reason and experience, you infer from established facts the existence or nonexistence of some other fact. [*Insert example, such as raining outside courtroom*.]

The law makes no distinction between direct and circumstantial evidence. Circumstantial evidence is of no less value than direct evidence, and you may consider either or both, and may give them such weight as you conclude is warranted.

To reach a verdict, you will have to draw conclusions from the evidence presented which will involve making judgments about the credibility of witnesses. In making these judgments, you should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, and any other matter in evidence that may help you to decide the truth and the importance of each witness's testimony.

How much you choose to believe a witness may also be influenced by whether the witness has some bias, prejudice, or hostility that may cause the witness to give you something other than a completely accurate account of the facts that he or she testified to.  You should also consider whether the witness's recollection of the facts stands up in light of the other evidence in the case. In other words, what you must try to do in deciding credibility is to size up a person just as you would in any important matter where you are trying to decide if a person is truthful, straightforward, and accurate in his or her recollection.

Dated:  January 17, 2022.

/s/ Shane B. Vogt
Kenneth G. Turkel (admitted *pro hac vice*)
Email:  kturkel@tcb-law.com
Shane B. Vogt (admitted *pro hac vice*)
Email:  svogt@tcb-law.com
TURKEL CUVA BARRIOS, P.A.
100 North Tampa Street, Suite 1900
Tampa, Florida 33602
Telephone:  (813) 834-9191
Facsimile: (813) 443-2193

Michael Munoz
E-mail:  mmunoz@golenbock.com
GOLENBOCK EISEMAN ASSOR BELL
& PESKOE LLP
711 Third Avenue
New York, NY  10017
Telephone:  (212) 907-7300
Facsimile:  (212) 754-0330
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that Plaintiff's Proposed Mid-Trial Jury Instruction was filed electronically on January 21, 2022.  This Notice will be sent by operation of the Court's electronic filing system to counsel of record for all parties as indicated on the electronic filing receipt.  Parties and their counsel may access this filing through the Court's system.

/s/ Shane B. Vogt
Attorney