UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SARAH PALIN, an individual, | |
| Plaintiff, | No. 17 Civ. 4853 |
| – against – | Hon. Jed S. Rakoff |
| THE NEW YORK TIMES COMPANY, A New York corporation, | ECF Case |
| Defendants. | |

**BENCH MEMORANDUM REGARDING DEFENDANTS' PROPOSED
CHANGES TO INSTRUCTION NO. 17 REGARDING PUNITIVE DAMAGES**

At the February 7, 2022 Charging Conference, Defendants suggested certain changes to the Court's proposed jury instruction on punitive damages based on *Morsette v. "The Final Call,"* 309 A.D.2d 249, 254 (1st Dep't 2003). Specifically, Defendants claim Plaintiff is only entitled to punitive damages if she proves that the Defendants' "sole motivation in publishing the challenged statements was hostility toward and a desire to injure the plaintiff." *See* Defendants' Proposed Revisions to Instruction No. 17 (provided at the Feb. 22nd Charging Conference). Defendants' proposed revision improperly seeks to limit the grounds upon which Plaintiff can prove her entitlement to punitive damages and flies in the face of well-established law.

As recognized by the Second Circuit in *DiBella v. Hopkins*, 403 F.3d 102, 122 (2d Cir. 2005), "[u]nder New York law, punitive damages in a defamation case are justified "'to punish a person for outrageous conduct which is **malicious, wanton, reckless, or in willful disregard for another's rights.**'" (quoting *Prozeralik,* 82 N.Y.2d at 479–80) (emphasis added); s*ee also Celle v. Filipino Reporter Enterprises Inc.,* 209 F.3d 163 (2d Cir. 2000) ("all of the relevant circumstances surrounding the dispute" should be considered in establishing entitlement to punitive damages)*;*

*Herbet v. Lando,* 441 U.S. 153, 164 n. 12 (1979) ("any competent evidence, either direct or circumstantial, can be resorted to [to establish common law malice], and all the relevant circumstances surrounding the transaction may be shown, provided they are not too remote, including threats, prior or subsequent defamations, subsequent statements of the defendant, circumstances indicating the existence of rivalry, [and] ill will, or hostility between the parties."); *DiBella v. Hopkins,* 403 F.3d 102, 122 (2d Cir. 2005) (entitlement to punitive damages "requires hatred, ill will, spite, criminal mental state or that traditional required variety of common-law malice"); *Stern v. Cosby,* 645 F.Supp.2d 258, 286 (S.D.N.Y. 2009) ("To be entitled to punitive damages, a defamation plaintiff must prove that the defendant acted, toward the plaintiff, with hatred, ill will, spite, criminal mental state or that traditionally required variety of common-law malice." (citations and quotation omitted)); *Prozeralik v. Capital Cities Communications, Inc.,* 82 N.Y.2d 466, 479 (1993) (same); *Marcus v. Bressler,* 277 A.D.2d. 108, 716 N.Y.S.2d 395, 396 (2000) ("Acts of malice, apart from the instance of slander on which the action was brought, were probative of whether or not plaintiff bore defendant common-law malice, which is required to justify punitive damages").

The Court in *DiBella* explicitly noted that the New York Pattern Jury Instruction § 3:30 is in accord with the standard for punitive damages under New York law. *DiBella,* 403 F.3d at 122 ("New York Pattern Jury Instruction §3:30, under which Judge Chin charged the jury, is in accord with this standard").[1] The standard set forth in *DiBella,* the New York Pattern Jury Instruction,

---

[1] The New York Pattern Jury Instruction related to punitive damages in defamation cases, Pattern Jury Instruction 3:30, provides that "[p]unitive damages may be awarded to punish a defendant who has acted maliciously and to discourage others from doing the same." The instruction goes on to explain that a "statement is made maliciously if it is made with deliberate intent to injure or made out of hatred, ill will, or spite or made with willful, wanton or reckless disregard of another's rights."

and the cases cited above is far from the exceedingly narrow instruction that Defendants have proposed.

In short, Defendants' repeated insertion of "sole" and "solely" into the proposed jury instruction regarding punitive damages conflicts with controlling law. Accordingly, Defendants' proposed revisions should be rejected.

Dated: February 8, 2022.

/s/ Shane B. Vogt
Kenneth G. Turkel (admitted *pro hac vice*)
Email: kturkel@tcb-law.com
Shane B. Vogt (admitted *pro hac vice*)
Email: svogt@tcb-law.com
TURKEL CUVA BARRIOS, P.A.
100 North Tampa Street, Suite 1900
Tampa, Florida 33602
Telephone: (813) 834-9191
Facsimile: (813) 443-2193

Michael Munoz
E-mail: mmunoz@golenbock.com
GOLENBOCK EISEMAN ASSOR BELL
& PESKOE LLP
711 Third Avenue
New York, NY 10017
Telephone: (212) 907-7300
Facsimile: (212) 754-0330
*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that the foregoing Bench Memorandum Regarding Defendants' Proposed Changes to Instruction No. 17 Regarding Punitive Damages was filed electronically on the 8th day of February, 2022. Notice of this filing will be sent by operation of the Court's electronic filing system to counsel of record for all parties as indicated on the electronic filing receipt. Parties and their counsel may access this filing through the Court's system.

/s/ Shane B. Vogt
Attorney