UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SARAH PALIN, an individual,

    Plaintiff,

    – against –

THE NEW YORK TIMES COMPANY,
A New York corporation,

    Defendants.

No. 17 Civ. 4853

Hon. Jed S. Rakoff

ECF Case

## **PLAINTIFF'S MEMORANDUM OF LAW REGARDING PUNITIVE DAMAGES**

At the February 7, 2022 charging conference and In the Joint Pretrial Consent Order [Doc. 148 at pp. 50-51], Defendants made the bald assertion that "New York State law … prohibits the imposition of punitive damages in a defamation case such as this one …." This is not correct.

Defendants' argument rests on *Mahoney v. Adirondack Pub. Co.,* 71 N.Y. 2d 31, 41 (1987)[1] (in which the court declined to address the argument concerning punitive damages in public concern cases) and *Prozeralik v. Cap. Cities Commc'ns, Inc.,* 82 N.Y.2d 466, 479, 626 N.E.2d 34, 41 (1993) (which explains that "upon proof and instructions, punitive damages may be available" in cases where a defendant acts with common-law malice). Defendants fail to appreciate that the court in *Prozeralik* was simply making clear that "actual malice" on its own, is insufficient to justify an award of punitive damages. *Id.* Notably, the Supreme Court has recognized that punitive

---

[1]Defendants claim that *Mahoney* "suggest[s] that cases involving public figures and 'matters of public concern' are different than non-public concern cases with respect to punitive damages." See Joint Pretrial Consent Order [Doc. 148] at p. 50. However, the decision makes no such "suggestion."

damages are appropriate in cases implicating free speech rights where the plaintiff establishes constitutional malice. *See e.g., Curtis Pub. Co. v. Butts*, 388 U.S. 130 (1967).

That is why the Second Circuit has repeatedly cited *Prozeralik* in decisions upholding punitive damages awards in cases involving public figure plaintiffs. For instance, in *Celle v. Filipino Rep. Enterprises Inc*., 209 F.3d 163, 190–91 (2d Cir. 2000), the Second Circuit sustained a punitive damages award in favor of a public figure and noted that "[p]unitive damages may only be assessed under New York law if the plaintiff has established common law malice in addition to the other elements of libel. (citing *Prozeralik,* 82 N.Y.2d at 479-80). Likewise, in *DiBella v. Hopkins*, 403 F.3d 102, 122 (2d Cir. 2005), another public figure case, the court noted that "[u]nder New York law, punitive damages in a defamation case are justified "'to punish a person for outrageous conduct which is malicious, wanton, reckless, or in willful disregard for another's rights.'" (quoting *Prozeralik,* 82 N.Y.2d at 479–80); *see also Stern v. Cosby*, 645 F. Supp. 2d 258, 272 (S.D.N.Y. 2009) (same, quoting *DiBella* and *Prozeralik*).

In *Lewis v. Newsday, Inc.,* 246 A.D.2d 434, 437–38, 668 N.Y.S.2d 377, 379–80 (1998), a case in which a topic of public concern was at issue, the Court found that it was error to dismiss plaintiff's punitive damages claim on summary judgment because there was sufficient evidence for a juror to conclude the articles at issue were published with constitutional malice. *See also Huggins v. Moore*, 94 N.Y.2d 296, 302 (1999) ("Where the defendant is a media publisher or broadcaster and the plaintiff is neither a public official nor a public figure, but the statement involves a matter of public concern, the plaintiff still must prove constitution malice to recover presumed or punitive damages."); *Rombom v. Weberman*, 2002 WL 1461890, at *9 (N.Y. Sup. Ct. June 13, 2002), *aff'd.* 309 A.D.2d 844, 766 N.Y.S.2d 88 (2003) ("Punitive damages may be asserted in a defamation action and constitutional free speech protections are not a bar, provided

that 'actual malice' is proven, as it was here" (citation and quotation omitted)); *Nellis v. Miller*, 101 A.D.2d 1002, 1002, 477 N.Y.S.2d 72, 73–74 (1984) ("Punitive damages may be asserted in a defamation action and constitutional free speech protections are not a bar, provided that 'actual malice' is proven, as it was here" (internal citations omitted)).

Defendants' argument that New York state law precludes punitive damages in this case is unfounded and contradicts well-established law.

Dated:  February 8, 2022.

/s/ Shane B. Vogt
Kenneth G. Turkel (admitted *pro hac vice*)
Email:  kturkel@tcb-law.com
Shane B. Vogt (admitted *pro hac vice*)
Email:  svogt@tcb-law.com
TURKEL CUVA BARRIOS, P.A.
100 North Tampa Street, Suite 1900
Tampa, Florida 33602
Telephone:  (813) 834-9191
Facsimile: (813) 443-2193

Michael Munoz
E-mail:  mmunoz@golenbock.com
GOLENBOCK EISEMAN ASSOR BELL
& PESKOE LLP
711 Third Avenue
New York, NY  10017
Telephone:  (212) 907-7300
Facsimile:  (212) 754-0330
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing Plaintiff's Memorandum of Law Regarding Punitive Damages was filed electronically on the 8th day of February, 2022.  Notice of this filing will be sent by operation of the Court's electronic filing system to counsel of record for all parties as indicated on the electronic filing receipt.  Parties and their counsel may access this filing through the Court's system.

/s/ Shane B. Vogt
Attorney