Ct. Ex. 1

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------

SARAH PALIN,

     Plaintiff,

     -v-

THE NEW YORK TIMES COMPANY and
JAMES BENNET,

     Defendants.

---------------------------------

17-cv-4853 (JSR)

THE COURT'S INSTRUCTIONS OF LAW TO THE JURY

## I.      GENERAL INSTRUCTIONS

1. Duty of the Court

2. Duty of the Jury

3. Duty of Impartiality

4. Burden of Proof

5. Direct and Circumstantial Evidence

6. Witness Credibility

7. Depositions and Remote Testimony

8. Corporations and Employer Liability

## II.      LIABILITY

9. Defamation in General

10. First Element – Defamatory Meaning

11. Second Element – Of and Concerning the Plaintiff

12. Third Element – Material Falsity

13. Fourth Element – Actual Malice

## III.      DAMAGES

14. Compensatory and Nominal Damages

## IV.      CONCLUDING INSTRUCTIONS

15. Selection of Foreperson; Right to See Exhibits and Hear Testimony; Communications with the Court

16. Verdict; Need for Unanimity; Duty to Consult

# I. GENERAL INSTRUCTIONS

## INSTRUCTION NO. 1

### Duty of the Court

We are now approaching the most important part of this case, your deliberations. You have heard all the evidence in the case, as well as the final arguments of the lawyers for the parties. Before you retire to deliberate, it is my duty to instruct you as to the law that will govern your deliberations. These are the final and binding instructions, which entirely replace the preliminary instructions I gave you after opening statements, which you should now discard.

Regardless of any opinion that you may have as to what the law may be or ought to be, it is your sworn duty to follow the law as I give it to you. Also, if any attorney or other person has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow.

Because my instructions cover many points, I have provided each of you with a copy of them not only so that you can follow them as I read them to you now but also so that you can have them with you for reference throughout your deliberations. In listening to them now and reviewing them later, you should not single out any particular instruction as alone stating the law, but you should instead consider my instructions as a whole.

INSTRUCTION NO. 2

Duty of the Jury

Your duty is to decide the fact issues in the case and arrive, if you can, at a verdict. You, the members of the jury, are the sole and exclusive judges of the facts. You pass upon the weight of the evidence; you determine the credibility of the witnesses; you resolve such conflicts as there may be in the testimony; and you draw whatever reasonable inferences you decide to draw from the facts as you determine them.

In determining the facts, you must rely upon your own recollection of the evidence. To aid your recollection, we will send you at the start of your deliberations a computerized and indexed version of all the exhibits. If you need to review particular items of testimony, we can also arrange to provide them to you in a computerized form that you can access.

Please remember that none of what the lawyers have said in their opening statements, in their closing arguments, in their objections, or in their questions, is evidence. Nor is anything I may have said evidence. The evidence before you consists of just three things: the testimony given by witnesses that was received in evidence, the exhibits that were received in evidence, and a few stipulations of the parties as to matters in evidence.

Testimony consists of the answers that were given by the witnesses to the questions that were permitted to be asked, either here in court, remotely by video, or in the depositions that were read into evidence. Please remember that questions, although they may provide the context for answers, are not themselves evidence; only answers are evidence, and you should therefore disregard any question to which I sustained an objection. Also, you may not consider any answer that I directed you to disregard or that I directed be stricken from the record. Likewise, you may not consider anything you heard about the contents of any exhibit that was not received in

evidence. Be careful not to speculate about matters not in evidence; your focus should be solely on the evidence that was presented here in Court.

It is the duty of the attorney for each side of a case to object when the other side offers testimony or other evidence that the attorney believes is not properly admissible. Counsel also have the right and duty to ask the Court to make rulings of law and to request conferences out of the hearing of the jury. All such questions of law must be decided by me. You should not show any prejudice against any attorney or party because the attorney objected to the admissibility of evidence, asked for a conference out of the hearing of the jury, or asked me for a ruling on the law.

Finally, I ask you to draw no inference from my rulings or from the fact that on occasion I asked questions of certain witnesses. My rulings were no more than applications of the law and my questions were only intended for clarification or to expedite matters. You should understand that I have no opinion as to the verdict you should render in this case.

## INSTRUCTION NO. 3

### Duty of Impartiality

You are to perform your duty of finding the facts without bias or prejudice or sympathy or hostility or any preconception whatsoever as to any party, for all parties are equal under the law. You are to perform your final duty in an attitude of complete fairness and impartiality. You are not to be swayed by rhetoric or emotional appeals. It must be clear to you that if you were to let extraneous considerations interfere with your thinking, there would be a risk that you would not arrive at a true and just verdict. So do not be guided by anything except clear thinking and calm analysis of the evidence.

INSTRUCTION NO. 4

Burden of Proof

As you know, this is a civil case. In order to prevail in a civil case, a party who is making a claim against another party has what we call the "burden of proof," which is the burden of establishing each of the essential elements of the claim. Here, the plaintiff, Sarah Palin, is making a single claim of libel against two defendants, James Bennet and The New York Times Company, who, the parties agree, are to be considered jointly. I will describe the four essential elements of that claim shortly, but for now please note that for the first two elements of her libel claim, the plaintiff must establish each element by what is called the "preponderance" of the credible evidence, but that with respect to the final two elements of her libel claim, the plaintiff must establish those elements by "clear and convincing evidence."

To establish an element of a claim by the "preponderance" of the credible evidence means to prove that the element is more likely true than not true. To establish an element by "clear and convincing evidence" means to prove that the element is highly probable. In either case, the burden of proof refers to the quality of the evidence, its persuasiveness in convincing you of its truth.

## INSTRUCTION NO. 5

### Direct and Circumstantial Evidence

In deciding whether a party meets its burden of proof, you may consider both direct evidence and circumstantial evidence.

Direct evidence is evidence that proves a fact directly. For example, where a witness testifies to what he or she saw, heard, or observed, that is called direct evidence.

Circumstantial evidence is evidence that tends to prove a fact by proof of other facts. To give a simple example, suppose that when you came into the courthouse today the sun was shining and it was a nice day, but the courtroom blinds were drawn and you could not look outside. Later, as you were sitting here, someone walked in with a dripping wet umbrella, and, soon after, somebody else walked in with a dripping wet raincoat. Now, on our assumed facts, you cannot look outside of the courtroom and you cannot see whether it is raining. So you have no direct evidence of that fact. But on the combination of the facts about the umbrella and the raincoat, it would be reasonable for you to infer that it had begun raining.

That is all there is to circumstantial evidence. Using your reason and experience, you infer from established facts the existence or the nonexistence of some other fact. Please note, however, it is not a matter of speculation or guess; it is a matter of logical inference.

The law makes no distinction between direct and circumstantial evidence. Circumstantial evidence is of no less value than direct evidence, and you may consider either or both, and may give them such weight as you conclude is warranted.

INSTRUCTION NO. 6

Witness Credibility

It must be clear to you by now that counsel for the opposing parties are asking you to draw very different conclusions about various factual issues in the case. An important part of that decision will involve making judgments about the testimony of the witnesses you have listened to and observed. In making these judgments, you should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, and any other matter in evidence that may help you to decide the truth and the importance of each witness's testimony.

Your decision to believe or to not believe a witness may depend on how that witness impressed you. How did the witness appear to you? Was the witness candid, frank, and forthright, or did the witness seem to be evasive or suspect in some way? How did the way the witness testified on direct examination compare with how the witness testified on cross-examination? Was the witness consistent, or contradictory? Did the witness appear to know what he or she was talking about? Did the witness strike you as someone who was trying to report his or her knowledge accurately? These are examples of the kinds of common-sense questions you should ask yourselves in deciding whether a witness is or is not truthful.

How much you choose to believe a witness may also be influenced by the witness's bias. Does the witness have a relationship with any of the parties that may affect how he or she testified? Does the witness have some interest, incentive, loyalty, or motive that might cause him or her to shade the truth? Does the witness have some bias, prejudice, or hostility that may cause the witness to give you something other than a completely accurate account of the facts he or she testified to?

You should also consider whether the witness had an opportunity to observe the facts he or she testified about, and whether the witness's recollection of the facts stands up in light of the other evidence in the case.

In other words, what you must try to do in deciding credibility is to size up a person just as you would in any important matter where you are trying to decide if a person is truthful, straightforward, and accurate in his or her recollection.

## INSTRUCTION NO. 7

### Depositions and Remote Testimony

Some of the testimony before you is in the form of a videotaped deposition that was received in evidence. A deposition is simply a procedure where prior to trial the attorneys may question a witness or an adversary party under oath before a court stenographer. You may consider the testimony of a witness given at a deposition according to the same standards you would use to evaluate the testimony of a witness given live at trial.

In addition, one witness testified remotely by video conference, as a consequence of the courthouse's COVID-19 protocols. You should consider this testimony according to the same standards you use to evaluate the testimony of the witnesses who testified here in the courtroom.

## INSTRUCTION NO. 8

### Corporations and Employer Liability

In this case, one of the defendants, the New York Times Company, is a corporation. The mere fact that one of the defendants is a corporation does not mean it is entitled to any lesser consideration by you. All litigants are equal before the law, and corporations, big or small, are entitled to the same fair consideration as you would give any other individual party.

Obviously, a corporation has no capacity to "think" or act except through its officers, employees, and other agents, and whether a corporation "knows," "intends," states, or does something is therefore a function of what the corporate officers, corporate employees, and other corporate agents know, intend, state, and do.

In this case, the parties agree that the relevant thoughts, actions and intentions are those of Mr. Bennet, which are then imputed to The New York Times Company as a matter of law. As a result, Mr. Bennet's thoughts, actions, and intentions apply equally to both defendants.

## II. LIABILITY

### INSTRUCTION NO. 9

### Libel in General

Applying the general principles that I have just discussed, you must now determine, in accordance with my instructions, whether the plaintiff has established her libel claim against the defendants. This is called "proving liability." For the reasons just discussed, if you find Mr. Bennet liable, you must find The New York Times Company liable. And if you find Mr. Bennet not-liable, you must also find The New York Times Company not-liable.

Ms. Palin's claim is for the wrong known as libel. A libel is a false statement about a person, in writing, that tends to expose the person to contempt, ridicule, disgrace, or public hatred.

As you know, the plaintiff, Sarah Palin, claims she was libeled by certain statements largely drafted by defendant James Bennet that appeared in a New York Times editorial entitled "America's Lethal Politics," that was published following the June 14, 2017 shooting of Congressman Steve Scalise. The editorial was published online by co-defendant the New York Times Company on the evening of June 14, 2017 and appeared in the print newspaper the following day. The portions of the editorial of which the plaintiff complains were part of two paragraphs that read:

*In 2011, when Jared Lee Loughner opened fire in a supermarket parking lot, grievously wounding Representative Gabby Giffords and killing six people, including a 9-year-old girl, the link to political incitement was clear. Before the shooting, Sarah Palin's political action committee circulated a map of targeted electoral districts that put Ms. Giffords and 19 other Democrats under stylized cross hairs.*

*Conservatives and right-wing media were quick on Wednesday to demand forceful condemnation of hate speech and crimes by anti-Trump liberals. They're right. Though there's no sign of incitement as direct as in the Giffords attack, liberals should of course hold themselves to the same standard of decency that they ask for the right.*

- 13 -

Here, the plaintiff argues that she was libeled by what she takes to be the assertion in the first paragraph that her political action committee's circulation of the so-called cross hairs map was clearly linked to political incitement of the 2011 shooting by Mr. Loughner of Ms. Giffords and others. Similarly, the plaintiff argues that she was further libeled by what she takes to be the assertion in the second paragraph that this link was "direct." I will refer to these two statements as the "challenged statements."

To establish her claim of libel, the plaintiff must prove to you the following four essential elements, with respect to either or both of the challenged statements:

(1) That the challenged statement you are considering was, in the context of the editorial as a whole, reasonably understood by the ordinary reader to be defamatory, meaning that it tended to injure the plaintiff's reputation by exposing her to ridicule, disgrace, contempt, or public hatred;

(2) That the challenged statement you are considering would reasonably be taken by the ordinary reader to refer to the plaintiff personally;

(3) That the challenged statement you are considering was materially false, meaning that it was substantially untrue; and

(4) That the defendants published the challenged statement you are considering with what is called "actual malice," a legal term that I will explain to you shortly.

In order to establish her claim, the plaintiff must prove the first two of these elements by a preponderance of the credible evidence, and she must prove the final two elements by clear and convincing evidence. Also, to find the defendants liable, you must be unanimously agreed that at least one of the two challenged statements meets all four of these required elements.

I will now describe each of these four essential elements in more detail.

INSTRUCTION NO. 10

First Element – Defamatory Meaning

The first question for you to decide is whether the plaintiff has proved that the ordinary reader of whichever of the two challenged statements you are considering would understand that statement, in the context of the editorial as a whole, to be defamatory. Overall, plaintiff claims that the challenged statements communicated to readers that Ms. Palin was clearly and directly responsible for helping to incite the January 2011 shootings by Mr. Loughner.

The plaintiff must prove this element by a preponderance of the evidence.

A statement is defamatory if it tends to expose the plaintiff to public hatred, contempt, ridicule or disgrace—that is, if it would tend to lead the average person in the community to form an evil or bad opinion of the plaintiff; or if it tends to discredit the plaintiff in the conduct of her occupation, profession, trade or office; or if it charges the plaintiff with a serious crime.

Not every unpleasant or uncomplimentary statement is defamatory. A statement that is merely unpleasant, offensive or embarrassing, or that hurts the plaintiff's feelings, is not necessarily defamatory. Because language often has different meanings, the law imposes upon the plaintiff the burden of proving that the statement about which plaintiff complains would in fact be understood by the ordinary reader as defamatory.

In focusing on one or the other of the two challenged statements, you should consider the statement in the context of the editorial as a whole, not just in isolation, and you should not impose an unfair or forced construction on the words used or take any word, phrase, or sentence out of context.

If you find that the plaintiff has proved that one or both of the challenged statements in the editorial would tend to expose the plaintiff to hatred, contempt, ridicule or disgrace-in the mind of

- 15 -

the ordinary reader of the statements, then you must find that the statement is defamatory and proceed to consider the remaining essential elements. But if you find that the plaintiff has not proved that either of the statements are defamatory, then you need go no further and must find the defendants not-liable.

INSTRUCTION NO. 11

Second Element – Of and Concerning the Plaintiff

The second element that the plaintiff must prove is that the given challenged statement you are considering was "of and concerning" Ms. Palin. In other words, Ms. Palin must prove that the ordinary reader of the editorial would reasonably have understood the challenged statement to refer to her personally.

The plaintiff must prove this element of her claim by a preponderance of the evidence.

The first challenged statement in the editorial states, among other things, that "Sarah Palin's political action committee circulated a map of targeted electoral districts," and the second challenged statement implicitly refers back to the same map. The plaintiff contends that this reference would be commonly understood by the ordinary reader to refer to Ms. Palin personally. By contrast, defendants argue that the editorial referred only to Ms. Palin's political action committee, SarahPAC, which the ordinary reader would understand is a distinct entity from Ms. Palin.

If you find that the plaintiff has proved that one or both of the challenged statements would be commonly understood by the ordinary reader to refer to Ms. Palin personally, then you must consider the remaining elements of her case. But if you find that the statements would not be commonly understood by the ordinary reader to refer to Ms. Palin personally, then you need proceed no further and must find the defendants not-liable.

INSTRUCTION NO. 12

Third Element – Material Falsity

The third element that the plaintiff must prove is that the challenged statement you are considering was in fact false.

Please note that the plaintiff must prove this element by clear and convincing evidence, that is, the plaintiff must prove that it is highly probable that the statement was false.

A statement is false if it is not substantially true. Minor inaccuracies in the statement may be disregarded in determining whether a statement is false.

You will determine from the evidence presented what the truth was and then compare that with the challenged statements in the editorial, taking the challenged statements according to the ordinary meaning of the words and considering the context in which those words appear and in the editorial as a whole.

If you find by clear and convincing evidence that one or both of the challenged statements were false, then you must proceed to consider the other elements of the plaintiff's case. But if you find that neither of the challenged statements was false, then you do not need to proceed further and must find the defendants not-liable.

- 18 -

## INSTRUCTION NO. 13

### Fourth Element – Actual Malice

The fourth element that the plaintiff must prove is called "actual malice," a legal term that concerns the defendants' state of mind, and specifically Mr. Bennet's state of mind, at the time the editorial was published. There are two aspects of actual malice, both of which the plaintiff must prove by clear and convincing evidence, that is they must be proved to be highly probable.

The first aspect of "actual malice" you must decide is whether, at the time the editorial was published, Mr. Bennet, and therefore The New York Times Company, (i) knew that either or both of the allegedly defamatory statements he had drafted were in fact false; or that, at a minimum, (ii) he consciously chose to recklessly disregard the high probability that they were false.

In considering Mr. Bennet's state of mind, you should consider all the evidence, including relevant inferences to be drawn therefrom. But also keep in mind that the plaintiff must prove what was in Mr. Bennet's mind by clear and convincing evidence. For example, with regard to "reckless disregard," it is not enough just to show that Mr. Bennet did not know, one way or the other, whether the challenged statement you are considering was true or false. Nor is it enough to prove that he was merely negligent regarding that statement's truth or falsity. For instance, a failure to sufficiently investigate or to research a particular point does not establish actual malice, unless the plaintiff has demonstrated that such inaction was a conscious, deliberate attempt to avoid confirming the statements' probable falsity. Even irresponsible reporting or a demonstrated failure to follow professional, journalistic standards does not, on its own, establish actual malice, unless the plaintiff has proved that there was a high probability that Mr. Bennet actually doubted the truth of the challenged statement you are considering and, nevertheless, consciously chose to disregard the high probability that the statement was false.

- 19 -

The second aspect of "actual malice" that you must decide is whether the plaintiff has proved by clear and convincing evidence that, if Mr. Bennet believed the challenged statement you are considering was false, he also either (i) intended that the statement to defame Ms. Palin, or (ii) acted in reckless disregard of whether the statement would defame Ms. Palin. As previously noted, "reckless disregard" is only satisfied if the plaintiff has proved that there was a high probability that Mr. Bennet had a high degree of awareness that ordinary readers would understand the challenged statements to convey that Ms. Palin bore clear or direct responsibility for causing Loughner to commit the Arizona shooting and proceeded to publish anyway.

If you find that the plaintiff has proved, by clear and convincing evidence, both of the two requirements of actual malice as to the challenged statement you are considering, then you must proceed to the issue of damages. But if you find that the plaintiff has failed to prove either or both of the requirements of actual malice as to the challenged statement you are considering, you must find the defendants not-liable

## III.    DAMAGES

### INSTRUCTION NO. 14

#### Compensatory and Nominal Damages

If you find that the plaintiff has proved all four essential elements of her libel claim as to one or both of the challenged statements, then you must determine the sum of money that must be paid by the defendants to the plaintiff as a result. These sums of money are called "damages," and the plaintiff bears the burden of proving the amount of her damages by a preponderance of the credible evidence.

Ms. Palin does not claim that she suffered any financial injury from the alleged libel, but she claims that she suffered reputational harm and the like. If you find that she has proved her claim of libel, you must then determine the amount of money (called "compensatory damages") that, in the exercise of your good judgment and common sense, you decide is fair and just compensation for the injury, if any, to the plaintiff's reputation and the humiliation and mental anguish in her public and private life that you find was caused by the challenged statement or statements that you determine constituted libel.

In fixing that amount, you should consider the plaintiff's standing in the community, the extent to which the challenged statements were circulated, the tendency of the challenged statements to injure a person such as Ms. Palin, and all of the other facts and circumstances in the case. These damages cannot be proved with mathematical accuracy. Fair compensation may vary, ranging from very little to a substantial sum.

In determining damages, you may not consider any injury to, or feelings of, her family, friends, business associates or relatives. It is only Ms. Palin's own injury, personal to her reputation, that may be compensated. Nor may you award damages for any damages the plaintiff

- 21 -

may have suffered to her reputation as a result of any other statements, articles, or publications made before or after the editorial at issue in this case, whether published by The New York Times Company or by another source.

If you find that the plaintiff has proved all four of the essential elements of her libel claim (that is, has proved liability) but has failed to prove any actual damages whatsoever, you must nevertheless award her the sum of one dollar. Such an award is called "nominal damages," and it is intended to confirm your judgment that, even if no damages were proved, liability was found.

## IV.   CONCLUDING INSTRUCTIONS

### INSTRUCTION NO. 15

Selection of Foreperson; Right to See Exhibits and Hear Testimony;
Communications with the Court

You will shortly retire to the jury room to begin your deliberations. As soon as you get to the jury room, please select one of your number as the foreperson, to preside over your deliberations and to serve as your spokesperson if you need to communicate with the Court.

You will be bringing with you into the jury room a copy of my instructions of law and a verdict form on which to record your verdict. In addition, we will send into the jury room a computerized and indexed version of all the exhibits that were admitted into evidence. If you want any of the testimony, that can also be provided in computerized form. But please remember that it is not always easy to locate what you might want, so be as specific as you possibly can be in requesting portions of testimony.

Any of your requests, in fact any communication with the Court, should be made to me in writing, signed by your foreperson, and given to the marshal, who will be available outside the jury room throughout your deliberations. After consulting with counsel, I will respond to any question or request you have as promptly as possible, either in writing or by having you return to the courtroom so that I can speak with you in person.

## INSTRUCTION NO. 16

### Verdict; Need for Unanimity; Duty to Consult

You should not, however, tell me or anyone else how the jury stands on any issue until you have reached your verdict and recorded it on your verdict form.

Each of you must decide the case for yourself, after consideration, with your fellow jurors, of the evidence in the case, and your verdict must be unanimous. In deliberating, bear in mind that while each juror is entitled to his or her opinion, you should exchange views with your fellow jurors. That is the very purpose of jury deliberation — to discuss and consider the evidence; to listen to the arguments of fellow jurors; to present your individual views; to consult with one another; and to reach a verdict based solely and wholly on the evidence.

If, after carefully considering all the evidence and the arguments of your fellow jurors, you entertain a conscientious view that differs from the others', you are not to yield your view simply because you are outnumbered. On the other hand, you should not hesitate to change or modify an earlier opinion that, after discussion with your fellow jurors, now appears to you erroneous.

In short, your verdict must reflect your individual views and it must also be unanimous.

This completes my instructions of law.