```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------
SARAH PALIN,

        Plaintiff,                    17-cv-4853 (JSR)

    -v-                               ORDER

THE NEW YORK TIMES COMPANY
and JAMES BENNET,

        Defendants.
------------------------------
```

JED S. RAKOFF, U.S.D.J.:

It is the Court's uniform practice after a verdict has been rendered in a jury trial to have the Court's law clerk inquire of the jury as to whether there were any problems understanding the Court's instructions of law, so that improvements can be made in future cases. Late yesterday, in the course of such an inquiry in this case -- in which the jury confirmed that they had fully understood the instructions and had no suggestions regarding jury instructions for future cases -- several jurors volunteered to the law clerk that, prior to the rendering of the jury verdict in this case, they had learned of the fact of this Court's Rule 50 determination on Monday to dismiss the case on legal grounds. These jurors reported that although they had been assiduously adhering to the Court's instruction to avoid media coverage of the trial, they had involuntarily received "push notifications" on their smartphones that contained the bottom-line of the ruling. The jurors repeatedly assured the Court's law

1

clerk that these notifications had not affected them in any way or played any role whatever in their deliberations.

The Court also notes that when it proposed to the parties, during oral argument on Monday morning, to render its Rule 50 decision later that day but to permit the jury to continue deliberating so that the Court of Appeals would have the benefit of both the Court's legal determination and the jury's verdict, no party objected to this plan. Nor did any party object when the Court reconvened later that day, outside the presence of the jury, and the Court indicated that it was prepared to issue a Rule 50 decision at that time. Indeed, no party objected to this procedure at any time whatever.

Nevertheless, in an excess of caution, the Court hereby brings the foregoing facts to the parties' attention. If any party feels there is any relief they seek based on the above, counsel should promptly initiate a joint phone conference with the Court to discuss whether any further proceedings are appropriate.

SO ORDERED.

New York, NY
February 16, 2022

JED S. RAKOFF, U.S.D.J.