```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

```
------------------------------------
SARAH PALIN,

        Plaintiffs,                    17-cv-4853 (JSR)

    -v-                                ORDER

THE NEW YORK TIMES COMPANY
and JAMES BENNET,

        Defendants.
------------------------------------
```

JED S. RAKOFF, U.S.D.J.:

    The Clerk is directed to docket the attached documents, to supplement the record in this case. Exhibit A is an instruction sent by email to members of the jury on Saturday, February 12, 2022 admonishing them again to avoid any media coverage of the trial. Exhibit B is correspondence between the Court and counsel for the parties regarding case law germane to Defendants' Rule 50 motion for judgment as a matter of law.

    SO ORDERED.

New York, NY
February 16, 2022

                                             JED S. RAKOFF, U.S.D.J.

EXHIBIT A

| | |
|---|---|
| **From:** | Nicholas Werle |
| **To:** | Rakoff NYSD Chambers |
| **Bcc:** | |
| **Subject:** | A message to the Jury from Judge Rakoff | Sarah Palin v. N.Y. Times & James Bennet (17-cv-4853) |
| **Date:** | Saturday, February 12, 2022 9:37:21 AM |

Dear Jurors -

Thank you for your attention to the trial this week and last. I am sure the case is on your mind, and that you are eager to continue your deliberations on Monday. Judge Rakoff asked me to remind you, however, of the instructions he gave earlier in the case:

It is your duty to remain focused solely on the evidence and arguments presented in the courtroom. Please avoid any media coverage of the trial. If you see something on TV, please change the channel; if you see something online, please navigate away. While the case is likely on your mind, your duty is not to speak about the case with anyone other than your fellow jurors, and then to do so only while you are assembled together in the deliberation room. Should a friend or family member bring up the case, please ask them not to speak about the case, or any of the issues it raises, in your presence.

Thank you again for your careful and diligent service throughout this trial. The Court, and the parties, are immensely grateful.

Best regards,
Nick Werle


Nicholas Werle
Law Clerk to the Hon. Jed S. Rakoff
U.S. District Court for the Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street – Room 1340
New York, NY 10007
Chambers: 212-805-0401

EXHIBIT B

| | |
|---|---|
| **From:** | Shane Vogt |
| **To:** | Brown, Jay Ward; Nicholas Werle; Axelrod, David L.; Schell, Jacquelyn N.; Ken Turkel |
| **Subject:** | RE: Palin v. NY Times \| 17-cv-4853 (JSR) \| Defendants" Citations in Support of Actual Malice Branch of JML |
| **Date:** | Sunday, February 13, 2022 11:51:29 AM |

**CAUTION - EXTERNAL:**

Mr. Werle:

The following is Plaintiff's list of key citations in opposition to Defendants' Rule 50 Motion argument on actual malice:

1. *Markowitz v. Republic Nat. Bank of New York*, 651 F.2d 825, 828 (2d Cir. 1981) (cited in *Contemporary Mission, Inc.*, 842 F.2d at 621-622).
2. *Loeb v. New Times Comm's Corp.*, 497 F.Supp. 85, 92-94 (S.D.N.Y. 1980).
3. *Celle v. Filipino Reporter Entreprises, Inc.*, 209 F.3d 163, 177-178 and 183-185 (2d Cir. 2000).
4. *Masson v. New Yorker Magazine, Inc.*, 501 U.S. 496, 520 (1991).
5. *Sharon v. Time, Inc.*, 599 F.Supp. 538, 580-581 and 585 (S.D.N.Y. 1984).
6. *Reeves v. Sanderson Plumbing Prods.*, 530 U.S. 133, 151-153 (2000).
7. *Lee v. McCue*, 2007 EWL 2231000, at *3 (S.D.N.Y. Jul. 25, 2007).
8. *Young v. Gannett Satellite Info. Network, Inc.*, 734 F.3d 544, 547-550 (7th Cir. 2013).
9. *Cotto v. Pabon*, 2008 WL 4962986, at *7-8 (S.D.N.Y. Nov. 20, 2008).
10. *Sparrow Fund Management, L.P. v. Mimdex Group, Inc.*, 2019 WL 8955307, at *5 (S.D.N.Y. Nov. 7, 2019).
11. *Kaytor v. Electric Boat Corp.*, 609 F.3d 537, 545-546 (2d Cir. 2010).
12. *Stern v. Cosby*, 645 F.Supp.2d 258, 280 n.14 (S.D.N.Y. 2009).

**From:** Brown, Jay Ward <brownjay@ballardspahr.com>
**Sent:** Sunday, February 13, 2022 10:04 AM
**To:** Nicholas Werle <Nicholas_Werle@nysd.uscourts.gov>; Axelrod, David L. <AxelrodD@ballardspahr.com>; Schell, Jacquelyn N. <SchellJ@ballardspahr.com>; Shane Vogt <svogt@tcb-law.com>; Ken Turkel <kturkel@tcb-law.com>
**Subject:** RE: Palin v. NY Times | 17-cv-4853 (JSR) | Defendants' Citations in Support of Actual Malice Branch of JML

Mr. Werle: Attached as a PDF please find defendants' list of key citations in support of the portion of their motion under Rule 50 relating to actual malice. If the Court prefers that this be formatted as a formal memorandum with caption and signature block, please just let me know. Thank you.

Respectfully,

**Jay Ward Brown**

**He/Him/His**
2021 Pro Bono Honor Roll – Gold
Ballard Spahr LLP
<u>1909 K Street, NW, 12th Floor</u>
<u>Washington, DC 20006-1157</u>
Direct <u>202.508.1136</u>
<u>brownjay@ballardspahr.com</u>
<u>www.ballardspahr.com</u>

---

**From:** Nicholas Werle <<u>Nicholas_Werle@nysd.uscourts.gov</u>>
**Sent:** Friday, February 11, 2022 6:21 PM
**To:** Axelrod, David L. (Phila) <<u>AxelrodD@ballardspahr.com</u>>; Schell, Jacquelyn N. (New York) <<u>SchellJ@ballardspahr.com</u>>; Brown, Jay Ward (DC) <<u>brownjay@ballardspahr.com</u>>; Shane Vogt <<u>svogt@tcb-law.com</u>>; Ken Turkel <<u>kturkel@tcb-law.com</u>>
**Subject:** RE: Palin v. NY Times | 17-cv-4853 (JSR) | Revised Jury instructions

Counsel –

Please provide the Court a link to the cloud fileshare directory where you have posted the exhibits admitted into evidence.

To clarify Judge Rakoff's statement from the bench: should either party wish to provide case citations concerning the pending Rule 50 motion as to the actual malice element, counsel may provide any relevant citations (including pincites and non-Faulknerian explanatory parentheticals) by Sunday at noon. You can send these to me by email, cc'ing opposing counsel. But please note that the Court is not looking for, and will not accept, briefs or written arguments on the motion.

Have a good weekend.

Thanks,
Nick

Nicholas Werle
Law Clerk to the Hon. Jed S. Rakoff
U.S. District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 1340
New York, NY 10007
Chambers: (212) 805-0401

<u>*Palin v. New York Times Co.*, 17-cv-4853 (JSR)</u>

## DEFENDANTS' CITATIONS IN SUPPORT OF THEIR<br>MOTION FOR JUDGMENT AS A MATTER OF LAW ON ACTUAL MALICE

**<u>Standard Under Rule 50 Where Heightened Burden of Proof Applies:</u>**

*Reeves v. Sanderson Plumbing Prods.*, 530 U.S. 133, 149-150 (2000) (standard for judgment as matter of law at conclusion of evidence "mirrors" summary judgment standard, and "court should render judgment as a matter of law when 'a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party'").

*Contemporary Mission v. N.Y. Times Co.*, 842 F.2d 612, 621-22 (2d Cir. 1988) ("where the factual dispute concerns whether a publisher acted with actual malice, 'the appropriate summary judgment question will be whether the evidence in the record could support a reasonable jury finding either that the plaintiff has shown actual malice by clear and convincing evidence or that the plaintiff has not,'" and "the judge must view the evidence presented through the prism of the substantive evidentiary burden") (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 254-56 (1986)).

*Bose Corp. v. Consumers Union of U.S., Inc.*, 466 U.S. 485, 511 (1984) (in public-figure defamation actions, "[j]udges, as expositors of the Constitution, must independently decide whether the evidence in the record is sufficient to cross the constitutional threshold that bars the entry of any judgment that is not supported by clear and convincing proof of 'actual malice'").

**<u>Plaintiff's Failure To Meet Burden To Prove Actual Malice:</u>**

*N.Y. Civ. Rights Law § 76-a(2)* (requiring defamation plaintiffs in cases such as this one to prove, by clear and convincing evidence, that defendant made statement at issue "with knowledge of its falsity or with reckless disregard of whether it was false").

<u>Palin v. New York Times Co.</u>, 17-cv-4853 (JSR)

**A.      Failure to prove knowledge of or reckless disregard of falsity**

*Sweeney v. Prisoners' Legal Servs.*, 84 N.Y.2d 786, 793 (1995) ("To satisfy the reckless disregard standard, plaintiff had to establish that defendants in fact 'entertained serious doubts as to the truth of the publication' or that they actually had a 'high degree of awareness of its probable falsity,'" and "defendants' failure to investigate cannot amount to 'purposeful avoidance' unless it evidences an intent to avoid the truth.  Absent some direct evidence that defendants in this case were aware that Mays' complaint was probably false, they cannot be found to have harbored an intent to avoid the truth." (internal quotations and citations omitted)).

*Harte-Hanks Commc'ns v. Connaughton*, 491 U.S. 657, 665, 681-82, 691-92 (1989) (holding that "public figure plaintiff must prove more than an extreme departure from professional standards[,] and [] a newspaper's motive in publishing a story – whether to promote an opponent's candidacy or to increase its circulation – cannot provide a sufficient basis for finding actual malice"; and affirming verdict for plaintiff where defendant had, before publication, interviewed multiple witnesses who contradicted challenged statement and had recording of interview of key witness to events that defendant did not review).

*Garrison v. Louisiana*, 379 U.S. 64, 75, 78-79 (1964) (actual malice standard requires more than absence of a "reasonable belief" in statement's truth and is "not keyed to ordinary care," because what First Amendment does not protect is not mere falsity, but only "calculated falsehood").

**B.      Failure to prove knowledge or reckless disregard of defamatory meaning**

*Palin v. N.Y. Times Co.*, 482 F.Supp.3d 208, 217-218 (S.D.N.Y. 2020) (Rakoff, J.) ("[w]here a plaintiff's defamation case depends on a statement that is capable of multiple meanings — one defamatory, the other innocuous — the plaintiff must prove that the defendant acted with actual malice not only with respect to the statement's falsity but also to its meaning").

<u>*Palin v. New York Times Co.*, **17-cv-4853 (JSR)**</u>

*Dodds v. ABC*, 145 F.3d 1053, 1064 (9th Cir. 1998) (reaffirming that plaintiff who is required to demonstrate actual malice must prove that defendant "actually intended to convey the defamatory impression" alleged).