UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SARAH PALIN, an individual, | No. 17 Civ. 4853 |
| Plaintiff, | Hon. Jed S. Rakoff |
| – against – | ECF Case |
| THE NEW YORK TIMES COMPANY, a New York corporation, and JAMES BENNET, an individual, | |
| Defendant. | |

**PLAINTIFF'S REPLY TO DEFENDANTS' OPPOSITION
TO PLAINTIFF'S POST-TRIAL MOTIONS**


TURKEL CUVA BARRIOS, P.A.
100 North Tampa Street, Suite 1900
Tampa, Florida 33602
Telephone: (813) 834-9191
Facsimile: (813) 443-2193

and

GOLENBOCK EISEMAN ASSOR BELL
& PESKOE LLP
711 Third Avenue
New York, NY 10017
Telephone: (212) 907-7300
Facsimile: (212) 754-0330
Facsimile: (212) 754-0330

*Attorneys for Plaintiff Sarah Palin*

# **TABLE OF CONTENTS**

Table of Contents ................................................................................................................. i

Table of Authorities ............................................................................................................ ii

ARGUMENT ....................................................................................................................... 1

CERTIFICATE OF SERVICE ............................................................................................ 8

# **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986) .................................................................. 3

*Arilo v. Lively*, 474 F.3d 46 (2d Cir. 2007) .................................................................................... 4

*Bibbins v. Dalsheim*, 21 F.3d 13 (2d Cir. 1994) ............................................................................. 5

*Galdieri-Ambrosini v. Nat'l Realty Dev. Corp.*, 136 F.3d 276 (2d Cir. 1998) .............................. 5

*In re Boston's Children First*, 244 F.3d 164 (1st Cir. 2001) .......................................................... 6

*In re Coudert Brothers, LLP*, 809 F.3d 94 (2d Cir. 2015) .............................................................. 2

*Kaytor v. Electric Boat Corp.*, 609 F.3d 537 (2d Cir. 2010) .......................................................... 3

*Lamborn v. Dittmer*, 726 F.Supp. 510 (S.D.N.Y. 1989) ................................................................. 2

*Lee v. McCue*, 2007 WL 2230100 (S.D.N.Y. Jul. 25, 2007) ........................................................... 3

*Ligon v. City of New York*, 736 F.2d 118 (2d Cir. 2013), *vacated in part on other grounds*, 743 F.3d 362 (2d Cir. 2014) ............................................................................ 1, 7

*Palin v. New York Times Co.*, 940 F.3d 804 (2d Cir. 2019) ................................................. 2, 3, 4

*Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133 (2000) ........................................... 3

*Restivo v. Hessemann*, 846 F.3d 547 (2d Cir. 2017) ..................................................................... 4

*Sharkey v. J.P. Mogan Chase & Co.*, 251 F.Supp.3d 626 (S.D.N.Y. 2017) .............................. 1, 2

*Village of Freeport v. Barrella*, 814 F.3d 594 (2d Cir. 2016) ...................................................... 4

*Williams v. Cnty. of Westchester*, 171 F.3d 98 (2d Cir. 1999) ...................................................... 3

*U.S. v. Amico*, 486 F.3d 764 (2d Cir. 2007) ............................................................................... 1, 2

*U.S. v. Ferguson*, 550 F.Supp. 1256 (S.D.N.Y. 1982) .................................................................. 2

*U.S. v. Microsoft Corp.*, 253 F.3d 34 (D.C. Cir. 2001) .................................................................. 6

*U.S. v. Yousef*, 327 F.3d 56 (2d Cir. 2003) .................................................................................... 1

**Page(s)**

**OTHER AUTHORITIES**

Federal Rule of Civil Evidence 606(b) ........................................................................................ 5

Federal Rule of Civil Procedure 12(d) ........................................................................................ 3

## ARGUMENT

The legitimacy of any judgment depends on the fairness of the process through which it is reached, both in perception[1] and reality[2]. As explained in Plaintiff's Omnibus Memorandum of Law [Doc. 198], the process through which the judgment in this case was reached failed in both respects. None of the arguments raised by Defendants in their Opposition [Doc. 201] can salvage it. The pertinent facts[3] and controlling law are largely undisputed, and Plaintiff's arguments convincingly demonstrate this case should be retried before a different judge.[4] Nevertheless, there are a few issues raised in Defendants' Opposition that bear mentioning.

***First***, Defendants seek to distract from the controlling inquiry on disqualification by re-framing Plaintiff's argument as a "statistical study" of her "disagreement" with this Court's "adverse rulings" [*see* Doc. 201 at pp. 39, 49]. Defendants' mischaracterization and compartmentalization of the facts improperly attempts to shift the focus from the forest to the trees. Plaintiff explained why an objective, disinterested observer fully informed of the ***totality of the***

---

[1] Judicial disqualification is based on the ***appearance*** of impartiality. *U.S. v. Amico*, 486 F.3d 764, 775 (2d Cir. 2007) (the test under Section 455(a) "deals exclusively with appearances" because "the protection of the public's confidence in the impartiality of the judiciary" is the paramount concern). "The Second Circuit applies this standard by asking whether 'an ***objective, disinterested observer*** fully informed of the underlying facts, [would] entertain significant doubt that justice would be done absent recusal,' or alternatively, whether a 'reasonable person, knowing all the facts,' would question the judge's impartiality.'" *Sharkey v. J.P. Morgan Chase & Co.*, 251 F.Supp.3d 626, 629 (S.D.N.Y. 2017) (citing *U.S. v. Yousef*, 327 F.3d 56, 169 (2d Cir. 2003) (emphasis added); *see also Ligon v. City of New York*, 736 F.3d 118, 123-127 (2d Cr. 2013), *vacated in part on other grounds*, 743 F.3d 362 (2d Cir. 2014).
[2] Grounds for a new trial include decisions and actions that affect the fairness of the proceeding. *See* Omnibus Memorandum of Law [Doc. 198] at pp. 8, 10-11, 15, 20.
[3] Obviously, the parties have differing views on how the facts should be interpreted and applied, but the pertinent facts upon which the Post-Trial Motions are based are largely uncontroverted.
[4] To be clear, Plaintiff disagrees with all of Defendants' arguments in opposition to her Post-Trial Motions. However, she is not specifically responding to most of them in this Reply because doing so would require her to repeat the positions already set forth in her Omnibus Memorandum [Doc. 198]. Instead, she incorporates all her arguments in Doc. 198 by reference as if fully set forth herein.

*circumstances* of this case[5] would question the Court's impartiality. *Sharkey*, 251 F.Supp.3d at 629. Defendants' arguments do not legitimately address or refute the appearance of partiality emanating from the totality of the circumstances.

**Second**, Defendants do not contest the established principle that where the question of recusal is a close call a court should disqualify itself. *Amico*, 486 F.3d at 775; *Lamborn v. Dittmer*, 726 F.Supp. 510, 518 (S.D.N.Y. 1989); *U.S. v. Ferguson*, 550 F.Supp. 1256, 1259-60 (S.D.N.Y. 1982).

**Third**, the Court did not carry out the letter of the Second Circuit's decision in *Palin v. New York Times Co.*, 940 F.3d 804 (2d Cir. 2019) (the "Mandate"), nor the "spirit of the mandate," including issues it "impliedly resolved." *In re. Coudert Brothers, LLP*, 809 F.3d 94, 98 (2d Cir. 2015). Moreover, the Court failed to follow the well-established principles of law set forth within the Mandate (even if they are considered dicta).[6] Defendants argue the Mandate is limited to

---

[5] As set forth in Plaintiff's Omnibus Memorandum of Law [Doc. 198], the totality of circumstances requiring disqualification include: (1) the Court's original premature adjudication of this case at the pleadings stage and subsequent failure to carry out the Second Circuit's decision in *Palin v. New York Times Co.*, 940 F.3d 804 (2d Cir. 2019) (the "Mandate") [Doc. 198 at pp. 5-8]; (2) the legally insufficient *voir dire* [Doc. 198 at pp. 8-10]; (3) the exclusion of crucial evidence of actual malice contrary to the Mandate and controlling law [Doc. 198 at pp. 10-12]; (4) requiring Plaintiff to prove actual malice as to defamatory meaning [[Doc. 198 at p. 6]; (5) requiring Plaintiff to prove actual malice under New York's anti-SLAPP law [Doc. 198 at p. 12]; (6) the erroneous oral and written Rule 50 decision [Doc. 198 at pp. 15-17, 23-34]; (7) the announcement of the Rule 50 decision during jury deliberations [Doc. 198 at pp. 17, 20-21]; (8) the erroneous instruction in response to the jury's February 15, 2022 question [Doc. 198 at pp. 17-20]; and (9) the Court's extra-judicial comments to a journalist about the jury's exposure to push notifications [Doc. 198 at pp. 21-23].

[6] Among other things, in its decisions before, during , and after trial, the Court: (1) accepted Bennet's testimony as true (*Palin*, 940 F.3d at 812 and n. 25); (2) excluded evidence surrounding Bennet's background (specifically including articles about the Loughner shooting published on *The Atlantic's* website while Bennet was its Editor-In-Chief, Bennet's brother, and their politics and opposition to Plaintiff and her views) and the drafting and editing process (*Id*. at 814-815); (3) accepted as true Bennet's testimony that he did not read the ABC News article hyperlinked in the Editorial (*Id.* at 815); and (4) concluded that a mistake is the only reasonable inference to be drawn from the swift correction of the Editorial (*Id.*).

pleadings issues [Doc. 201 at p. 4-7], but the Second Circuit's opinion contains numerous references to jury issues and issues of fact a jury must decide because the Times briefed and argued the dismissal should be affirmed on summary judgment grounds under Rule 12(d). *Palin*, 940 F.3d at 812. Even if the Mandate's prescriptions against the Court's adjudication of the facts of this case qualify as "dicta," the Court still committed fundamental error by failing to follow the well-established prohibitions referenced in the Mandate against weighing and construing evidence against a non-moving party and making credibility determinations solely within the jury's province. *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 150-153 (2000); *Kaytor v. Electric Boat Corp.*, 609 F.3d 537, 545-546 (2d Cir. 2010); *Lee v. McCue*, 2007 WL 2230100, *3 (S.D.N.Y. Jul. 25, 2007). "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge." *Reeves*, 530 U.S. at 150 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *see also Palin*, 940 F.3d at 812, n. 25.[7]

**Fourth,** the exclusion of crucial evidence of actual malice was not only contrary to the Mandate but based on the erroneous determinations that evidence concerning Bennet's brother was irrelevant and prejudicial and that *The Atlantic* articles could not be admitted unless Bennet admitted reading and remembering them when he rewrote the Editorial. [Doc. 198 at p. 11] The Mandate specifically addressed the relevancy of evidence concerning Bennet's brother. *Palin*,

---

[7] In response to Plaintiff's argument that the Rule 50 decision contradicted the Court's own summary judgment rulings [Doc. 198 at pp. 13, 25-34], Defendants claim summary judgment rulings are not binding at trial because they are usually based on documentary evidence and different evidence is often admitted at trial [Doc. 201 at pp. 30-31 (citing *Williams v. Cnty. of Westchester*, 171 F.3d 98, 102 (2d Cir. 1999) and *Anderson*, 477 U.S. at 251). This argument misses the mark because the Court's Rule 50 decision is based on the exact same documents and testimony that was presented at summary judgment.

3

940 F.3d at 814-815; Doc. 198 at pp. 5-6[8]. *The Atlantic* articles should have been admitted because Petitioner introduced evidence that Bennet regularly read *The Atlantic's* website and integrated blogs and the *Times* in 2011 [Tr. Tran. at 616:3-620:16; 621:7-9], admitted that he "must have read" some of the articles about this "big story" [*Id*. at 620:5-19] and articles about Loughner's "mental state" [*Id*. at 620:20-25], admitted he had a particular interest in political rhetoric and gun control, including moderating a gun control event at which Giffords spoke [*Id*. at 626:5-25], and was observed by a co-worker recalling articles from several years ago [*Id*. at 412:22-413:1]. The decision to exclude this highly relevant evidence of actual malice was contrary to well-established law and highly prejudicial to Plaintiff's case, thus constituting fundamental error requiring a new trial. *See e.g.*, *Village of Freeport v. Barrella*, 814 F.3d 594, 610-611 (2d Cir. 2016) (new trial appropriate where evidentiary rulings are a clear abuse of discretion and clearly prejudicial to the outcome of the trial); *Restivo v. Hessemann*, 846 F.3d 547, 573 (2d Cir. 2017) (citing *Arilo v. Lively*, 474 F.3d 46, 51 (2d Cir. 2007) (errors are prejudicial to the outcome of the trial where "the jury's judgment would be swayed in a material fashion by the error.").

***Fifth***, Defendants' argument that the Rule 50 decision was procedurally correct [Doc. 201 at pp. 26-28] completely ignores the importance of the ***timing*** of the decision. None of the cases cited by Defendants [Doc. 201 at pp. 26-27] support the procedure employed in ***this*** case, where

---

[8] Defendants incorrectly claim Plaintiff makes no argument about why the exclusion of evidence concerning Bennet's brother was improper [Doc. 201 at p. 13]. Plaintiff explains in her Omnibus Memorandum of Law [Doc. 198 at p. 6, n. 3] that evidence concerning Bennet's brother was improperly excluded because such evidence "demonstrated Bennet 'in particular was more likely than the average editor-in-chief to know the truth about the Loughner shooting because he had reason to be personally hostile toward Palin, her political party, and her pro-gun stance,' are 'relevant to the credibility of Bennet's testimony that he was unaware of facts published on his watch relating to the Loughner shooting and that he made a mistake when he connected [Plaintiff] to that shooting,' which '[w]hen properly viewed in the plaintiff's favor, a reasonable factfinder could conclude this amounted to more than a mistake due to a research failure.'"

the Court publicly announced its Rule 50 decision in a highly publicized proceeding **before** the jury reached its verdict. Defendants' reliance on His Honor's use of a supposedly similar procedure over two decades ago in a **non**-high-profile proceeding is entirely misplaced. [Doc. 201 at p. 28 (citing *Galdieri-Ambrosini v. Nat'l Realty Dev. Corp.*, 136 F.3d 276 (2d Cir. 1998))]. There is no indication in the *Galdieri-Ambrosini* decision that the plaintiff made an argument on appeal about the impropriety of the *timing* of the Court's Rule 50 decision, and the opinion implicitly recognizes that announcing a Rule 50 decision **before** a verdict is improper: "However, the court noted this Court's prior observations that even if the trial judge has such a view at the close of the evidence, the prudent course of action is to submit the case to the jury and to ***grant judgment as a matter of law, if necessary, after the verdict has been returned***, so that if the court of appeals eventually determines that judgment should not have been granted as a matter of law, the need for a second trial will be avoided." 136 F.3d at 282 (emphasis added).

**Sixth**, Defendants (like the Court) improperly rely on some jurors' supposed insistence that the push notifications did not impact their decision in support of the contention that the verdict is legitimate [Doc. 201 at p.p. 22-23]. However, this continues to ignore the well-established prohibition of any inquiry into and the disclosure of "the effect of anything on [a] juror's or another juror's vote." *Bibbins v. Dalsheim*, 21 F.3d 13, 17 (2d Cir. 1994). It also ignores Rule 606(b) and the "objective test" applied to assess the likelihood that extraneous information "would affect a typical juror." *Bibbins*, 21 F.3d at 17. Learning the presiding judge determined a case has no merit is the type of information that would affect a typical juror—and Defendants offer no valid argument to the contrary.

**Seventh**, Defendants overlook the importance of the connection between the jury's exposure to push notifications about the Rule 50 decision on the evening of January 14, 2022 and

the erroneous instruction they were given about sufficient evidence of actual malice the following morning [Doc. 198 at pp. 17-21].  The improper timing of the Rule 50 decision led to the jury's exposure to the push notifications about the dismissal, which was followed by the patently improper instruction about sufficient evidence of actual malice, and naturally led to a defense verdict soon thereafter.  Each of these errors was fundamental, and independently and collectively they are sufficient to warrant a new trial.  These errors would also reasonably lead a disinterested, objective observer to conclude that the Court influenced the outcome of the case, and therefore warrant disqualification.  It is unreasonable (if not naïve) to suggest that a juror would not be influenced by a news alert that the presiding judge is dismissing the case they are deliberating ***and*** an instruction from the same judge that the defendants' own testimony is not sufficient evidence against him on a crucial element of the plaintiff's claim.

***Eighth***, the circumstances surrounding and substance of the Court's comments to *Bloomberg* give rise to an appearance of partiality requiring disqualification.  The Court defended the timing and substance of its Rule 50 decision to *Bloomberg* before informing counsel about the jury's exposure to push notifications.  The Court's comments were indeed about the "merits" of the case, not mere "explanations of court procedures" [Doc. 201 at p. 45] or "purely procedural matters." *U.S. v. Microsoft Corp.*, 253 F.3d 34, 112 (D.C. Cir. 2001).  Moreover, the Court's intent in making comments to *Bloomberg* is irrelevant because "[i]t is no excuse that the judge may have intended to 'educate' the public about the case or to 'rebut misconceptions' purportedly caused by the parties." *Id.*[9]  In fact, "[b]ecause there is no scienter requirement in Section 455, the test is not how a judge intended his remarks to be understood, but whether, as a result of the interviews or

---

[9] Comments to the press that reasonably be construed as defending the Court's rulings create an appearance of partiality. *In re Boston's Children First*, 244 F.3d 164, 170 (1st Cir. 2001).

extra-judicial statements, the appearance of impartiality might reasonably be questioned." *Ligon*, 736 F.3d at 126-127.

| | |
|---|---|
| Dated:  April 19, 2022. | */s/ Shane B. Vogt*<br>Kenneth G. Turkel (admitted *pro hac vice*)<br>Email:  kturkel@tcb-law.com<br>Shane B. Vogt (admitted *pro hac vice*)<br>Email:  svogt@tcb-law.com<br>TURKEL CUVA BARRIOS, P.A.<br>100 North Tampa Street, Suite 1900<br>Tampa, Florida 33602<br>Telephone:  (813) 834-9191<br>Facsimile: (813) 443-2193<br><br>Michael M. Munoz<br>E-mail:  mmunoz@golenbock.com<br>GOLENBOCK EISEMAN ASSOR BELL<br>& PESKOE LLP<br>711 Third Avenue<br>New York, NY  10017<br>Telephone:  (212) 907-7300<br>Facsimile: (212) 754-0330<br><br>*Attorneys for Plaintiff* |

**CERTIFICATE OF SERVICE**

  I hereby certify that Plaintiff's Reply to Defendants' Opposition to Plaintiff's Post-Trial Motions was filed electronically on April 19, 2022.  This Notice will be sent by operation of the Court's electronic filing system to counsel of record for all parties as indicated on the electronic filing receipt.  Parties and their counsel may access this filing through the Court's system.

             */s/ Shane B. Vogt*
             Attorney

8