# ATTACHMENT 1

**PLAINTIFF'S NOTICE OF FILING IN SUPPORT OF MEMORANDUM OF LAW ON POST-TRIAL MOTIONS**

| | |
|---|---|
| **From:** | Katarina Resar Krasulova |
| **To:** | Rakoff NYSD Chambers; Ken Turkel; Shane Vogt; schulzd@ballardspahr.com; brownjay@ballardspahr.com; O"Laughlin, Andy; axelrodd@ballardspahr.com; Ellsworth, Felicia H; schellj@ballardspahr.com; Gayla Arnold |
| **Subject:** | Palin v. The New York Times Company, 17-cv-04853 [Preliminary Jury Instructions] |
| **Date:** | Sunday, April 13, 2025 6:27:25 PM |
| **Attachments:** | 2025.04.13. Palin Preliminary Instructions as of 6pm.pdf |

Counsel,

Please find enclosed the preliminary jury instructions. The Court will hear argument about the instructions at 9:30am tomorrow morning (04/14).

Best,

Katarina

**Katarina Resar Krasulova**
**Law Clerk to the Hon. Jed S. Rakoff**
United States District Court
Southern District of New York
500 Pearl Street – Room 1340
New York, NY 10007
Chambers: (212) 805-0401

```
    Sarah Palin                            PRELIMINARY INSTRUCTION
        -v-
                                           17-cv-4853 (JSR)
The New York Times Co. & James
          Bennet
```

To the jury:

    Before we hear counsel's opening statements and begin to hear the evidence, I would like to give you a brief overview of this case and focus your attention on one of the main factual debates that you will be asked to resolve. After you have heard all the evidence and the parties have made their closing arguments, I will give you detailed instructions of law that will displace these preliminary comments and will govern your deliberations. But for now, it may be useful to give you a quick overview that may help focus your evaluation of the evidence.

    This is an action for libel, also commonly referred to as defamation. A libel is a false statement, in writing, about the plaintiff that tends to expose the plaintiff to public hatred, contempt, ridicule or disgrace. The plaintiff here is Sarah Palin, the former governor of Alaska and a former vice-presidential candidate. One of the defendants, The New York Times Company, is a media company that publishes *The New York Times* newspaper. The other defendant, James Bennett, is a journalist who at most of the times relevant to this case was the Editor of the Opinion Section of *The New York Times*.

    Back on January 8, 2011, a man named Jared Loughner attacked a political event in Tucson, Arizona hosted by Democratic Congressperson Gabrielle Giffords, killing six persons and severely wounding 13 others, including Congressperson Giffords. More than six years later, on June 14, 2017, a man named James Hodgkinson attacked a group of Republican members of Congress practicing for an annual Congressional baseball game in Arlington, Virginia, shooting four people including Congressperson Steve Scalise. Later that same day, members of *The New York Times* Opinion staff drafted an editorial entitled "America's Lethal Politics," that was published in the newspaper's on-line edition late that evening and in the newspaper's print edition the following morning. It is this editorial that contained the statements that Ms. Palin claims libeled her.

The full editorial, which the parties have stipulated will be introduced in evidence, is attached hereto as Exhibit A. However, the portions of which Ms. Palin chiefly complains appeared in two paragraphs that read:

> *"In 2011, when Jared Lee Loughner opened fire in a supermarket parking lot, grievously wounding Representative Gabby Giffords and killing six people, including a 9-year-old girl, the link to political incitement was clear. Before the shooting, Sarah Palin's political action committee circulated a map of targeted electoral districts that put Ms. Giffords and 19 other Democrats under stylized cross hairs.*
>
> *Conservatives and right-wing media were quick on Wednesday to demand forceful condemnation of hate speech and crimes by anti-Trump liberals. They're right. Though there's no sign of incitement as direct as in the Giffords attack, liberals should of course hold themselves to the same standard of decency that they ask for the right."*

Co-defendant Bennett was principally responsible for these paragraphs.

Around 11:15 a.m. on June 15, 2017, the Times published a revised digital version of the editorial and added a correction to the end of it that read:

> "***Correction: June 15, 2017***
> *An earlier version of this editorial incorrectly stated that a link existed between political incitement and the 2011 shooting of Representative Gabby Giffords. In fact, no such link was established."*

Later, on June 16, 2017, the Times also published a correction at the bottom of the Editorial Page in the printed edition that read:

> "***CORRECTION***
> *An editorial on Thursday about the shooting of Representative Steve Scalise incorrectly stated that a link existed between political rhetoric and the 2011 shooting of Representative Gabby Giffords. In fact, no such link was established. The editorial also*

2

> *incorrectly described a map distributed by a political action committee before that shooting. It depicted electoral districts, not individual Democratic lawmakers, beneath stylized cross hairs."*

Against this background, a primary debate between the parties is over whether Mr. Bennett, when he drafted and caused to be published the words in the editorial suggesting a "clear" and "direct" link between the shooting of Congressperson Giffords and the circulation of the "cross hairs" map by "Sarah Palin's political action committee" was acting with what the law calls "actual malice." To prove this essential element of her claim, Ms. Palin will have to prove that it was highly probable that at the time of publication Mr. Bennett either actually knew that these statements were false or knew that there was a high risk that the statements were false but intentionally chose to disregard that risk.

This is not the only issue in this case nor all that Ms. Palin must prove to prevail on her claim: but it is an issue that is likely to be the subject of much of the evidence and argument that you are about to hear, and that is why I wanted to focus your attention on it from the outset. But please remember that this Preliminary Instruction is simply a brief and partial overview. At the start of your deliberations, I will give you more complete and detailed instructions that will replace this overview and will govern your deliberations.

Judge Rakoff