# ATTACHMENT 8

**PLAINTIFF'S NOTICE OF FILING IN SUPPORT OF MEMORANDUM OF LAW ON POST-TRIAL MOTIONS**

| | |
|---|---|
| **From:** | Shane Vogt |
| **To:** | Brown, Jay Ward; Katarina Resar Krasulova; Rakoff NYSD Chambers; Ken Turkel; O"Laughlin, Andy; Axelrod, David L.; Ellsworth, Felicia H; Schell, Jacquelyn N.; Gayla Arnold; David Hayes; Sullivan, Thomas B. |
| **Subject:** | RE: Palin v. The New York Times Company, 17-cv-04853 |
| **Date:** | Monday, April 21, 2025 8:12:00 PM |

Plaintiff's request that the underlined language is used in Instruction No. 8.

---

**From:** Brown, Jay Ward <brownjay@ballardspahr.com>
**Sent:** Monday, April 21, 2025 8:03 PM
**To:** Katarina Resar Krasulova <Katarina_Krasulova@nysd.uscourts.gov>; Rakoff NYSD Chambers <RakoffNYSDChambers@nysd.uscourts.gov>; Ken Turkel <kturkel@tcb-law.com>; Shane Vogt <svogt@tcb-law.com>; O'Laughlin, Andy <Andy.OLaughlin@wilmerhale.com>; Axelrod, David L. <AxelrodD@ballardspahr.com>; Ellsworth, Felicia H <Felicia.Ellsworth@wilmerhale.com>; Schell, Jacquelyn N. <SchellJ@ballardspahr.com>; Gayla Arnold <garnold@tcb-law.com>; David Hayes <dhayes@tcb-law.com>; Sullivan, Thomas B. <SullivanT@ballardspahr.com>
**Subject:** RE: Palin v. The New York Times Company, 17-cv-04853

Dear Katarina:

In response to Judge Rakoff's request that defendants submit via email a response to plaintiff's suggestion that, in Instruction No. 8 (Libel In General), the description of the actual malice element be based on the language of New York's anti-SLAPP statute rather than on case law, defendants note the following:

The relevant portion of the anti-SLAPP statute provides as follows:

> In an action involving public petition and participation, damages may only be recovered if the plaintiff, in addition to all other necessary elements, shall have established by clear and convincing evidence that any communication which gives rise to the action <u>was made with knowledge of its falsity or with reckless disregard of whether it was false</u>, where the truth or falsity of such communication is material to the cause of action at issue.

N.Y. Civ. Rights Law § 76-a(2) (emphasis added); *see also Palin v. N.Y. Times Co.*, 510 F. Supp. 3d 21, 29 (S.D.N.Y. 2020) ("N.Y. Civil Rights Law § 76-a, as amended on November 10, 2020, applies to this action and requires plaintiff, as a matter of state law, to prove by clear and convincing evidence . . . that defendants made the allegedly defamatory statements in the Editorial 'with knowledge of [their] falsity or with reckless disregard of whether [they were] false'—that is, with actual malice.").

We think that the Court's current wording of that element in Instruction No. 8 tracks the language of the statute accurately, but if the Court prefers a literal quotation, defendants do not object to the underlined portion from the statute being used in Instruction No. 8.

Respectfully,

**Jay Ward Brown**
**He/Him/His**

2024 Pro Bono Honor Roll – Gold

1909 K Street, NW, 12th Floor
Washington, DC 20006-1157
202.508.1136 DIRECT

brownjay@ballardspahr.com
VCARD

www.ballardspahr.com

---

**From:** Katarina Resar Krasulova <Katarina_Krasulova@nysd.uscourts.gov>
**Sent:** Monday, April 21, 2025 7:02 AM
**To:** Rakoff NYSD Chambers <RakoffNYSDChambers@nysd.uscourts.gov>; Ken Turkel <kturkel@tcb-law.com>; Schulz, David A. <SchulzD@ballardspahr.com>; Brown, Jay Ward <brownjay@ballardspahr.com>; Shane Vogt <svogt@tcb-law.com>; O'Laughlin, Andy <Andy.OLaughlin@wilmerhale.com>; Axelrod, David L. <AxelrodD@ballardspahr.com>; Ellsworth, Felicia H <Felicia.Ellsworth@wilmerhale.com>; Schell, Jacquelyn N. <SchellJ@ballardspahr.com>; Gayla Arnold <garnold@tcb-law.com>; David Hayes <dhayes@tcb-law.com>
**Subject:** Palin v. The New York Times Company, 17-cv-04853

⚠ **EXTERNAL**

Dear Counsel,

    The draft charge sent to you last night assumed arguendo that all five elements of plaintiff's claim of libel were still in legitimate dispute at this time.  However, at the charging conference, if not earlier, the Court will hear argument as to whether this is really so.  This might lead, for example, to a revision of the overall description of plaintiff's claim to read something like this:

> *A libelous statement is an intentionally false and defamatory statement about a person. Here, the Times admitted shortly after the editorial was published that it contained two untrue statements of fact [quote the corrections]. However, only the first of these two statements is the subject of Ms. Palin's libel claim. As to that statement, the remaining disputes are first, whether at the time the editorial was published the ordinary reader would have regarded the statement as being about Ms. Palin personally,  and, second, whether when Mr. Bennet drafted the challenged version of the editorial, he either knew this statement was false or purposely disregarded the high probability that it was false. [The instructions would then go on to*

***discuss just these two contested elements.]***

Sincerely,

Katarina

**Katarina Resar Krasulova**
**Law Clerk to the Hon. Jed S. Rakoff**
United States District Court
Southern District of New York

500 Pearl Street – Room 1340
New York, NY 10007
Chambers: (212) 805-0401