# ATTACHMENT 9

**PLAINTIFF'S NOTICE OF FILING IN SUPPORT OF
MEMORANDUM OF LAW ON POST-TRIAL MOTIONS**

| | |
|---|---|
| **From:** | Katarina Resar Krasulova |
| **To:** | Rakoff NYSD Chambers; Ken Turkel; schulzd@ballardspahr.com; brownjay@ballardspahr.com; Shane Vogt; O"Laughlin, Andy; axelrodd@ballardspahr.com; Ellsworth, Felicia H; schellj@ballardspahr.com; Gayla Arnold; David Hayes |
| **Subject:** | Palin v. The New York Times Company, 17-cv-04853 [Jury Charge as of 04/21/2025] |
| **Date:** | Monday, April 21, 2025 10:48:07 PM |
| **Attachments:** | 2025.04.22. - Palin v. NYT - Final Jury Instructions as of 10 40pm.docx |

Counsel,

Attached is the latest draft of the Court's instructions of law incorporating the edits already discussed in court this afternoon and also making a few changes in the remaining instructions, which will be further discussed tomorrow morning. With respect to the defendants' suggestion for expanding the discussions of "preponderance of the evidence" and "clear and convincing evidence," the Court believes that its prior wording is preferable and that the suggested additions are more confusing than helpful.

Sincerely,

Katarina

**Katarina Resar Krasulova**
**Law Clerk to the Hon. Jed S. Rakoff**
United States District Court
Southern District of New York
500 Pearl Street – Room 1340
New York, NY 10007
Chambers: (212) 805-0401

DRAFT 4/21/2025 as of 10:40 pm.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

SARAH PALIN,

       Plaintiff,

       -v-

THE NEW YORK TIMES COMPANY and
JAMES BENNET,

       Defendants.

17-cv-4853 (JSR)

THE COURT'S INSTRUCTIONS OF LAW TO THE JURY

## I.     GENERAL INSTRUCTIONS

1.  Duty of the Court

2.  Duty of the Jury

3.  Duty of Impartiality

4.  Burden of Proof

5.  Direct and Circumstantial Evidence

6.  Witness Credibility

7.  Deposition

## II.     LIABILITY

8.  Libel in General

9.  First Element – About the Plaintiff

10. Second Element – Material Falsity

11. Third Element – Defamatory Meaning

12. Fourth Element – Actual Malice

## III.     DAMAGES

13. Compensatory and Nominal Damages

## IV.     CONCLUDING INSTRUCTIONS

14. Selection of Foreperson; Right to See Exhibits and Hear Testimony; Communications with the Court

15. Verdict; Need for Unanimity; Duty to Consult

DRAFT 4/21/2025 as of 10:40 pm.

# I.     <u>GENERAL INSTRUCTIONS</u>

<u>INSTRUCTION NO. 1</u>

<u>Duty of the Court</u>

We are now approaching the most important part of this case, your deliberations. You have heard all the evidence in the case, as well as the final arguments of the lawyers for the parties. Before you retire to deliberate, it is my duty to instruct you as to the law that will govern your deliberations. These are the final and binding instructions, which entirely replace the preliminary instruction I gave you earlier. As I told you at the start of this case, and as you agreed, it is your duty to accept my instructions of law and apply them to the facts as you determine them.

Regardless of any opinion that you may have as to what the law may be or ought to be, it is your sworn duty to follow the law as I give it to you. Also, if any attorney or other person has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow.

Because my instructions cover many points, I have provided each of you with a copy of them not only so that you can follow them as I read them to you now but also so that you can have them with you for reference throughout your deliberations. In listening to them now and reviewing them later, you should not single out any particular instruction as alone stating the law, but you should instead consider my instructions as a whole.

INSTRUCTION NO. 2

Duty of The Jury

Your duty is to decide the fact issues in the case and arrive, if you can, at a verdict. You, the members of the jury, are the sole and exclusive judges of the facts. You pass upon the weight of the evidence; you determine the credibility of the witnesses; you resolve such conflicts as there may be in the testimony; and you draw whatever reasonable inferences you decide to draw from the facts as you determine them.

In determining the facts, you must rely upon your own recollection of the evidence. To aid your recollection, we will provide you with access to all the exhibits, along with an index to help you locate what you want. If you need to review particular items of testimony, we can arrange to provide them to you as well.

Please remember that none of what the lawyers have said in their opening statements, in their closing arguments, in their objections, or in their questions, is evidence. Nor is anything I may have said evidence. The evidence before you consists of just three things: the testimony given by witnesses that was received in evidence (including any testimony by deposition), the exhibits that were received in evidence, and any stipulations of the parties that were received in evidence.

Testimony consists of the answers that were given by the witnesses to the questions that were permitted. Please remember that questions, although they may provide the context for answers, are not themselves evidence; only answers are evidence, and you should therefore disregard any question to which I sustained an objection. Also, you may not consider any answer that I directed you to disregard or that I directed be stricken from the record. Likewise, you may not consider anything you heard about the contents of any exhibit that was <u>not</u> received in

DRAFT 4/21/2025 as of 10:40 pm.

evidence. Furthermore, you should be careful not to speculate about matters not in evidence; your focus should be entirely on the evidence that was presented here in Court.

It is the duty of the attorney for each side of a case to object when the other side offers testimony or other evidence that the attorney believes is not properly admissible. Counsel also have the right and duty to ask the Court to make rulings of law and to request conferences at the side bar out of the hearing of the jury. All such questions of law must be decided by me. You should not show any prejudice against any attorney or party because the attorney objected to the admissibility of evidence, asked for a conference out of the hearing of the jury, or asked me for a ruling on the law.

I also ask you to draw no inference from my rulings or from the fact that on occasion I asked questions of certain witnesses. My rulings were no more than applications of the law and my questions were only intended for clarification or to expedite matters. You are expressly to understand that I have no opinion as to the verdict you should render in this case.

DRAFT 4/21/2025 as of 10:40 pm.

INSTRUCTION NO. 3

Duty of Impartiality


You are to perform your duty of finding the facts without bias or prejudice as to any party. You are to perform your final duty in an attitude of complete fairness and impartiality. You are not to be swayed by rhetoric or emotional appeals.

It must be clear to you that if you were to let bias, or prejudice, or fear, or sympathy, or any other irrelevant consideration interfere with your thinking, there would be a risk that you would not arrive at a true and just verdict. So do not be guided by anything except clear thinking and calm analysis of the evidence.

DRAFT 4/21/2025 as of 10:40 pm.

INSTRUCTION NO. 4

Burden of Proof

As you know, this is a civil case. In order to prevail in a civil case, a party who is making a claim against another party has what we call the "burden of proof," which is the burden of establishing each of the essential elements of the claim. Here, the plaintiff, Sarah Palin, is making a single claim of libel against two defendants, James Bennet and The New York Times Company, who, the parties agree, are to be considered jointly. Specifically, the parties agree that if you find Mr. Bennet liable, you must find The New York Times Company liable; and if you find Mr. Bennet not liable, you must find The New York Times Company not liable.

I will shortly describe the four essential elements of Ms. Palin's claim, but for now please note that Ms. Palin bears the burden of proof, which means that she has to establish all four elements of her claim in order to prevail.

DRAFT 4/21/2025 as of 10:40 pm.

INSTRUCTION NO. 5

Direct and Circumstantial Evidence

In deciding whether a party meets its burden of proof, you may consider both direct evidence and circumstantial evidence.

Direct evidence is evidence that proves a fact directly. For example, where a witness testifies to what he or she saw, heard, or observed, that is called direct evidence.

Circumstantial evidence is evidence that tends to prove a fact by proof of other facts. To give a simple example, suppose that when you came into the courthouse today the sun was shining and it was a nice day, but the courtroom blinds were drawn and you could not look outside. Later, as you were sitting here, someone walked in with a dripping wet umbrella, and, soon after, somebody else walked in with a dripping wet raincoat. Now, on our assumed facts, you cannot look outside of the courtroom and you cannot see whether it is raining. So you have no direct evidence of that fact. But on the combination of the facts about the umbrella and the raincoat, it would be reasonable for you to infer that it had begun raining.

That is all there is to circumstantial evidence. Using your reason and experience, you infer from established facts the existence or the nonexistence of some other fact. Please note, however, that it is not a matter of speculation or guess; it is a matter of logical inference.

The law makes no distinction between direct and circumstantial evidence. Circumstantial evidence is of no less value than direct evidence, and you may consider either or both, and may give them such weight as you conclude is warranted.

DRAFT 4/21/2025 as of 10:40 pm.

INSTRUCTION NO. 6

Witness Credibility

It must be clear to you by now that counsel for the opposing parties are asking you to draw very different conclusions about various factual issues in the case. Deciding these issues will involve making judgments about the testimony of the witnesses you have listened to and observed. In making these judgments, you should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, and any other matter in evidence that may help you to decide the truth and the importance of each witness's testimony.

Your decision to believe or to not believe a witness may depend on how that witness appeared to you. How did the witness appear? Was the witness candid, frank, and forthright, or did the witness seem to be evasive or suspect in some way? How did the way the witness testified on direct examination compare with how the witness testified on cross-examination? Was the witness consistent or contradictory? Did the witness appear to know what he or she was talking about? Did the witness strike you as someone who was trying to report his or her knowledge accurately? These are examples of the kinds of common-sense questions you should ask yourselves in deciding whether a witness is or is not truthful.

How much you choose to believe a witness may also be influenced by the witness's predisposition. Does the witness have a relationship with any of the parties that may affect how he or she testified? Does the witness have some incentive, loyalty, or motive that might cause him or her to shade the truth? Does the witness have some bias, prejudice, or hostility that may cause the witness to give you something other than a completely accurate account of the facts he or she testified to?

- 9 -

DRAFT 4/21/2025 as of 10:40 pm.

As to all witnesses, you should also consider whether a witness had an opportunity to observe the facts he or she testified about and whether the witness's recollection of the facts stands up in light of the other evidence in the case.

In other words, what you must try to do in deciding credibility is to size up a person just as you would in any important matter where you are trying to decide if a person is truthful, straightforward, and accurate in his or her recollection.

DRAFT 4/21/2025 as of 10:40 pm.

INSTRUCTION NO. 7

Deposition

Some of the testimony before you is in the form of a videotaped deposition that was received in evidence. A deposition is simply a procedure where prior to trial the attorneys for either side may question a witness under oath before a court reporter. You may consider the testimony of a witness given at a deposition according to the same standards you would use to evaluate the testimony of a witness given live at trial.

## II.  __LIABILITY__

### INSTRUCTION NO. 8

### Libel in General

Applying the general principles that I have just discussed, you must now determine, in accordance with my instructions, whether the plaintiff has established her libel claim against the defendants. This is called "proving liability." For the reasons already discussed, if you find Mr. Bennet liable, you must find The New York Times Company liable. And if you find Mr. Bennet not-liable, you must also find The New York Times Company not-liable.

Ms. Palin's claim is for the wrong known as libel. A libelous statement is an intentionally false statement of fact about a person, in writing, that tends to expose the person to public contempt, aversion, ridicule or disgrace. As you know, the plaintiff, Sarah Palin, claims she was libeled by certain statements drafted or approved by defendant James Bennet that appeared in a New York Times editorial entitled "America's Lethal Politics," that was published following the June 14, 2017 shooting of Congressman Steve Scalise. The editorial was published online by co-defendant The New York Times Company on the evening of June 14, 2017 and appeared in the print newspaper the following day. The portions of the editorial of which the plaintiff complains were parts of two paragraphs that read:

> *In 2011, when Jared Lee Loughner opened fire in a supermarket parking lot, grievously wounding Representative Gabby Giffords and killing six people, including a 9-year-old girl, the link to political incitement was clear. Before the shooting, Sarah Palin's political action committee circulated a map of targeted electoral districts that put Ms. Giffords and 19 other Democrats under stylized cross hairs.*

> *Conservatives and right-wing media were quick on Wednesday to demand forceful condemnation of hate speech and crimes by anti-Trump liberals. They're right. Though there's no sign of incitement as direct as in the Giffords attack, liberals should of course hold themselves to the same standard of decency that they ask for the right.*

Here the plaintiff argues that she was libeled by the statement in the first paragraph that there was a clear link between Mr. Loughner's 2011 shooting and "political incitement" generated by the cross hairs map circulated by Ms. Palin's political action committee. Similarly, plaintiff argues that she was further libeled by what she takes to be the statement in the second paragraph that this link was "direct." It has been already determined as a matter of law that these statements fundamentally amount to a factual assertion that the circulation of the cross hairs map was linked in some way to the Loughner shooting. I will refer to this as the "challenged statement."

To find the defendants liable, you must be unanimously agreed that Ms. Palin has proved that this challenged statement meets all four of the following essential elements:

(1) That the challenged statement would be regarded by the ordinary reader as a statement about or regarding Ms. Palin personally;

(2) That the challenged statement was substantially false;

(3) That the challenged statement was defamatory, in that, if it were to be taken as true, it would likely subject Ms. Palin to public contempt, aversion, ridicule, or disgrace; and

(4) That the challenged statement was drafted by Mr. Bennet with "actual malice," in that he either knew the statement was false or acted in reckless disregard of whether it was false, meaning that he knew that there was a high probability that it was false but consciously chose to disregard that risk.

The first and third of these elements must be proved by a preponderance of credible evidence, meaning that the plaintiff must establish that these elements are more likely true than not true. However, the plaintiff must prove the second and fourth of the elements by the higher standard of clear and convincing evidence, meaning that the plaintiff must show that there is a high probability that these elements are true.

I will now describe each of these four essential elements in more detail.

INSTRUCTION NO. 9

First Element – About the Plaintiff

The first element that Ms. Palin must prove, by a preponderance of the evidence, is that the ordinary reader of the editorial would reasonably have understood the challenged statement to be about or regarding Ms. Palin personally.

The editorial states, among other things, that "Sarah Palin's political action committee circulated a map of targeted electoral districts." The plaintiff contends that this reference would be commonly understood by the ordinary reader to refer to activity that Ms. Palin took or approved personally. By contrast, defendants argue that the editorial referred only to Ms. Palin's political action committee, which the ordinary reader would understand to be a distinct entity from Ms. Palin personally.

DRAFT 4/21/2025 as of 10:40 pm.

INSTRUCTION NO. 10

Second Element – Material Falsity

The second element that Ms. Palin must prove is that the challenged statement was in fact materially false. A statement is materially false if it is not substantially true. In other words, minor inaccuracies in the statement may be disregarded in determining whether a statement is false.

Please note that the plaintiff must prove this element by clear and convincing evidence.

DRAFT 4/21/2025 as of 10:40 pm.

INSTRUCTION NO. 11

Third Element – Defamatory Meaning

Because a statement can have different meanings, the law imposes upon the plaintiff the burden of proving that the challenged statement is not only false but, if taken as true, is defamatory, that is, would be understood by the ordinary reader to expose the plaintiff to public contempt, aversion, ridicule or disgrace. In focusing on the challenged statement, you should consider the statement in the context of the editorial as a whole. The plaintiff must prove this element by a preponderance of the evidence.

DRAFT 4/21/2025 as of 10:40 pm.

INSTRUCTION NO. 12

Fourth Element – Actual Malice

The fourth element that the plaintiff must prove is called "actual malice," a legal term that concerns the defendants' state of mind, and specifically Mr. Bennet's state of mind, at the time he drafted the editorial in the form that it was originally published. You only reach this element if you have already determined that Ms. Palin has met her burden of proving the other three essential elements already discussed. Furthermore, this element must be proved by clear and convincing evidence.

To decide whether Mr. Bennet acted with "actual malice" you must decide whether, at the time he drafted the editorial, Mr. Bennet either actually knew that the challenged statement was false or recklessly disregarded whether it was false, meaning that he knew there was a high probability that it was false but consciously chose to disregard that risk.

In considering Mr. Bennet's state of mind, you should consider all the evidence, including relevant inferences to be drawn therefrom. But also keep in mind that the plaintiff must prove what was in Mr. Bennet's mind by clear and convincing evidence, that is, the evidence must show with a high probability that Mr. Bennet, at the time of the publication of the challenged statement, had the required intent to qualify for actual malice. For example, with regard to "reckless disregard," it is not enough just to show that Mr. Bennet did not know, one way or the other, whether the challenged statement was true or false. Nor is it enough to prove that he was merely negligent regarding that statement's truth or falsity. For instance, a failure to sufficiently investigate or to research a particular point does not establish actual malice unless the plaintiff has demonstrated that such inaction was a conscious, deliberate attempt to avoid confirming the statement's probable falsity. Even irresponsible reporting or a demonstrated failure to follow professional, journalistic

standards does not, on its own, establish actual malice, unless the plaintiff has proved that there was a high probability that Mr. Bennet actually doubted the truth of the challenged statement and, nevertheless, consciously chose to disregard the high probability that the statement was false.

### III.    **DAMAGES**

INSTRUCTION NO. 13

Compensatory and Nominal Damages

If, but only, you find that the plaintiff has proved all four essential elements of her libel claim as to the challenged statement, then you must determine the sum of money that must be paid by the defendants to the plaintiff as a result.  These sums of money are called "damages," and the plaintiff bears the burden of proving the amount of her damages by a preponderance of the credible evidence.

Ms. Palin does not claim that she suffered any financial injury from the alleged libel, but she claims that she suffered public reputational harm and private mental anguish. If you find that she has proved her claim of libel, you must then determine the amount of money (called "compensatory damages") that, in the exercise of your good judgment and common sense, you decide is fair and just compensation for the injury, if any, to the plaintiff's public reputation and private mental anguish that you find was caused by the challenged statement.

In fixing that amount, you should consider the plaintiff's standing in the community, the extent to which the challenged statement was circulated, the tendency of the challenged statement to injure a person such as Ms. Palin, and all of the other facts and circumstances in the case. The amount of such damages cannot be proved with mathematical accuracy but is left to your good judgment. However, in determining damages, you may not consider any injury to, or feelings of, her family, friends, business associates or relatives. It is only Ms. Palin's own injury, personal to her, that may be compensated.

DRAFT 4/21/2025 as of 10:40 pm.

If you find that the plaintiff has proved all four of the essential elements of her libel claim as to the challenged statement but has failed to prove any actual damages whatsoever, you must nevertheless award her the sum of one dollar. Such an award is called "nominal damages," and it is intended to confirm your judgment that, even if no damages were proved, liability was found.

DRAFT 4/21/2025 as of 10:40 pm.

## IV.     **<u>CONCLUDING INSTRUCTIONS</u>**

<u>INSTRUCTION NO. 14</u>

<u>Selection of Foreperson; Right to See Exhibits and Hear Testimony;</u>
<u>Communications with the Court</u>

You will shortly retire to the jury room to begin your deliberations. As soon as you get to the jury room, please select one among you as the foreperson, to preside over your deliberations and to serve as your spokesperson if you need to communicate with the Court.

You will be bringing with you into the jury room a copy of my instructions of law and a verdict form on which to record your verdict. In addition, we will provide you with access to all the exhibits that were admitted into evidence, together with an index. If you want any of the testimony provided, that can also be done upon your request, either in transcript or readback form. But please remember that it is not always easy to locate what you might want, so be as specific as you possibly can be in requesting portions of the testimony.

**All of your requests, in fact any communication with the Court, should be made to me in writing, signed by your foreperson, and given to the marshal**, who will be available outside the jury room throughout your deliberations. After consulting with counsel, I will respond to any question or request you have as promptly as possible, either in writing or by having you return to the courtroom so that I can speak with you in person.

DRAFT 4/21/2025 as of 10:40 pm.

INSTRUCTION NO. 15

Verdict; Need for Unanimity; Duty to Consult

You should not, however, tell me or anyone else how the jury stands on any issue until you have reached your verdict and recorded it on your verdict form.

Each of you must decide the case for yourself, after consideration, with your fellow jurors, of the evidence in the case, and your verdict must be unanimous. In deliberating, bear in mind that while each juror is entitled to his or her opinion, you should exchange views with your fellow jurors. That is the very purpose of jury deliberation — to discuss and consider the evidence; to listen to the arguments of fellow jurors; to present your individual views; to consult with one another; and to reach a verdict based solely and wholly on the evidence.

If, after carefully considering all the evidence and the arguments of your fellow jurors, you entertain a conscientious view that differs from the others', you are not to yield your view simply because you are outnumbered. On the other hand, you should not hesitate to change an earlier opinion that, after discussion with your fellow jurors, now appears to you erroneous.

In short, your verdict must reflect your individual views and must also be unanimous.

This completes my instructions of law.